UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV01665 (RMU) |
| ) | |
| DISTRICT OF COLUMBIA, ET AL., ) | |
| ) | |
| Defendants ) | |

**MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND**

Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Leonard H. Becker, Elizabeth J. Branda, Catherine L. Kello, and Lallah Shiskevish (collectively referred to herein as "Bar Defendants"), through undersigned counsel pursuant to Federal Rule Civil Procedure 6(b), respectfully requests that the Court extend Bar Defendants' time to answer or otherwise respond to the Complaint in the above-captioned case for thirty (30) days from the date which each such defendant, respectively, would otherwise have been required to answer or respond.

Pursuant to LCvR 7.1(m) counsel for the Bar Defendants has consulted with Plaintiff. Plaintiff refuses to consent to a thirty (30) day extension of time in which to answer or otherwise respond (Attachment A).

Given the complicated procedural history of Richardson's previous litigation involving the same claims at issue here, discussed below, additional time is needed to investigate potential motions and defenses to the present Complaint. The additional time is also appropriate to give the Court time to (1) consider the transfer of this case to, <u>e.g.</u>, Judge Huvelle pursuant to the Bar Defendants' Notice of Related Case, and (2) to give the Court time to consider taking *sua sponte* action, as Judge Huvelle did in *Richardson v. District of Columbia, et al.*, No. 1:05CV0021.

This motion is timely. Plaintiff apparently served his complaint by certified mail. Not all Bar Defendants have received their service copy; those that have received their copy have not exceeded the time permitted to answer or otherwise respond.

In support of their Motion, the Bar Defendants state as follows:

1. On September 28, 2006, Plaintiff filed the instant suit. This action is the latest in a long series of collateral challenges to bar disciplinary proceedings dating back more than fifteen years. In 1990, Richardson was suspended from the practice of law in Florida for 91 days for charging an excessive fee. *See Florida Bar v. Richardson*, 574 So.2d 60 (Fla.1990) (revised opinion of February 14, 1991). He then attempted to bring a collateral attack against that Florida suspension in the U.S. District Court for the District of Columbia, "challeng[ing] the procedures and results of the Florida disciplinary proceedings on federal antitrust and constitutional grounds." That complaint was dismissed for lack of subject matter jurisdiction under the so-called *Rooker-Feldman* doctrine. *Richardson v. Florida Bar*, No. 90-984, 1990 WL 116727 (D.D.C. May 15,1990) ("*Richardson I-A*"). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (holding that federal district courts cannot sit in appeal of the highest court of a state) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1980) (holding that federal district courts have no jurisdiction over challenges to state bar disciplinary proceedings).

3. As a result of the Florida suspension, and in accordance with the recommendation of its Board on Professional Responsibility ("the Board"), the District of Columbia Court of Appeals imposed reciprocal discipline on Richardson in the form of a 91-day suspension. *See In re Richardson*, 602 A.2d 179 (D.C. 1992) ("*Richardson I-B*"). The court was unpersuaded by his collateral attacks on the Florida disciplinary actions, which included: (a) a claim that he was denied due process and equal protection in the makeup and deliberation of the Florida grievance

v.

committee; (b) an attack on the subject matter jurisdiction of the Florida probate court that originally found he had charged excessive fees; and (c) an allegation that the Florida Supreme Court denied due process by considering improper evidence.  *See id*. at 180.

4. While a separate complaint for charging excessive fees was pending before the Florida Bar, Richardson filed a petition for resignation to the Supreme Court of Florida.  *See Florida Bar v. Richardson*, 604 So.2d 489 (Fla. 1992).  *See also In re Richardson*, 692 A.2d 427 (D.C. 1997) ("*Richardson IV-A*").  The court granted his request, with leave to seek reinstatement upon demonstration of fitness to practice law after three years.

5. On June 27, 1995, over Richardson's objection, the D.C. Court of Appeals imposed a temporary interim suspension so that the Board could consider whether reciprocal discipline should be imposed in D.C.  *In the Matter of Richardson*, No. 95-BG-639 (D.C. June 27, 1995) ("*Richardson II-A*").  *See also Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) ("*Richardson II-D*").

