RECEIVED
U.S. DISTRICT COURT
2006 NOV -8 AM 12: 16
NANCY M. MAYER-WHITTINGTON
CLERK

# UNITED STATES DISTRICT COURT, DISTRICT OF COLUMIA

| | | |
|---|---|---|
| T. CARLTON RICHARDSON, | | |
| Plaintiff. | | |
| vs. | ) | No. **06CV01665 [RMU]** |
| District of Columbia, et al., | ) | |
| Defendants. | ) | |

## OPPOSITION TO MOTION TO EXCEED RESPONSE DEADLINE AND FOR REASSIGNMENT TO JUDGE HUVELLE[1]

■ **Preface/Background.** Defendants are all present or former employees or existing agencies or divisions of the District of Columbia government and thus the District of Columbia is *de jure* the *only* defendant. That said, plaintiff opposes the motion for several reasons, that: (1) it is untimely; (2) it is in fact an answer to the Complaint (and should be treated as such) and an opposition to plaintiff's suggestion for case reassignment to Judge Robertson; and (3) it is frivolous filed to delay the plaintiff in the prosecution of his rights and to obfuscate the substantive and procedural nature of this action.

All movant-defendants represented by Dr. Webster, Esq. received their summonses and complaints *on or before* October 3, 2006 meaning that the return date at the latest was **October 23, 2006**. By email dated October 19, 2006, four days before the deadline, Dr. Webster requested plaintiff's consent to a 30-day extension to November 23, 2006 and a response by October 20, 2006. Plaintiff dutifully responded the same day, October 19, 2006, denying his consent [App 1: Motion for Extension et al (10/20/06)].

Having given 'lip-service' to the local rule requiring obtaining consent from the opposing party, movant-defendants simultaneously filed a notice of 22 (twenty-two) related cases some before this court, the D.C. Court of Appeals and the Florida Supreme Court. However, defendants omitted the *seminal* case

---

[1] *Emphasis* supplied and citations are to the F.R.Civ.P. unless otherwise stated.

related to this civil action: *T. Carlton Richardson v. District of Columbia Court of Appeals*, CA No. 95-1272 (Hogan, J.). As grounds for an extension, defendants argue,

> [g]iven the *complicated* procedural history of Richardson's *previous* litigation involving the *same* claims at issue here, *discussed* below, additional time is needed to investigate *potential motions* and *defenses* to the present Complaint.

■ **Untimeliness and *De Facto* Answer.** Movant-defendants are sued individually and jointly as their liabilities may appear. While finding time to research and schedule 22 related cases, they had no time to determine whether they are liable for or agree to Richardson's claims in Count 1, to set aside the dismissal judgment in his habeas corpus proceedings and in Count 2, for violation of Richardson's civil rights in the particulars stated. It does not take a 'rocket scientist' to review and respond the claims since federal litigation is by notice.

Preliminarily, the questions would be [1] does the district court have jurisdiction to hear plaintiff's claims (including statute of limitations and res judicata bars), [2] does the claims state causes of action, and [3] are the proffered judgments by the movant-defendants (laying the groundwork for a res judicata bar argument) to be given full faith and credit[2]? Instead of addressing those issues *forthrightly*, the movant-defendants seeks more time to discover not facts, which they would not be entitled to do, but legal arguments, i.e. "to investigate potential motions and defenses to the present Complaint." Such a reason is *prima facie* without merit and frivolous.

Moreover, the movant-defendants can raise the issue of case reassignment by suggestion, which it does in its present motion--so, how much *more* time is needed for that? None, *nada*!! Of course, the sole improper purpose of the movant-defendants in filing their extension motion was to showcase their arguments to the district court: here comes Bro. Richardson *again*, a litigious defendant with yet another civil action that deserves to be dismissed without an evidentiary hearing, although the grounds are based

---

[2] Movant-defendants proceed as if the mere proffer of decided cases give them validity before the district court, even those of a district court judge. Of course, the district court must examine whether the court can give those judgments full faith and credit, meaning the plaintiff must be given an opportunity to be heard *prior to* any judicial notice of the validity of those judgments, even if considered on its motion for extension. *Caveat:* If the district court gives full faith and credit to those judgments by judicial notice procedures without an evidentiary hearing that would deny the plaintiff due process of law [see, Evid. R. 201, "Judicial Notice of Adjudicated Facts", esp. §(e)].

upon newly discovered evidence not available before the string of local and federal D.C. Court cases scheduled by movant-defendants (App. "A", Motion for Extension et al) were filed [see Judge Hogan's bench opinion in the 1995 *Richardson v. D.C. Court of Appeals-- Query:* Had Judge Hogan known what Richardson now knows about undisclosed evidence, investigatory due process irregularities, obstruction of justice, and failure to accord Richardson due process[3] in the reciprocal disciplinary proceedings as promised, would Judge Hogan have dismissed Richardson's original case[4]?] Maybe there should be a three judge panel to hear this case, Judges Robertson, Huvelle, and Hogan?

