RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2006 NOV -3  AM 12: 17

NANCY M.
MAYER-WHITTINGTON
CLERK

# UNITED STATES DISTRICT COURT, DISTRICT OF COLUMIA

T. CARLTON RICHARDSON,         )
                               )
         Plaintiff.            )
                               )
vs.                            )       No. **06CV01665  [RMU]**
                               )
District of Columbia, et al.,  )
                               )
         Defendants.           )

## NOTICE OF RELATED CASE IN CIVIL ACTION

Plaintiff hereby designates the following *seminal* case as related to this civil action: *T. Carlton Richardson v. District of Columbia Court of Appeals*, CA No. 95-1272 (TFH) and copies of the order of dismissal (including bench opinion incorporated therein) are attached.

### Certificate of Service

This certifies that the foregoing document were delivered by U.S. first-class mail to:

| Dr. Timothy K. Webster, Esq. Attorney for Defendants *Branda, Becker, D.C. Bd. on Professional Responsibility, DeSilva, Kello, Shipp,* and *Shiskevish* Sidley Austin LLP 1501 "K" Street, NW Washington, DC 20005 | Hon. Robert J. Spagnolett, D.C. Attorney General, Attorney for Defendants *District of Columbia, D.C. Court of Appeals,* and *Court Services and Supervision Agency, Inc.* 1350 Pennsylvania Avenue, NW, #409 Washington, DC 20004 |
|---|---|

Executed on this **7th** day of **November 2006**.

*[signature]*
T. CARLTON RICHARDSON
Plaintiff *Pro Se*
1505 Pennsylvania Avenue, SE
Washington, DC 20003-3117
202/546-3505

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,           )
                                 )
            Plaintiff,           )
                                 )
    v.                           ) Civ. No. 95-1272 (TFH)
                                 )
DISTRICT OF COLUMBIA             )
COURT OF APPEALS,                )                FILED
                                 )
            Defendant.           )              AUG - 1 1995

                                           Clerk, U.S. District Court
                                              District of Columbia

## ORDER

For the reasons stated in the bench opinion issued at the hearing today, it is hereby **ORDERED** that the defendant's motion to dismiss is **GRANTED** and this case is dismissed. This Court is without jurisdiction to consider the plaintiff's individual disciplinary status and will abstain from addressing the plaintiff's constitutional arguments. It is **FURTHER ORDERED** that the plaintiff's motion for preliminary injunction and motion for partial summary judgment are denied as moot. It is **FURTHER ORDERED** that the motion of Bar Counsel to quash certain subpoenae ad testificandum is also denied as moot.

July 28th, 1995

                                          Thomas F. Hogan
                                          United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| T. CARLTON RICHARDSON, Plaintiff, | v. | DISTRICT OF COLUMBIA COURT OF APPEALS, Defendant. |
|---|---|---|
| **Civil Action No. 94-1272** | | |
| Washington, D.C. Courtroom No. 9 | | Friday, July 28, 1995 11:50 a.m. |
| **EXCERPT OF MOTIONS HEARING BEFORE THE HONORABLE THOMAS F. HOGAN, UNITED STATES DISTRICT JUDGE** | | |
| **APPEARANCES:** | | |
| *FOR THE PLAINTIFF:*<br>T. CARLTON RICHARDSON, ESQ. Pro Se | | *FOR THE DEFENDANT:*<br>MARCELINE ALEXANDER, ESQ.<br>Assistant Corporation Counsel<br>Washington, D.C. |
| *OFFICIAL COURT REPORTER:* GLORIA I. WILLIAMS, 4800-H U.S. Courthouse, Washington, D.C. 20001 (202) 289-4470 | | |
| *Computer-Aided Transcription of Stenotype Notes* | | |

[01/02]

## EXCERPT OF PROCEEDINGS

THE COURT: All right. Thank you.

The Court is going to issue an oral ruling at this time, which will be its opinion in the case, and because of the nature of this ruling, it won't be necessary for the Court to continue to hear witnesses and take evidence in this matter.

I appreciate Mr. Richardson's concerns, and he's eloquent as always, having been known to the Court previously. The concern he has as to the right of process and fairness in this judicial system as well as anywhere else in this country's system is important, and that's hopefully what we're all about here and I appreciate his view on that.

But, I have before me the motion to dismiss, the motion for partial summary judgment by the plaintiff, and the motion, and the motion for preliminary injunction by the plaintiff.

It's, apparent to this Court to discuss a TRO basically that the *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, a 1983 case, indicating that the Supreme Court has held that this is a judicial type proceeding, not an administrative proceeding that Mr. Richardson is subject to and that the claim as to the proceedings in the D.C. Court of Appeals is really only appeal at the Supreme Court and not to this Court even if it's not a final order.

It seems to the Court that *Feldman* teaches this Court that I do not have jurisdiction over the merits of the issues of

[02/03]

his appeal because of the way the District of Columbia court has treated this resignation from Florida and that as to the part of the case where he challenges the District of Columbia's Court of Appeals order in this case, it is not properly before this Court as to how they proceeded, properly or not, that that is beyond my jurisdiction under *Feldman*.

The next issue, then, as to the constitutionality of the D.C. rule, particularly as complained of by Mr. Richardson, as I indicated in comments with government counsel, that rule does potentially, it seems

My review of the case indicates, as I've indicated, that Mr. Richardson had resigned from the Florida bar two or three years ago now, I think, had been practicing thereafter here. His resignation was after a third investigation had begun and he had been sanctioned earlier twice, apparently, but the D.C. bar had not suspended him permanently at any time from the practice of law, and he was entitled to the same practice here, as he has a right to.

His determination now he seeks is his due process and equal protection rights are violated by this action in D.C. proceeding on his resignation. The District of Columbia says their rules treat it as a suspension and they have a right to go forward with notice to him they claim they gave to consider that. I believe they have a right to have that, obviously, under their own rules, to consider how they should treat Mr. Richardson as long as it's done constitutionally.

But based upon *Feldman* as to the principal merits of the case and based upon the *Younger* doctrine, finding that their action can be as well processed in the Superior Court than in the Court of Appeals of D.C., the Court is going to dismiss this case, finding no jurisdiction under *Feldman* as to the propriety of the actions already taken by the District of Columbia and, secondly, as to the constitutional claim, that can be protected

[06/07]

by the plaintiff, and he can litigate that in the proper state forum. So, the case will be dismissed.

That will moot the motion to quash by [B]ar [C]ounsel for certain subpoenas and the motion for partial summary judgment by the plaintiff. I will issue an order to this effect in the event the plaintiff wants to appeal this ruling.

MR. RICHARDSON: Your Honor, if the Court please, may I be heard briefly for one minute in reconsideration?

THE COURT: No, not right now. I'm sorry. I've tried to give full consideration to it, and I think I've considered in this matter, all the issues. I do appreciate your concerns having read through all the materials.

Thank you.

(Proceedings adjourned at 12:30 p.m.)

---

### CERTIFICATE OF REPORTER
This record is certified by the undersigned reporter to be the official transcript of the excerpt of proceedings indicated.

/s/ Gloria I. Williams
GLORIA I. WILLIAMS
OFFICIAL COURT REPORTER