6. Richardson then filed his second suit in U.S. District Court for the District of Columbia, arguing that the interim suspension violated his right to due process.  *See Richardson v. District of Columbia Court of Appeals*, No. 95-CV-1272 (August 1, 1995) ("*Richardson II-B*").  That case was dismissed under *Rooker-Feldman*.  Richardson unsuccessfully petitioned this Court for a writ of *mandamus*.  *See In re Richardson*, No. 95-5241 (D.C. Cir. Aug. 10, 1995) ("*Richardson II-C*").  This Court later affirmed the dismissal in *Richardson II-D*.

7. On December 29, 1995, the United States Court of Appeals for the District of Columbia disbarred Richardson based on the Florida resignation.  *See In re Richardson*, No. 95-8519 (D.C. Cir. Dec. 29, 1995).  His D.C. disciplinary matter ("*Richardson II-A*") was still pending, and the D.C. Court of Appeals imposed a second temporary suspension to consider

v.

whether additional reciprocal discipline should be imposed based on this D.C. Circuit's action. *See* Order, *Richardson II-C* (March 12, 1996). Undeterred by the outcome in *Richardson II-B*, Richardson filed another District Court action (his third overall) challenging the second interim suspension order. *See Richardson v. D.C. Court of Appeals*, 962 F. Supp. 1 (D.D.C. Mar 27, 1997) ("*Richardson II-F*"). In that case, this Court recognized that Richardson was "trying to get, at the very least, a second bite at the apple. Having previously been rebuffed by Judge Hogan [in *Richardson II-B*] and the D.C. Circuit [in *Richardson II-D*], Plaintiff has attempted to bring the same action again." 962 F. Supp. at 2. The Court warned Richardson that frivolous and repetitive litigation would subject him to sanctions. *Id*. On appeal, the D.C. Circuit summarily affirmed the dismissal under *Rooker-Feldman* because Richardson's allegations were "inextricably intertwined" with the previous D. C. Court of Appeals decisions. *See Richardson v. District of Columbia Court of Appeals*, No. 97-7085, 1997 WL 811754 (D.C. Cir. Dec. 9, 1997) ("*Richardson II-G*").

8.      In May 1996, the D.C. Office of Bar Counsel ("Bar Counsel") began investigating allegations that Richardson had continued to practice law despite the D.C. Court of Appeals interim suspension orders. During the investigation, Bar Counsel obtained a copy of a check Richardson had written for a C.L.E. class. Richardson sued the D.C. Bar, two employees of the Office of Bar Counsel, and the Clerk of the D. C. Court of Appeals in District Court for "invasion of privacy and injunctive relief." *See* Complaint, *Richardson v. District of Columbia Bar*, No. 96-CV-2286 (D.D.C. filed Oct. 2, 1996) ("*Richardson III-A*"). The suit alleged that the Defendants mishandled or improperly disclosed that check. That case was dismissed, and on appeal the D.C. Circuit summarily affirmed the dismissal. *See Richardson v. District of Columbia Bar*, No. 97-7051, 1997 WL 404321 (D.C. Cir. June 30, 1997) ("*Richardson III-B*").

4

v.

Unhappy with the dismissal, Richardson filed a substantially similar suit in D.C. Superior Court, naming several bar employees as defendants. *See Richardson v. George Washington Univ.*, No. CA98-7961 (D.C. Super. Ct.) ("*Richardson III-C*") (pending).

9. During the contempt proceeding, Richardson returned to this Court to sue the D.C. Court of Appeals. *See Richardson v. D.C. Court of Appeals*, No. 97-CV-1594 (D.D.C. July 17, 1997) ("*Richardson III-D*"). This complaint was dismissed, and the D.C. Circuit affirmed under *Rooker-Feldman*. *See Richardson v. D.C. Court of Appeals*, No. 97-7242 (D.C. Cir. Sept. 16, 1998) ("*Richardson III-E*"). In that same matter, the D.C. Circuit granted sanctions against Richardson, stating: "Appellant's repeated attempts to litigate claims concerning his disbarment proceedings in the federal courts even though the federal courts lack jurisdiction under the *Rooker-Feldman* doctrine . . . warrant sanctions." Order, *Richardson III-E* (Mar. 25, 1999).