Movant-defendants have already answered the Complaint. They agree with Richardson that Judge Urbina should not hear it and they implicitly argue that the district court lacks jurisdiction on res judicata grounds (i.e. one or more of the 22 cases listed by movant-defendants being dispositive of the all factual or legal issues in this present Complaint). Other than wasting plaintiff's time in responding to this frivolous and meritless motion, what has been accomplish *except* to further delay the plaintiff in the prosecution of his righteous federal claims? Sanctions should be imposed upon the movant-defendants and/or counsel under Civ. R. 11.

---

[3] "The District has represented, and I don't believe it's improper, that [Richardson] has a right to file exceptions to the recommendations for this interim suspension as it's pending before the D.C. Court of Appeals, *an opportunity to be heard before the Board and before the D.C. Court of Appeals.* [Richardson] has and can continue to present challenges and briefs and oral arguments on the adequacy of the District of Columbia process on the constitutionality of these rules *and can be heard* whether or not there should be greater or lesser or no discipline asserted against him in D.C" [Bench Opinion, *Richardson v. D. C. Court of Appeals, CA No. 95-1272:4 (Hogan, J.)*]. No such right has ever been accorded Richardson in reciprocal disciplinary or reinstatement proceedings to an evidentiary hearing, to challenge the constitutionality of the Bar Rule, nor to challenge the discipline imposed for nonfiling of a registration statement (license revocation from June 1995-April 1997) and for resigning the Florida Bar (license revocation from May 1997 to date). The "representations" made by the defendant D.C. Court of Appeals constituted a fraud upon the district court at the time and the nondisclosure by the defendant D.C. Court of Appeals of the investigational irregularities constituted fraud upon the district court as well as a denial of Richardson's due process rights.

[4] "[A]s to the constitutionality of the D.C. Rule [allowing summary revocation of a law license without notice or hearing] particularly complained by Mr. Richardson, as I indicated in comments with government counsel, that rule does potentially, it seems to the Court, present some concerns, and that the Court originally as the TRO has some concern as to the constitutionality issue barring dismissal under *Feldman* [cf.. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303 (1983)], and I believe *Feldman* does specifically provide that *our courts could consider constitutional issues,* and even thought it involves a local state court's bar disciplinary process" [ Bench Opinion, *Richardson v. D. C. Court of Appeals, CA No. 95-1272:3 (Hogan, J.)*]

■ *Conclusion and Relief Requested.* Movant-defendants want additional time to investigate its legal challenges to the Complaint since under notice pleadings facts are developed during discovery. No good cause has been shown for extension and because a plain reading of the movant-defendants' submissions show that the purpose of filing was improper and frivolous, therefore requiring that sanctions for delay should be imposed. **Plaintiff requests that the district court, (1) deny movant-defendants' motion for extension, (2) impose *sua sponte* sanctions for litigation abuse against them, and (3) grant such further relief as the court deems necessary and proper.**

### Certificate of Service

This certifies that the foregoing document were delivered by U.S. first-class mail to:

| Dr. Timothy K. Webster, Esq.<br>Attorney for Defendants *Branda, Becker, D.C. Bd. on Professional Responsibility, DeSilva, Kello, Shipp*, and *Shiskevish*<br>Sidley Austin LLP<br>1501 "K" Street, NW<br>Washington, DC  20005 | Hon. Robert J. Spagnolett, D.C. Attorney General, Attorney for Defendants *District of Columbia, D.C. Court of Appeals,* and *Court Services and Supervision Agency, Inc.*<br>1350 Pennsylvania Avenue, NW, #409<br>Washington, DC 20004 |
|---|---|

Executed on this 7th day of **November 2006**.

*[signature]*

T. CARLTON RICHARDSON
Plaintiff *Pro Se*
1505 Pennsylvania Avenue, SE
Washington, DC  20003-3117
202/546-3505