10. On March 6, 1998, Richardson was convicted of criminal contempt for violating the interim suspension order. *See In re Richardson*, 759 A.2d 649, 651 (D.C. 2000) ("*Richardson III-F*") (affirming conviction). Contesting his conviction before the D.C. Court of Appeals, Richardson *again* raised procedural and due process objections to the underlying interim suspension orders. However, the D.C. Court of Appeals treated those issues as *res judicata*. *Id*. at 654. Richardson also complained that disclosures of his bank records violated his Fourth and Fifth Amendment rights, but the court found those arguments meritless. *Id*. at 654-55.

11. Richardson challenged that conviction in a habeas corpus action. *See Richardson v. Court Services and Offender Supervision Agency for D.C.*, No. 99-657 (D.D.C. Jul. 11, 2001) ("*Richardson III-G*") (appeal dismissed by the D.C. Circuit, *Richardson v. D.C. Court Services & Offender Supervision Agency*, No. 01-7135 (D.C. Cir. Jan. 10, 2002) ("*Richardson III-H*")).

v.

In that action, again, Richardson tried to attack the underlying interim suspension orders and the related contempt investigation. *See* Memorandum Order, *Richardson III-G* (filed Jul. 31, 2001) (denying Richardson's motion to reconsider). Again, Richardson was instructed that federal courts do not have jurisdiction to review those matters. *Id*.

12. After determining that the Florida resignation was discipline, the Board recommended that the D.C. Court of Appeals impose final reciprocal discipline. *See In re Richardson*, 692 A.2d 427, 428-29 (D.C. 1997) ("*Richardson IV-A*"). After hearing Richardson's arguments to the contrary, the D.C. Court of Appeals agreed with the Board and suspended Richardson from the practice of law for three years, with the added condition that he must demonstrate his fitness to practice before being readmitted. *Id*. at 436. The United States Supreme Court denied Richardson's petition for certiorari. *See In re Richardson*, 522 U.S. 118 (Feb. 23, 1998) (petition denied), 522 U.S. 1103 (April 27, 1998) (petition for rehearing denied).

13. In 2004, Richardson filed yet another suit in this Court challenging his suspensions. *See* Complaint, *Richardson v. District of Columbia Court of Appeals*, No. 04-101 (D.D.C. filed Jan. 21, 2004) ("*Richardson IV-B*"). The court *sua sponte* ordered him to show cause why his case should not be dismissed for lack of subject matter jurisdiction. *See* Order, *id*. (filed March 10, 2004). On March 31, the court dismissed his action with prejudice. *See* Memorandum and Opinion, *id*. (filed March 31, 2004). Richardson filed a "Motion for Reconsideration and Vacate Order of Dismissal" (June 24, 2004; denied June 25, 2004) but never appealed the adverse decision.

14. More than six months later, Richardson filed another action in this Court "for fraudulent misrepresentation and the wrongful and conspiratorial suspension of the plaintiff's license to practice law." *See* Complaint, *Richardson v. District of Columbia*, No. 05-210

(D.D.C. filed Jan. 28, 2005) (Appendix G).  The Court again ordered Richardson, *sua sponte*, to show cause why his case should not be dismissed for lack of subject matter jurisdiction.  *See* Order to Show Cause (February 2, 2005) (Appendix A).  Richardson moved for "More Definite Statement or to Vacate Order to Show Cause" (filed Feb. 10, 2005; denied Feb. 11, 2005 (Appendix B); Mot. for Recons. denied Feb. 17, 2005), then filed a "Motion for Extension [of time to respond] and for Evidentiary Hearing" (filed Mar. 2, 2005).  The Court granted his request for extension of time, but denied his request for an evidentiary hearing.  *See* Order (Mar. 3, 2005) (Appendix D).

15. Richardson finally filed his response on March 21, 2005, attempting to distinguish that action from the previous suits.  The Court was not persuaded and dismissed his complaint on March 30, 2005 (Mot. for Recons. denied Apr. 18, 2005) (Appendix E).  The case was summarily affirmed.  *See Richardson v. District of Columbia*, No. 05-7078 (D.C. Cir.).

16. In this action, Richardson seeks, "post-judgment relief seeking the reinstatement of [Plaintiff's] dismissed habeas corpus petition," Compl. ¶ 1, and alleges various "related civil rights violations."  Id.  Specifically, Plaintiff is apparently seeking the reversal of Judge Robertson's July 10, 2001 order dismissing Plaintiff's habeas petition.  *See Richardson v. Court Services and Offender Supervision Agency for D.C.*, No. 99-657 (D.D.C. Jul. 11, 2001) ("*Richardson III-G*") (appeal dismissed by the D.C. Circuit, *Richardson v. D.C. Court Services & Offender Supervision Agency*, No. 01-7135 (D.C. Cir. Jan. 10, 2002) ("*Richardson III-H*")).

17. Richardson also alleges that his civil rights were violated in connection with the investigation that resulted in the suspension of his license to practice law in the District of Columbia.  Compl. ¶¶ 71-91.  These claims also appear to have been previously litigated in the

7

v.

numerous actions discussed above, including most recently *Richardson v. District of Columbia, et al.*, No. 1:05CV0021.

18.     Given the complicated procedural history of Richardson's previous litigation involving the same claims at issue here, additional time is needed to investigate potential motions and defenses to the present Complaint. The additional time is also appropriate to give the Court time to (1) consider the transfer of this case to, <u>e.g.</u>, Judge Huvelle, and (2) to give the Court time to consider taking *sua sponte* action, as Judge Huvelle did in *Richardson v. District of Columbia, et al.*, No. 1:05CV0021.

19.     The requested extension will not cause prejudice to Plaintiff and will not unduly delay the adjudication of the case.

WHEREFORE, the Bar Defendants requests a thirty (30) day extension of time to answer or otherwise plead to Plaintiff's Complaint.

Respectfully submitted,

<u>/s/ Timothy K. Webster</u>
Timothy K. Webster (D.C. Bar No. 441297)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

Dated: October 20, 2006

Counsel for Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Leonard H. Becker, Elizabeth J. Branda, Catherine L. Kello, and Lallah Shiskevish

8

v.


v.

# CERTIFICATE OF SERVICE

I hereby certify that the following parties were served via first class mail, postage prepaid, on October 20, 2006:

| | |
|---|---|
| T. Carlton Richardson<br>*Pro se* | 1505 Pennsylvania Avenue, SE<br>Washington, D.C.  20003-3117 |
| District of Columbia | Honorable Anthony A. Williams, Mayor<br>1350 Pennsylvania Avenue, NW, 6th Floor<br>Washington, D.C. 20004<br><br>Honorable Robert J. Spagnoletti<br>Attorney General<br>1350 Pennsylvania Avenue, NW, 6th Floor<br>Washington, D.C. 20004 |
| D.C Court of Appeals | 500 Indiana Avenue, N.W.<br>Washington, D.C.  20001 |
| Court Services & Supervision Agency for D.C. | 1418 Good Hope Road, SE<br>Washington, D.C.  20020 |
| Donna M. DeSilva | 2550 M Street, N.W.<br>Washington, D.C.  20037 |

/s/ Timothy K. Webster

**Webster, Timothy K.**

**From:** RICHARDSONTC47@aol.com
**Sent:** Thursday, October 19, 2006 7:27 PM
**To:** Webster, Timothy K.
**Subject:** Re: Richardson v. District of Columbia, No. 1:06CV01665

FR: Bro. (Dr.) T. Carlton Richardson, Plaintiff
TO: Dr. Webster, Esq., Attorney for Defendants
RE: Richardson/D.C. Bd. on Professional Responsibility, Shipp, Becker, Branda,
    Kello   & Shiskevish, No. CA 06-01665

_____

My Dear Brother, Dr. Webster:

   Thanks for the written request for consent to a 30-day extension to file a response.  Under no circumstances will I communicate with you orally, *except* to discuss settlement of this case.  That said, my brother, the consent is DENIED.

   Be encouraged and blessed. Pray for me!!!

10/20/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV01665 (RMU) |
| | ) |
| DISTRICT OF COLUMBIA, ET AL., | ) |
| | ) |
| Defendants | ) |

**ORDER GRANTING MOTION FOR EXTENSION**
**OF TIME TO ANSWER OR OTHERWISE RESPOND**

For good cause shown, the Motion of Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Leonard H. Becker, Elizabeth J. Branda, Catherine L. Kello, and Lallah Shiskevish to extent the time to answer or otherwise respond to the Complaint in the above-captioned case for thirty (30) days from the date which each such defendant, respectively, would otherwise have been required to answer or respond is hereby GRANTED.

SO ORDERED, this _____ day of _____, 2006

_____
Richardo M. Urbina
United States District Judge