UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,        )
                                    )
              Plaintiff,        )
                                    )
v.                                  )    Case No. 1:06CV01665 (RJL)
                                  )
DISTRICT OF COLUMBIA, ET AL.,   )
                                  )
              Defendants    )

**MOTION TO DISMISS**

Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr.[1] Leonard H. Becker, Catherine Kello, Lalla Shishkevish,[2] and Elizabeth J. Branda (collectively referred to herein as "Moving Defendants") respectfully move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) & (6). The grounds for this motion are as follows:

1) Count #2 is barred by the doctrine of *res judicata*. Any of Plaintiff's claims that have not already been litigated could have been in one of his numerous prior cases. *See, e.g.*, *Richardson v. Dist. of Columbia Ct. of App.*, No. 95-CV-1272 (August 1, 1995) , *aff'd*, 83 F.3d 1513 (D.C. Cir. 1996); *Richardson v. D.C. Ct. of App.*, 962 F. Supp. 1 (D.D.C. Mar 27, 1997), *aff'd*, No. 97-7085, 1997 WL 811754 (D.C. Cir. 1997); *Richardson v. D.C. Bar*, No. 96-CV-2286 (D.D.C. 1996), *aff'd*, No. 97-7051, 1997 WL 404321 (D.C. Cir. 1997).

2) In Count #1, Plaintiff may not reinstate his previously dismissed habeas petition on the grounds that he has discovered "new" evidence relating to his prior claims, in the

---

[1] Plaintiff incorrectly referred to Wallace Eugene Shipp, Jr. by his father's name in the complaint.

[2] Plaintiff incorrectly spelled the name of Ms. Shishkevish in his complaint. Ms. Shishkevish has not yet received service of process in this matter. *See, e.g.,* Return of Service (Docket No. 5). While the time for proper service has not yet expired, Ms. Shishkevish provisionally raises this defense so as not to waive it. *See* Fed. R. Civ. P. 12(b)(5), (g), and (h)(1).

guise of a Rule 60(b) motion.  Because Plaintiff attacks the resolution of his habeas petition rather than the integrity of the habeas proceedings, this is in reality a successive petition. *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2647 (2005).  The claims in the previous petition are barred by the prohibition against second or successive petitions in 28 U.S.C. § 2244(b)(1), and no new claims may be heard by this Court without an order from the Court of Appeals.   28 U.S.C. § 2244(b)(3)(A).  Additionally, the Moving Defendants were not parties in the previous habeas petition, nor is there any allegation that Moving Defendants have custody over Plaintiff.

3)     This Court has no jurisdiction to hear Plaintiff's complaint regarding the conduct of his disciplinary proceedings before the D.C. Court of Appeals under the Supreme Court's decision in *Dist. of Columbia v. Feldman*, 460 U.S. 462 (1983).

4)     All Moving Defendants except for Lalla Shishkevish are entitled to absolute judicial immunity for their actions in administering the attorney discipline process of the D.C. Court of Appeals under D.C. Bar Rule XI § 19(a), including investigations.  *Simons v. Bellinger*, 643 F.2d 774, 785 (D.C. Cir. 1980).   Bar Defendant Lalla Shishkevish is entitled to absolute immunity as a non-complaining witness who provided information in this process.  *See Briscoe v. Lahue*, 460 U.S. 325, 335-36 (1983).

5)     Plaintiff has failed to state a claim against Bar Defendant Lalla Shishkevish as Plaintiff has alleged no breach of law or duty when she forwarded the check he gave to her office, a division of the D.C. Bar, to Bar Counsel.

6)     Plaintiff has failed to state a claim that any of the Moving Defendants engaged in a conspiracy to deny him his equal protection rights under 42 U.S.C. § 1985(2), specifically complaining of (a) selective discipline, (b) denial of due process, (c) unreasonable

search and seizure of his bank records, and (d) disproportionate penalty, because Moving

Defendants do not exercise any discretion in initiating reciprocal disciplinary proceedings and a

conspiracy to inflict the other injuries is not a conspiracy to deny a person equal protection under

the law.

7)    Plaintiff's attack on the constitutionality of the disciplinary Bar Rules is

either barred by the *Rooker-Feldman* doctrine or Plaintiff's lack of standing to bring this attack

since he is not a bar member subject to imminent application of these rules.  *Richardson v. Dist.*

*of Columbia Ct. of App.*, 83 F.3d 1513, 1516 (D.C. Cir. 1996).

8)    The Complaint should be dismissed with regard to the Moving Defendants

as Plaintiff has admitted that "the District of Columbia is *de jure* the *only* defendant."  (Docket

No. 7, Opp'n to Mot. to Exceed Resp. Deadline at 1.)

9)    Plaintiff is barred from bringing the claims in Count #2 by the statute of

limitations.

In support of this motion, a Memorandum of Points and Authorities is attached.


November 21, 2006                          Respectfully submitted,

                                           _/s/ Timothy K. Webster
                                           Timothy K. Webster (D.C. Bar No. 441297)
                                           SIDLEY AUSTIN LLP
                                           1501 K Street, N.W.
                                           Washington, D.C.  20005
                                           (202) 736-8000
                                           (202) 736-8711 (fax)

                                           Counsel for Defendants D.C. Board on
                                           Professional Responsibility, Wallace Eugene
                                           Shipp, Jr., Leonard H. Becker, Elizabeth J.
                                           Branda, Catherine Kello, and Lalla
                                           Shishkevish

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| T. CARLTON RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV01665 (RJL) |
| | ) | |
| DISTRICT OF COLUMBIA, ET AL., | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOVING
DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION AND SUMMARY**

Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr.[1] Leonard H. Becker, Catherine Kello, Lalla Shishkevish,[2] and Elizabeth J. Branda (collectively referred to herein as "Moving Defendants") respectfully submit this memorandum in support of their motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) & (6). The Moving Defendants respectfully request that this Court dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

In this action, Plaintiff T. Carlton Richardson ("Richardson") filed a complaint accusing Moving Defendants and others of various constitutional violations related to reciprocal disciplinary proceedings prosecuted against him after he charged excessive attorney's fees and refused to abide by disciplinary rules. *See, e.g.*, *Fla. Bar v. Richardson*, 574 So.2d 60 (Fla.

---

[1] Plaintiff incorrectly referred to Wallace Eugene Shipp, Jr. by his father's name in the complaint.

[2] Plaintiff incorrectly spelled the name of Ms. Shishkevish in his complaint. Ms. Shishkevish has not yet received service of process in this matter. *See, e.g.,* Return of Service (Docket No. 5). While the time for proper service has not yet expired, Ms. Shishkevish provisionally raises this defense so as not to waive it. *See* Fed. R. Civ. P. 12(b)(5), (g), and (h)(1).

1990) (suspending Richardson for charging an elderly couple of modest means $10,551 to settle a $22,000 probate estate, guiding them to mortgage their home to pay his fee); *In re Richardson*, 759 A.2d 649 (D.C. 2000) (convicting Richardson of criminal contempt for practicing law while under a disciplinary suspension).  This suit is the latest in a long series of collateral attacks on Richardson's disciplinary suspensions, including *eight* in this Court alone.  As in his previous federal suits, Richardson wants the Court to overturn a judicial action by the District of Columbia Court of Appeals.  Yet Richardson fails to diligently pursue relief in that court; in his recent reinstatement petition, Richardson failed to file an exception to the Board on Professional Responsibility recommendation that he not be reinstated, despite two deadline extensions.  *In re Richardson*, 874 A.2d 361, 362 (D.C. 2005).

Except for his purported Rule 60(b) motion in the first count, Richardson's suit is barred by *res judicata*.  In addition to the issues of subject matter jurisdiction, the constitutionality of the Bar Rules under the Equal Protection clause, and expiration of the statute of limitations for damages claims on alleged constitutional violations, which have all been fully litigated, Richardson is precluded from bringing any new claims arising out of the same proceedings for which he has already sued.

In his first count, Richardson attempts to "reinstate" his previously dismissed habeas petition pursuant to Rule 60(b) on the grounds that he supposedly has discovered new evidence and that a fraud somehow was committed on the courts.  Fed. R. Civ. P. 60(b). Because Richardson's complaint seeks redetermination of the merits, this is in reality an attempt to present a successive habeas petition barred by 28 U.S.C. § 2244(b).  *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2647 (2005).  Nor does Richardson claim that the Moving Defendants have ever held him in custody.

In his second count, Richardson presents claims for alleged violations of civil rights violations "arising out of investigatory and adjudicatory activities by the [D.C. Court of Appeals]." (Compl. ¶ 75.)  The Court has in the past, on multiple occasions, correctly concluded that it had no jurisdiction over the claims in this suit under *Dist. of Columbia v. Feldman*, 460 U.S. 462 (1983).  Thus, even if this suit was not barred by *res judicata*, the Court should reach the same conclusion that it lacks jurisdiction over the subject matter of Richardson's complaint.

Moreover, Richardson has failed to state a claim for which relief could be granted.  The Moving Defendants are entitled to absolute judicial immunity for their actions in administering the attorney discipline process of the D.C. Court of Appeals, including investigations.  D.C. Bar Rule XI, § 19(a); *Simons v. Bellinger*, 643 F.2d 774, 785 (D.C. Cir. 1980); *In re Nace*, 490 A.2d 1120, 1124 (D.C. 1985).  Richardson attempts to defeat this absolute immunity by joining Moving Defendant Lalla Shishkevish, an employee of the District of Columbia Bar (D.C. Bar) who is in charge of the Continuing Legal Education (CLE) program, and who sent a copy of Richardson's check used to pay for a CLE course in "Billing Ethics" to defendant Bar Counsel.  (Compl. ¶ 27.)  However, Ms. Shishkevish is entitled to immunity as a non-complaining witness participating in the disciplinary process.  *See Briscoe v. Lahue*, 460 U.S. 325, 335-36 (1983).

Even if Defendant Shishkevish were not entitled to immunity, Richardson fails to state a claim against her in that there is no allegation that she obtained the check illegally or breached any duty in sending a copy to the Bar Counsel.  *See United States v. Payner*, 447 U.S. 727, 732 (1980).  Richardson fails to state a claim that the Moving Defendants engaged in a conspiracy to obstruct justice with the intent to deny him his equal protection rights under 42 U.S.C. § 1985(2) because he fails to make a *prima facie* case of discrimination, and

constitutional violations other than equal protection are not actionable under § 1985. *Gager v. "Bob Seidel"*, 300 F.2d 727, 732 (D.C. Cir. 1962); *Laughlin v. Rosenman*, 163 F.2d 838, 843 (D.C. Cir. 1947). Lastly, Richardson's attack on the constitutionality of the disciplinary Bar Rules is barred either by the *Rooker-Feldman* doctrine or by Richardson's lack of standing to bring this attack since he is not a bar member subject to imminent application of these rules. *Richardson v. Dist. of Columbia Ct. of App.*, 83 F.3d 1513, 1516 (D.C. Cir. 1996).

The Moving Defendants should be dismissed as parties because Richardson's primary complaint is the suspension and termination of his license to practice law, and the primary relief that Richardson seeks is reinstatement of his license to practice law in the District of Columbia. The Moving Defendants are powerless to grant him that relief, which rests solely in the hands of the District of Columbia Court of Appeals. Indeed, Richardson has admitted that the Moving Defendants are not the proper parties in his Opposition to Motion to Exceed Response Deadline, stating that "the District of Columbia is *de jure* the *only* defendant." (Docket No. 7, Opp'n to Mot. to Exceed Resp. Deadline at 1.) And as this Court decided just last year, even if the *Rooker-Feldman* doctrine did not divest the Court of jurisdiction, the statute of limitations would do so. *Richardson v. Dist. of Columbia*, 05-0210 (ESH) slip op. at 3 (D.D.C. Mar. 30, 2005) (Ex. 13).

## BACKGROUND

For more than fifteen years, Richardson has repeatedly filed meritless collateral challenges to state bar disciplinary proceedings. For the Court's convenience, Moving Defendants have provided a chart listing the cases discussed below at Exhibit 1.

**1. Jones Matter: Original Florida Discipline and D.C. Reciprocal Discipline.**

In 1990, Richardson was suspended from the practice of law in Florida for 91 days for charging an excessive fee. *See Florida Bar*, 574 So.2d at 60 (revised opinion of February 14, 1991). He attempted to bring a collateral attack against that Florida suspension in the U.S. District Court for the District of Columbia, "challeng[ing] the procedures and results of the Florida disciplinary proceedings on federal antitrust and constitutional grounds." *Richardson v. Florida Bar*, No. 90-984, 1990 WL 116727, at *2 (D.D.C. May 15,1990) ("*Richardson I-A*") (*see* Exhibit 1 for an explanation of the numbering methodology). That complaint was dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id.*; s*ee also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (holding that federal district courts cannot sit in appeal of the highest court of a state) and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1980) (holding that federal district courts have no jurisdiction over challenges to state bar disciplinary proceedings).

As a result of the Florida suspension, and in accordance with the recommendation of its Board on Professional Responsibility ("the Board"), the District of Columbia Court of Appeals imposed reciprocal discipline on Richardson in the form of a 91-day suspension. *See In re Richardson*, 602 A.2d 179 (D.C. 1992) ("*Richardson I-B*"). The court was unpersuaded by his collateral attacks on the Florida disciplinary actions, which included: (a) a claim that he was denied due process and equal protection in the makeup and deliberation of the Florida grievance committee; (b) an attack on the subject matter jurisdiction of the Florida probate court that originally found he had charged excessive fees; and (c) an allegation that the Florida Supreme Court denied due process by considering improper evidence. *See id*. at 180.

5

**2.  Overton Trust Matter: Florida Resignation and D.C. Interim Suspension.**

While a separate complaint for charging excessive fees was pending before the

Florida Bar, Richardson filed a petition for resignation to the Supreme Court of Florida.  *See*

*Florida Bar v. Richardson*, 604 So.2d 489 (Fla. 1992).  *See also In re Richardson*, 692 A.2d 427

(D.C. 1997) ("*Richardson IV-A*").  The Florida court granted his request, with leave to seek

reinstatement upon demonstration of fitness to practice law after three years.

On June 27, 1995, over Richardson's objection, the D. C. Court of Appeals

imposed a temporary interim suspension so that the Board could consider whether reciprocal

discipline should be imposed in D.C. by virtue of his resignation in Florida while disciplinary

charges were pending there.  *In the Matter of Richardson*, No. 95-BG-639 (D.C. June 27, 1995)

("*Richardson II-A*") (Ex. 2).  *See also Richardson v. Dist. of Columbia Ct. of App.*, 83 F.3d 1513,

1514 (D.C. Cir. 1996) ("*Richardson II-D*") (Ex. 5).

Richardson then filed his second suit in this Court, arguing that the interim

suspension violated his right to due process.  *See Richardson v. Dist. of Columbia Ct. of App.*,

No. 95-CV-1272 (Aug. 1, 1995) ("*Richardson II-B*") (Ex. 3).  That case was dismissed under

*Rooker-Feldman*.  Richardson unsuccessfully petitioned the D.C. Circuit Court of Appeals for a

writ of *mandamus*.  *See In re Richardson*, No. 95-5241 (D.C. Cir. Aug. 10, 1995) ("*Richardson

II-C*") (Ex. 4).  The Circuit Court later affirmed the dismissal in *Richardson II-D*, 83 F.3d at

1514 (Ex. 5).

On December 29, 1995, the D.C. Circuit disbarred Richardson based on the

Florida resignation.  *See In re Richardson*, No. 95-8519 (D.C. Cir. Dec. 29, 1995)  His D.C.

disciplinary matter ("*Richardson II-A*") was still pending, and the D.C. Court of Appeals

imposed a second temporary suspension to consider whether additional reciprocal discipline

6

should be imposed based on the Circuit Court's action. *See* Order, *Richardson II-C* (Mar. 12, 1996) (Ex. 15). Undeterred by the outcome in *Richardson II-B*, Richardson filed another District Court action (his third overall) challenging the second interim suspension order. *See Richardson v. D.C. Ct. of App.*, 962 F. Supp. 1 (D.D.C. Mar. 27, 1997) ("*Richardson II-F*") (Ex. 6). In that case, this Court recognized that Richardson was "trying to get, at the very least, a second bite at the apple. Having previously been rebuffed by Judge Hogan [in *Richardson II-B*] and the D.C. Circuit [in *Richardson II-D*], Plaintiff has attempted to bring the same action again." 962 F. Supp. at 2. The Court warned Richardson that frivolous and repetitive litigation would subject him to sanctions. *Id*. On appeal, the D.C. Circuit summarily affirmed the dismissal under *Rooker-Feldman* because Richardson's allegations were "inextricably intertwined" with the previous D. C. Court of Appeals decisions. *See Richardson v. D.C. Ct. of App.*, No. 97-7085, 1997 WL 811754 (D.C. Cir. Dec. 9, 1997) ("*Richardson II-G*") (Ex. 7).

### 3. Investigation and Conviction of Unauthorized Practice of Law.

In May 1996, the D.C. Office of Bar Counsel ("Bar Counsel") began investigating allegations that Richardson had continued to practice law despite the D.C. Court of Appeals's interim suspension orders. During the investigation, Bar Counsel obtained a copy of a check Richardson had written from his trust account for a C.L.E. class in "Billing Ethics". Richardson sued the D.C. Bar, two employees of the Office of Bar Counsel, and the Clerk of the D. C. Court of Appeals in District Court for "invasion of privacy and injunctive relief." *See* Complaint, *Richardson v. Dist. of Columbia Bar*, No. 96-CV-2286 (D.D.C. filed Oct. 2, 1996) ("*Richardson III-A*") (Ex. 16). The suit alleged that the Defendants mishandled or improperly disclosed that check. That case was dismissed, and on appeal the Circuit Court summarily affirmed the dismissal. *See Richardson v. Dist. of Columbia Bar*, No. 97-7051, 1997 WL 404321 (D.C. Cir.

June 30, 1997) ("*Richardson III-B*") (Ex. 9). Unhappy with the dismissal, Richardson filed a

substantially similar suit in D.C. Superior Court, naming several bar employees as defendants.

*See Richardson v. George Washington Univ.*, No. CA98-7961 (D.C. Super. Ct.) ("*Richardson

III-C*") (pending).

    During the contempt proceeding, Richardson returned to this Court to sue the

D.C. Court of Appeals. *See Richardson v. D.C. Ct. of App.*, No. 97-CV-1594 (D.D.C. July 17,

1997) ("*Richardson III-D*") (Ex. 10). This Court dismissed the case, and the D.C. Circuit

affirmed under *Rooker-Feldman*. *See Richardson v. D.C. Ct. of App.*, No. 97-7242 (D.C. Cir.

Sept. 16, 1998) ("*Richardson III-E*") (Ex. 11). In that same matter, the D.C. Circuit granted

sanctions against Richardson, stating: "Appellant's repeated attempts to litigate claims

concerning his disbarment proceedings in the federal courts even though the federal courts lack

jurisdiction under the *Rooker-Feldman* doctrine . . . warrant sanctions." Order, *Richardson III-E*

(Mar. 25, 1999) (Ex. 17).

    On March 6, 1998, Richardson was convicted of criminal contempt for violating

the interim suspension order. *See In re Richardson*, 759 A.2d 649, 651 (D.C. 2000)

("*Richardson III-F*") (affirming conviction). Contesting his conviction before the D.C. Court of

Appeals, Richardson *again* raised procedural and due process objections to the underlying

interim suspension orders. However, the D. C. Court of Appeals treated those issues as *res

judicata*. *Id*. at 654. Richardson also complained that disclosures of his bank records violated

his Fourth and Fifth Amendment rights, but the court found those arguments meritless. *Id*. at

654-55.

    Richardson challenged that conviction in a habeas corpus action in this Court.

*See Richardson v. Ct. Servs. & Offender Supervision Agency for D.C.*, No. 99-657 (D.D.C. Jul.

11, 2001) ("*Richardson III-G*") (Compl. Ex. A), *aff'd*, *Richardson v. D.C. Ct. Servs. & Offender Supervision Agency*, No. 01-7135 (D.C. Cir. Jan. 10, 2002) ("*Richardson III-H*").  In that action, again, Richardson tried to attack the underlying interim suspension orders and the related contempt investigation.  *See* Memorandum Order, *Richardson III-G* (filed Jul. 31, 2001) (denying Richardson's motion to reconsider) (Compl. App. B).  Again, Richardson was instructed that federal courts do not have jurisdiction to review those matters.  *Id.*

### 4. Final Disciplinary Suspension.

After determining that the Florida resignation was discipline, the Board recommended that the D.C. Court of Appeals impose final reciprocal discipline.  *See In re Richardson*, 692 A.2d 427, 428-29 (D.C. 1997) ("*Richardson IV-A*").  After hearing Richardson's arguments to the contrary, the D.C. Court of Appeals agreed with the Board and suspended Richardson from the practice of law for three years, with the added condition that he must demonstrate his fitness to practice before being readmitted.  *Id.* at 436.  The United States Supreme Court denied Richardson's petition for certiorari.  *See In re Richardson*, 522 U.S. 118 (Feb. 23, 1998) (petition denied), 522 U.S. 1103 (April 27, 1998) (petition for rehearing denied).

In 2004, Richardson filed yet another suit in this Court challenging his suspensions.  The Court *sua sponte* ordered him to show cause why his case should not be dismissed for lack of subject matter jurisdiction.  On March 31, the Court dismissed his action with prejudice.  *See* Memorandum and Opinion, *Richardson v. Dist. of Columbia Ct. of App.*, No. 04-101 (D.D.C. March 31, 2004) ("*Richardson IV-B*") (Ex. 12).  Richardson filed a "Motion for Reconsideration and Vacate Order of Dismissal" (June 24, 2004; denied June 25, 2004) but never appealed the adverse decision.

Six months later, Richardson filed an action "for fraudulent misrepresentation and the wrongful and conspiratorial suspension of the plaintiff's license to practice law." *See* Complaint, *Richardson v. District of Columbia*, No. 05-210 (D.D.C. filed Jan. 28, 2005) ("*Richardson IV-C*").  The Court again ordered Richardson, *sua sponte*, to show cause why his case should not be dismissed for lack of subject matter jurisdiction.  The Court dismissed his complaint on March 29, 2005 (Mot. for Recons. denied Apr. 18, 2005) (Ex. 13).  After Richardson appealed every order in that case, the D.C. Circuit summarily affirmed. *Richardson v. District of Columbia*, No. 05-7078 (D.C. Cir. Nov. 2, 2005) ("*Richardson IV-D*") (Ex. 14).

Richardson filed the instant case on September 28, 2006, adding several current and former employees of the D.C. Bar as defendants.  Richardson's complaint is divided into two counts: in the first, he seeks post-judgment relief in the form of a Rule 60(b) motion to reinstate his habeas petition dismissed in 2001 (*see Richardson III-G*); and in the second, he seeks damages and injunctive relief under 42 U.S.C. § 1985 for various alleged civil rights violations related to his prior disciplinary suspensions.

## ARGUMENT

### I.    RICHARDSON'S SUIT IS BARRED BY *RES JUDICATA*.

With the exception of the Rule 60(b) motion in Count One, Richardson's latest suit should be barred by *res judicata*.  Even the issue of whether *res judicata* applies to these claims has itself been fully litigated in this Court.  *See Richardson IV-C* slip op. at 6 n.3 (Ex. 13). *Res judicata* applies both to the subject matter jurisdiction under *Rooker-Feldman*, and to the merits of Richardson's claims.  Federal jurisprudence is strongly opposed to piecemeal litigation. This opposition finds expression in several doctrines and laws, including:

- the Federal Rules of Civil Procedure; s*ee* Fed. R. Civ. Pro. 1, Advisory Committee Notes to 1993 Amendments (district court has "affirmative duty" to "ensure that civil

litigation is resolved not only fairly, but also *without undue cost or delay*") (emphasis added);

- the "final judgment rule," which limits parties to a single appeal. *See Franklin v. Dist. of Columbia*, 163 F.3d 625, 629 (D.C. Cir. 1998); *see also Linder v. Dep't of Def.*, 133 F.3d 17, 22-23 (D.C. Cir. 1998);

- abstention based on pending state actions; *see Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 352-53 (D.C. Cir. 2003) ("desirability of avoiding piecemeal litigation" is a factor to be weighed in deciding whether to abstain); and

- *res judicata*; *see Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) ("In brief, the doctrine is designed to *conserve judicial resources . . . and to prevent* serial forum-shopping and *piecemeal litigation*.") (emphasis added).

This case is a textbook example of the sort of piecemeal litigation these doctrines are intended to prevent. As a preliminary matter, Richardson is precluded from disputing the application of *Rooker-Feldman* to this case. An issue is precluded if: (1) the issue was previously litigated by the parties and (2) a court of competent jurisdiction actually and necessarily resolved the issue, unless (3) preclusion would work a basic unfairness to the party bound. *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992). "[T]he doctrine of *res judicata* applies to dismissal for lack of jurisdiction as well as for other grounds." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983).

Applying that standard to the present facts, it is clear that Richardson is precluded from contesting subject matter jurisdiction over any claim in his second count (alleged civil rights violations). First, the issue was litigated previously (in *Richardson II-B, II-C, II-D, II-F, II-G, III-A, III-B, III-D, III-E, IV-B, and IV-C* – attached as Exhibits 3-13 respectively). The fact that Richardson has joined different defendants in each of his many suits does not affect the outcome; the old mutuality requirement is long dead in defensive collateral estoppel. *See Blonder-Tongue Labs. Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324-25 (1971); *Consol. Edison Co. v. Bodman*, 449 F.3d 1254, 1259 (D.C. Cir. 2006). *See also Stanton v. D.C. Ct. of App.*, 127

11

F.3d 72, 77-78 (D.C. Cir. 1997) (discussing both "claim preclusion" and "issue preclusion," or collateral estoppel, aspects of *res judicata*).  Furthermore, Richardson has admitted that "the District of Columbia is *de jure* the *only* defendant."  (Opp'n to Mot. to Exceed Resp. Deadline at 1.)  Second, each of Richardson's federal cases was finally decided against him on *Rooker-Feldman* grounds.  Third, applying preclusion in this case causes no unfairness to Richardson: the stakes have not changed, and Richardson has repeatedly been instructed that the District Court has no jurisdiction to hear a challenge to his disciplinary suspensions.  *See Yamaha*, 961 F.2d at 254.

      *Res judicata* also applies substantively to the merits of Richardson's claims. Generally, *res judicata* requires a final judgment on the merits by a court of competent jurisdiction.  *Stanton*, 127 F.3d at 77-78.  Under that principle, the previous federal suits dismissed on the basis of *Rooker-Feldman* might only have preclusive effect as to jurisdiction (as discussed above).  However, in this case, the underlying principle (avoiding duplicative and piecemeal litigation) should control.  *See Feldman*, 460 U.S. at 483 n.16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court.").

      All of these suits arose out of the same transactions.  "Courts today are having difficulty giving a litigant one day in court.  To allow that litigant a second day is a luxury that cannot be afforded."  *Stanton*, 127 F.3d at 77 (*quoting Nat'l Treasury Employees Union v. I.R.S.*, 765 F.2d 1174, 1177 (D.C. Cir. 1985).  *See also* C. WRIGHT, LAW OF FEDERAL COURTS 678 (4th ed. 1983).  There is no legitimate reason why the present claims were not raised in the previous suits.  As this Court said in *Hardison*:

> Under [*res judicata*], the parties to a suit and their privies are bound by a final judgment and *may not relitigate any ground for relief which they already have had an opportunity*

> *to litigate* even if they chose not to exploit that opportunity whether the initial judgment was erroneous or not.

655 F.2d at 1288.  Richardson claims to have "discovered" some relevant information as late as 2003.  Even assuming *arguendo* that those facts gave rise to a federal cause of action, he had an opportunity to litigate that claim in *Richardson IV-B*  and *IV-C* and chose not to do so. (Ex. 12, 13.)  His constant efforts to refashion the same tired old claims in order to avoid *Rooker-Feldman* should not be tolerated.

Most (if not all) of Richardson's claims *have* been finally decided against him on the merits by courts of competent jurisdiction, and all could have been brought in earlier proceedings.  The propriety of his various suspensions under D.C. and federal constitutional law was necessarily decided by the D.C. Court of Appeals.  *See Richardson II-A* (temporary suspension) (Ex. 2) and *IV-A* (final suspension) (Ex. 11).  His claims associated with the investigation for contempt and unauthorized practice of law were litigated at length, and necessarily decided against him, in *Richardson III-F*, 759 A.2d 649 (D.C. 2000).  Specifically, the Circuit Court held that no constitutional violation occurred with respect to the check and bank records subpoena (*see Richardson III-B*, Ex. 9), even though the District Court had originally dismissed the case under *Rooker-Feldman* (*see Richardson III-A*, Ex. 8).  Finally, although Richardson did raise a challenge to the constitutionality of having different disciplinary rules for reciprocal and original proceedings in his criminal contempt case, the D.C. Court of Appeals did not find the need to reach the constitutional question because Richardson had complied with neither rule.  *Richardson III-F*, 759 A.2d at 653.  *Cf. Richardson II-D*, 83 F.3d 1513, 1516 (D.C. Cir. 1996) (holding that Richardson's attack on the constitutionality of the disciplinary Bar Rules is either barred by the *Rooker-Feldman* doctrine or by Richardson's lack

13

of standing to bring this attack since he is not a bar member subject to imminent application of these rules). *Res judicata* applies to all of these claims.

## II. RICHARDSON'S REQUEST TO REINSTATE HIS DISMISSED PETITION FOR HABEAS CORPUS UNDER RULE 60(B) IS IN REALITY A SUCCESSIVE PETITION BARRED BY 28 U.S.C. § 2244(B).

In Count One of Richardson's Complaint, he seeks to reinstate his previously dismissed habeas petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure[3] on the grounds that he allegedly has discovered new evidence, and on the grounds that a fraud somehow was committed on the courts. (Compl. ¶ 6.) However, Richardson's allegations are only that "the D.C. courts lacked jurisdiction and rendered void judgments" and that these courts denied him his due process rights. (*Id.*) These claims relate to the validity of D.C. Court of Appeals proceedings, not this Court's review of those proceedings in the prior habeas case. Therefore, Richardson in reality presents second or successive claims which must be presented in conformance with the requirements of 28 U.S.C. § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2647 (2005). Richardson's claims do not do so.

In *Gonzalez v. Crosby*, the Supreme Court recently explained the difference between those allegations for which a Rule 60(b) motion might be entertained, and those that are in reality claims presented in second or successive applications for a writ of *habeas corpus*. *Id.* The Court distinguished between determinations of whether there were grounds to grant habeas

---

[3] Fed. R. Civ. P. 60(b) states in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or other misconduct of an adverse party

relief, those on the merits, and rulings that preclude a court from hearing habeas claims.  *Id.* at 2648 n.4.  The Court reasoned that "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  *Id.* at 2648.  A Rule 60(b) motion that challenges the integrity of the habeas proceeding itself, however, might be heard because it does not attack the resolution of the habeas proceeding but its conduct.  *Id.*

Richardson claims to have discovered new evidence in 2003 that litigation documents in the Florida case against him were sent to the Office of Bar Counsel in 1992 and that Defendant Elizabeth J. Branda made a decision not to investigate Richardson further at that time.  (Compl. ¶¶ 19-20.)  Richardson complains that he was not notified that these pleadings were sent to the Office of Bar Counsel.  (Compl. ¶ 20.)  Richardson also complains that fraud was committed in his criminal contempt proceedings before the D.C. Court of Appeals.  (Compl. ¶ 33.)  Neither of these allegations concerns the conduct of the habeas proceedings themselves, rather they are relevant, if at all, only to the question of whether the criminal contempt conviction should be overturned.  These claims are barred by the prohibition against second or successive petitions in 28 U.S.C. § 2244(b)(1), and no new claims may be heard by this Court without an order from the Court of Appeals.   28 U.S.C. § 2244(b)(3)(A).

Furthermore, it is difficult to see what Richardson seeks in reopening review of his habeas petition.  The Moving Defendants were not parties in the previous habeas petition and they should not be parties to this complaint, whether presented as a Rule 60(b) motion or as a second or successive habeas petition.  Nor is there any allegation that Moving Defendants have ever had custody over Richardson.  Indeed, Richardson's contempt sentence has long since

expired.  (*See* Compl. ¶ 9.)  *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (reiterating that a habeas

petition is moot after the sentence expires unless there are collateral consequences).

III.    **THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER RICHARDSON'S COLLATERAL ATTACK ON HIS D.C. BAR SUSPENSION.**

Federal District Courts do not have jurisdiction over collateral attacks brought by

those who lost in state court.  *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476

(1983).  Congress has vested appellate review of state court decisions solely in the United States

Supreme Court.  *Id.  See* 28 U.S.C. § 1257.  Richardson's complaint should be dismissed; it is

nothing more than a complaint by the losing party in state court "seeking review and rejection of

that judgment."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 291 (2005).

A.    **The D. C. Court of Appeals's Decisions to Suspend Richardson Were *Judicial* Actions.**

The *Rooker-Feldman* doctrine bars all federal suits seeking to have an adverse

state court judgment overturned, and all suits raising federal claims "inextricably intertwined"

with the state-court judgment.  *See Rooker*, 263 U.S. at 417; *Feldman*, 460 U.S. at 486-87;

*Richardson II-C* (Ex. 4).  This case is remarkably similar to *Feldman*.  In that case, two plaintiffs

sued the D.C. Court of Appeals claiming that they had been improperly denied permission to

take the D.C. Bar exam.  460 U.S. at 465-69.  The Court first held that the D.C. Court of

Appeals's decisions were *judicial* actions, because the D.C. judges considered policy and

equitable arguments in deciding whether to apply a bar admission rule.  *Id*. at 480-81.  The Court

then decided that the Plaintiffs' claims that the D.C. Court of Appeals acted arbitrarily and

capriciously in denying their petitions were *inextricably intertwined* with the judicial decisions.

*Id*.  The District Court had no subject matter jurisdiction over those allegations.

It is obvious that the D.C. Court of Appeals's decisions to suspend Richardson (first on an interim basis, *Richardson II-C* (Ex. 4), then as final reciprocal discipline, *Richardson IV-A*, 692 A.2d 427 (D.C. 1997)) and its decision to hold him in criminal contempt, *Richardson III-F*, 759 A.2d 649 (D.C. 2000), like its earlier decisions at issue in *Feldman*, were *judicial actions*. The court heard legal arguments from Richardson and the Bar, considered "liabilities as they [stood] on present or past facts and under laws supposed already to exist," and rendered a decision. *Feldman*, 460 U.S. at 477 (quoting *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226 (1908)). As such, Richardson cannot seek review of those decisions in federal district court.

But that is exactly what Richardson is attempting to do: he seeks to "[e]njoin the [D.C. Court of Appeals] from denying Richardson's reinstatement." (Compl. ¶ 94(a).) As in each of his previous suits, Richardson filed this action attempting to circumvent the D.C. Court of Appeals's disciplinary authority over the D.C. Bar. Despite unambiguous direction from this Court (e.g. *Richardson III-E*, Ex. 11), Richardson continues to file repetitive and frivolous litigation demanding "a second bite at the apple." *Richardson II-F* (Ex. 6). Because the District Court has no jurisdiction to review the disciplinary decisions (which were judicial actions) of the D.C. Court of Appeals, the suit was properly dismissed.

**B.    Richardson's Claims are *Inextricably Intertwined* With Those Judicial Decisions**

With the exception of Richardson's allegation that the Bar Rules are unconstitutional as they discriminate against members of the D.C. Bar "accused of foreign disciplinary misconduct instead of domestic disciplinary misconduct," (Compl. ¶ 73(a)), the remainder of Richardson's claims are "inextricably intertwined" with his disciplinary actions. Richardson characterizes his suit as merely "seeking the reinstatement of [his] dismissed habeas corpus petition . . . and . . . related civil rights violations," with no mention of what that petition

sought.  (Compl. ¶ 1.)  Richardson does not allege that he remains under the criminal contempt

sentence, (*see* Compl. ¶ 9), but he requests a determination of whether he "received a full, fair

and adequate hearing before the [D.C. Court of Appeals] in reciprocal disciplinary and contempt

proceedings, both civil and criminal."  (Compl. ¶ 69.)  This is clearly a demand for reversal,

which this Court cannot hear.

      Richardson also seeks damages for claims that "arise out of investigatory and

adjudicatory activities by the [D.C. Court of Appeals]" and the Moving Defendants and that

"occurred in or arose out of reciprocal disciplinary, civil and criminal contempt matters."

(Compl. ¶ 75.)  Because these allegations can "succeed only to the extent that the [D.C. Court of

Appeals] wrongly decided the issues before it," Richardson's suit is nothing more than "a

prohibited appeal of the state-court judgment."  *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25

(1987) (Marshall, J., concurring).

      *Rooker-Feldman* bars not only those suits actually seeking reversal (in the form of

injunction or otherwise) of the state court proceeding, but also any claims "inextricably

intertwined with the District of Columbia Court of Appeals' decisions."  *Feldman*, 460 U.S. at

486-87.  In *Feldman*, the Supreme Court held that the lower federal courts lacked jurisdiction

over claims that the D.C. Court of Appeals had "acted arbitrarily and capriciously in denying

[plaintiffs'] petitions for waiver and that the court acted unreasonably and discriminatorily in

denying their petitions."  *Id*. at 486.  These allegations impermissibly "required the District Court

to review a final judicial decision" of the D.C. Court of Appeals, because the "allegations [were]

inextricably intertwined" with those decisions.  *Id*. at 486 (finding jurisdiction over the plaintiffs'

general challenge to the constitutionality of the underlying bar rule).

While the contours of "inextricably intertwined" are not sharply defined, this uncertainty does not benefit Richardson; his claims are clearly barred. The "paradigm situation in which *Rooker-Feldman* precludes a federal district court from proceeding" arises when the losing party in state court "repair[s] to federal court to undo the [state] judgment." *Exxon Mobil*, 544 U.S. at 293. In previous Richardson cases, this Court has stated that claims are inextricably intertwined if holding in the Plaintiff's favor would require the District Court to conclude that the D.C. Court of Appeals got it wrong. For example, in *Richardson II-D*, the Circuit Court affirmed dismissal of Richardson's attack on D.C. Bar Rule XI, § 11(d) (allowing temporary suspension of an attorney without a hearing to consider whether reciprocal discipline should be imposed). 83 F.3d at 1515-16. The constitutional attack was distinguishable from that in *Feldman*, because in that case the judicial action at issue was the D.C. Court of Appeals's refusal to waive a bar admission rule requiring graduation from an A.B.A. approved law school. *See Feldman*. The judicial action in *Feldman* was not *application* of the bar admission rule, so the constitutional challenge to that rule was not inextricably intertwined with the judicial action. But in *Richardson II-D*, the judicial action was a decision applying Rule XI, § 11(d) to Richardson's case. *See Richardson II-D*. "Richardson's attacks on § 11(d)'s constitutionality, however, are *not merely intertwined* with his attack on the decision to suspend him *but are one and the same* . . . His attack on the rule *cannot be contemplated without his attack on his suspension*." 83 F.3d at 1515-16 (emphasis added). Each and every allegation succeeds only to the extent that the D.C. Court of Appeals wrongly decided the disciplinary cases.

His current allegations are no different than the previous suits. All of the claims, without exception, are based on Richardson's conviction that the D.C. Court of Appeals' judicial acts were wrong. His claims based on the denial of evidentiary hearings, (*e.g.*, Compl. ¶¶ 11, 16,

36, 41), are explicit challenges to judicial actions.  To the extent that he renews his attack on the underlying rules used to discipline him, that attack is inseparable from the D.C. Court of Appeals' decision to apply the rules to his case.  His claims that previously collected materials were improperly included in his case file in *Richardson II-A* would make sense, if at all, only to the extent that that case was improperly decided.  His "disproportionate sentence" claims involve the D.C. Court of Appeals's application of D.C. Bar rules to his case, (*e.g.* Compl. ¶¶ 59-60), or the decision to impose reciprocal discipline itself, or the denial of reinstatement.  All are judicial actions.  He makes no challenge to the procedures employed by the D.C. Court of Appeals that can be contemplated without questioning the result with that court.  These allegations require this Court to sit in review of the D.C. Court of Appeals.  But under *Rooker-Feldman*, that is exactly what "the district court may not do."  *Feldman*, 460 U.S. at 483 n. 16.

## IV.    RICHARDSON HAS FAILED TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### A.    The Moving Defendants Are Entitled To Absolute Immunity.

In his second count, Richardson seeks monetary damages for various alleged constitutional violations committed in the course of his disciplinary proceedings.  All of the Moving Defendants are entitled to absolute judicial immunity except Lalla Shishkevish, an employee of the D.C. Bar's Continuing Legal Education (CLE) program, who is entitled to immunity for her role as a non-complaining witness.  The D.C. Court of Appeals created the D.C. Bar "as an official arm of the Court" and promulgated Rules pursuant to its statutory authority.  Preamble, *Rules Governing the District of Columbia Bar*.  Congress empowered the D.C. Court of Appeals to adopt rules concerning the "censure, suspension, and expulsion" of bar members.  D.C. Court Reform Act of 1970, Pub. L. No. 91-358, §§ 11-2502 & 11-2504, 84 Stat. 473, 521 (July 29, 1970).  The D.C. Court of Appeals created the Board on Professional

Responsibility and appoints its members, which in turn has the power to appoint Bar Counsel.

D.C. Bar Rule XI, § 4.  Bar Rule XI, § 19(a) provides immunity for those involved in the

disciplinary process by stating that "[m]embers of the Board, its employees, members of Hearing

Committees, Bar Counsel, and all assistants and employees of Bar Counsel shall be immune

from disciplinary complaint under this rule and from suit for any conduct in the course of their

official duties."

    Both this Court and the U.S. Court of Appeals for the D.C. Circuit have

recognized that those involved in D.C. Bar disciplinary proceedings and investigations are

absolutely immune from suits involving these activities, because these functions are judicial.

*Simons*, 643 F.2d at 785; *Thomas v. Knight*, 257 F. Supp. 2d 86, 94 (D.D.C. 2003), *aff'd*, No. 03-

7041, 2003 WL 22239653 (D.C. Cir. Sept. 24, 2003).  Even though generally prosecutors do not

enjoy absolute immunity for actions committed during their general investigations, absolute

immunity extends to disciplinary investigations because disciplinary investigations are focused

on both a specific defendant and a specific wrong; these investigations are focused on the

decision to begin disciplinary proceedings.  *Simons*, 643 F.2d at 784-85. As the court in *Simons*

recognized, those involved in Bar disciplinary proceedings are "even more probable targets for

harassment" through litigation than either judges or prosecutors.  *Simons*, 643 F.2d at 782.

Richardson's many suits are a shining example.  All of the Moving Defendants except for Lalla

Shishkevish are entitled to absolute immunity under the settled rule because they are current or

former employees of the Board on Professional Responsibility or Office of Bar Counsel.

    Ms. Shishkevish does not work in the Bar Counsel's office, but in the CLE office.

Richardson's inclusion of Ms. Shishkevish is a transparent attempt to defeat absolute immunity.

However, she is entitled to immunity as a non-complaining witness participating in the

disciplinary process.  *See Briscoe v. Lahue*, 460 U.S. 325, 335-36 (1983) (holding that even officers committing perjury are entitled to immunity).  The D.C. Circuit has held that judicial immunity stems not from the forum in which witness statements are given but from the fact that the statements will take the form of testimony.  *Gray v. Poole*, 243 F.3d 572, 576-78 (D.C. Cir. 2001).  Although the disciplinary process may not be as formal as traditional court proceedings, those who provide information to this process should be given the same immunity as traditional witnesses, for the same reason that the other participants in the disciplinary process are: they might otherwise be harassed by litigious losers in the process.  D.C. law has recognized this need and holds that those who provide information during disciplinary process are immune from suit.  *Nace*, 490 A.2d at 1124.

> **B.      Richardson Fails To State A Claim Against Bar Defendant Shishkevish Because He Alleges No Breach of Law or Duty.**

Richardson's only complaint against Ms. Shishkevish is that she "surreptitiously and conspiratorially" sent a copy of the check Richardson used to pay for a CLE course in "Billing Ethics" to defendant Bar Counsel.  (Compl. ¶ 27)  The bank account information from this check was then allegedley used to subpoena Richardson's bank records.  In addition to being clearly barred by *res judicata* as described above, this allegation fails to state a claim on which relief can be granted.  Ms. Shishkevish was required to send any information to Bar Counsel "surreptitiously" because Bar Rule XI, § 17(a) requires that investigations during disciplinary proceedings be kept confidential.  Furthermore, there is no constitutional injury in issuing a subpoena for bank records; the Supreme Court has held that there is no privacy interest in bank account information.  *United States v. Payner*, 447 U.S. 727, 732 (1980); *United States v. Miller*, 425 U.S. 435 (1976).  Richardson does not allege that Ms. Shishkevish's actions breach any law

or duty to him.  As Richardson does not allege any other action by Ms. Shishkevish or

involvement in his disciplinary process; she should be dismissed from this suit.

### C.    Richardson's § 1985(2) Claim Fails Because The Moving Defendants Do Not Exercise Discretion In Imposing Reciprocal Discipline And A Conspiracy To Inflict The Other Injuries Is Not A Conspiracy To Deny A Person Equal Protection Under The Law.

Plaintiff claims that Moving Defendants engaged in a conspiracy to deny him his

equal protection rights under 42 U.S.C. § 1985(2), specifically complaining of (a) selective

discipline, (b) denial of due process, (c) unreasonable search and seizure of his bank records, and

(d) disproportionate penalty.  Although all of these allegations were made in previous cases (see

*res judicata*, discussion *supra*), in this suit, Richardson recasts the allegations as a § 1985(2)

conspiracy claim.  In order to state a claim for selective discipline (or prosecution), Richardson

must make a *prima facie* showing that (1) others similarly situated were not selected for

discipline and (2) the discriminatory selection was based on impermissible grounds such as race

or religion.  *Wayte v. United States*, 470 U.S. 598, 605 (1985).  This prima facie showing has to

be a non-frivolous presentation backed by data.  *See Castaneda v. Partida*, 430 U.S. 482, 494

(1977).

Richardson claims that he was subjected to discipline because he "is a well-

known Africanic person, a sole practitioner, and a [sic] openly devout Christian," and that "non-

Africanic persons, persons of other religious persuasions and in large law firms have never

suffered for similar misconduct," but he does not present any data to support this assertion.

(Compl. ¶ 91.)  Richardson further dilutes his claim by mixing a permitted ground of law

practice size, subject to the more lenient rational basis review, with the unpermitted grounds of

race and religion.  *See Wayte*, 470 U.S. at 609.  Moreover, Richardson admits that proceedings

were initiated "based *solely* upon the August 1992 Florida resignation order," (Compl. ¶¶ 82,

78), and that the Moving Defendants exercised no discretion in initiating these proceedings. (Compl. ¶84.)  Lastly, conspiracy to deprive a person of due process is not the same as a conspiracy to deprive a person of equal protection within the meaning of the Fourteenth Amendment and 42 U.S.C. § 1985.  *Laughlin v. Rosenman*, 163 F.2d 838, 843 (D.C. Cir. 1947). The same is true for claims of other constitutional violations.  *Gager v. "Bob Seidel"*, 300 F.2d 727, 732 (D.C. Cir. 1962).

> **D.    Richardson Has No Standing To Challenge The Bar Disciplinary Rules.**

Richardson's attack on the constitutionality of the disciplinary Bar Rules is either barred by the *Rooker-Feldman* doctrine or by his lack of standing to bring this attack since he is not a bar member subject to imminent application of these rules.  *Richardson II-D*, 83 F.3d at 1516.  Richardson might have standing to challenge the rules surrounding reinstatement procedures should he seek reinstatement.  *Id.*  However, Richardson does not claim any injury from the reinstatement rules, just those providing for reciprocal disciplinary procedures, orders to disbarred and suspended attorneys, and subpoena procedures.  (Compl. ¶ 93.)   Indeed, Richardson has failed to diligently pursue that avenue of relief.  In his recent reinstatement petition, Richardson failed to file an exception to the Board on Professional Responsibility recommendation that he not be reinstated, despite two deadline extensions.  *In re Richardson*, 874 A.2d 361, 362 (D.C. 2005).

> **E.    The Moving Defendants Are Not Proper Parties And Should Be Dismissed.**

The Moving Defendants should be dismissed as parties because Richardson's primary complaint is the suspension and termination of his license to practice law, and the primary relief that Richardson seeks is reinstatement of his license to practice law in the District

of Columbia. The Moving Defendants are not responsible for taking his license away and are powerless to give it back to him. The authority to reinstate Richardson rests solely with the D.C. Court of Appeals. Indeed, Richardson has admitted that the Moving Defendants are not the proper parties in his Opposition to Motion to Exceed Response Deadline, stating that "the District of Columbia is *de jure* the *only* defendant." (Docket No. 7, Opp'n to Mot. to Exceed Resp. Deadline at 1.)

### F. Richardson Is Barred By The Statute of Limitations From Bringing The Claims In His Second Count.

Even if the *Rooker-Feldman* doctrine did not divest the Court of jurisdiction over the claims in Richardson's second count, the statute of limitations would do so. This is another issue that was fully litigated in *Richardson IV-C*, 05-0210 (ESH) slip op. at 3 (D.D.C. Mar. 30, 2005) (Ex. 13). Because Congress has not specified a statute of limitations for constitutional claims, such as those brought under § 1983 or § 1985, 42 U.S.C. § 1988 instructs the courts to look to the local law's personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). If there is more than one statute of limitations for personal injury, then courts are to look to the general, residual limitations period. *Id.* D.C.'s local law provides for a three-year statute of limitations in D.C. Code § 12-301(8). *Richardson IV-C*, slip op. at 3 (Ex. 13). The most current claim asserted by Richardson arose out of his alleged discovery, in February 2003, of the 1992 disciplinary complaint made to Bar Counsel. Therefore, the limitations period for claims arising out of this discovery expired no later than February 2006, seven months before this suit was filed, and perhaps even earlier.

**CONCLUSION**

For the reasons stated above, the Moving Defendants respectfully request that this Court dismiss Richardson's complaint against them. Moving Defendants also ask that this Court grant any additional relief it deems proper.

November 21, 2006                          Respectfully submitted,

                                           _/s/ Timothy K. Webster
                                           Timothy K. Webster (D.C. Bar No. 441297)
                                           SIDLEY AUSTIN LLP
                                           1501 K Street, N.W.
                                           Washington, D.C.  20005
                                           (202) 736-8000
                                           (202) 736-8711 (fax)

                                           Counsel for Defendants D.C. Board on
                                           Professional Responsibility, Wallace Eugene
                                           Shipp, Jr., Leonard H. Becker, Elizabeth J.
                                           Branda, Catherine Kello, and Lalla
                                           Shishkevish

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,        )
        )
        Plaintiff,        )
        )
v.        )   Case No. 1:06CV01665 (RJL)
        )
DISTRICT OF COLUMBIA, ET AL.,        )
        )
        Defendants        )

### CERTIFICATE OF SERVICE

I hereby certify that the following parties were served via first class mail, postage prepaid, on November 21, 2006:

| | |
|---:|:---|
| T. Carlton Richardson<br>*Pro se* | 1505 Pennsylvania Avenue, SE<br>Washington, D.C.  20003-3117 |
| District of Columbia | Honorable Anthony A. Williams, Mayor<br>1350 Pennsylvania Avenue, NW, 6th Floor<br>Washington, D.C. 20004<br><br>Honorable Robert J. Spagnoletti<br>Attorney General<br>1350 Pennsylvania Avenue, NW, 6th Floor<br>Washington, D.C. 20004 |
| D.C Court of Appeals | 500 Indiana Avenue, N.W.<br>Washington, D.C.  20001 |
| Court Services & Supervision Agency for D.C. | 1418 Good Hope Road, SE<br>Washington, D.C.  20020 |
| Donna M. DeSilva | 2550 M Street, N.W.<br>Washington, D.C.  20037 |

/s/ Timothy K. Webster

**EXHIBIT 1**

---

**Original Florida Discipline**

| | | | |
|---|---|---|---|
| *Florida Bar v. Richardson* | 574 So.2d 60 (Fla.1990) | | |
| *Richardson v. Florida Bar* | 1990 WL 116727 | No. 90-984 (D.D.C. May 15, 1990) | *Richardson I-A* |
| *In re Richardson* | 602 A.2d 179 (D.C. 1992) | | *Richardson I-B* |

**Second Florida Discipline and Interim Suspension**

| | | | |
|---|---|---|---|
| *Florida Bar v. Richardson* | 604 So.2d 489 (Fla. 1992) | | |
| *In the Matter of Richardson* | | No. 95-BG-639 (D.C. June 27, 1995) | *Richardson II-A* |
| *Richardson v. D.C. Court of Appeals* | | No. 95-CV-1272 (D.D.C. Aug. 1, 1995) | *Richardson II-B* |
| *In re Richardson* | | No. 95-5241 (D.C. Cir. Aug. 10, 1995) | *Richardson II-C* |
| *Richardson v. D.C. Court of Appeals* | 83 F.3d 1512 (D.C. Cir. 1996) | No. 95-7211 | *Richardson II-D* |
| *In re Richardson* | | No. 95-8519 (D.C. Cir. Dec. 29, 1995) | *Richardson II-E* |
| *Richardson v. D.C. Court of Appeals* | 962 F.Supp. 1 (D.D.C. 1997) | No. 96-2535 | *Richardson II-F* |
| *Richardson v. D.C. Court of Appeals* | 1997 WL 811754 | No. 97-7085 (D.C. Cir. Dec. 9, 1997) | *Richardson II-G* |

**Investigation and Conviction of Unauthorized Practice of Law**

| | | | |
|---|---|---|---|
| *Richardson v. D.C. Bar* | | No. 96-CV-2286 (D.D.C. Jan. 13, 1997) | *Richardson III-A* |
| *Richardson v. D.C. Bar* | 1997 WL 404321 | No. 97-7051 (D.C. Cir. June 30, 1997) | *Richardson III-B* |
| *Richardson v. George Washington Univ.* | | No. CA-98-7961 (D.C. Super. Ct.) | *Richardson III-C* |
| *Richardson v. D.C. Court of Appeals* | | No. 97-CV-1594 (D.D.C. July 17, 1997) | *Richardson III-D* |
| *Richardson v. D.C. Court of Appeals* | | No. 97-7242 (D.C. Cir. Sept. 16, 1998) | *Richardson III-E* |
| *In re Richardson* | 759 A.2d 649 (D.C. 2000) | | *Richardson III-F* |
| *Richardson v. Court Servs. & Offend. Superv. Agency* | | No. 99-657 (D.D.C. Jul. 11, 2001) | *Richardson III-G* |

| | | | |
|---|---|---|---|
| *Richardson v. D.C. Court Servs. & Offend. Superv. Agency* | | No. 01-7135 | *Richardson III-H* |

**Final Discipline**

| | | | |
|---|---|---|---|
| *In re Richardson* | 692 A.2d 427 (D.C. 1997) | No. 95-BG-639 | *Richardson IV-A* |
| *Richardson v. D.C. Court of Appeals* | | No. 04-101 (D.D.C. Mar. 31, 2004) | *Richardson IV-B* |
| *Richardson v. District of Columbia* | | No. 05-210 (D.D.C. Mar. 30, 2005) | *Richardson IV-C* |
| *Richardson v. District of Columbia* | | No. 05-7078 (D.C. Cir. Nov. 2, 2005) | *Richardson IV-D* |

District of Columbia

Court of Appeals

No. 95-BG-639

In the Matter of                                          JUN 17 1995
T CARLTON RICHARDSON, ESQUIRE
A Member of the Bar of the
District of Columbia
Court of Appeals                            BDN:   180-94

BEFORE:  Ferren and King, Associate Judges; and Mack, Senior
         Judge.

· O R D E R ·

On consideration of Bar Counsel's submission to the Court of
a certified copy of an order of the Florida Supreme Court
accepting the resignation of respondent in lieu of disciplinary
proceedings, Bar Counsel's recommendation that the Court issue a
temporary suspension order pursuant to Rule XI, § 11 (d) of the
Rules Governing the Bar of the District of Columbia, the lodged
proposed order of suspension, respondent's motion for leave to
file exceptions to the recommendation of Bar Counsel for
temporary suspension, respondent's lodged exceptions, Bar
Counsel's motion to enlarge time to file response, Bar Counsel's
lodged response, it is

ORDERED that respondent's motion for leave to file
exceptions to the recommendation of Bar Counsel for temporary
suspension is granted and the Clerk shall file the lodged
exceptions.  It is

FURTHER ORDERED that Bar Counsel's motion is granted and the
Clerk shall file the lodged response.  It is

FURTHER ORDERED that Bar Counsel's recommendation that
respondent be suspended from the practice of law in the District
of Columbia pending final disposition of this proceeding is
granted.  It is

FURTHER ORDERED that Bar Counsel inform the Board on
Professional Responsibility of his position regarding reciprocal
discipline within 30 days of the date of this order.  Thereafter,
respondent shall show cause before the Board on Professional
Responsibility, if cause there be, within 10 days why identical,
greater or lesser discipline should not be imposed in the
District of Columbia.  It is

FURTHER ORDERED that the Board on Professional
Responsibility is directed to recommend promptly thereafter to
this Court whether identical, greater or lesser discipline should
be imposed as reciprocal discipline or whether the Board,

No. 95-BG-639

instead, elects to proceed de novo pursuant to Rule XI, § 11.  It is

FURTHER ORDERED that respondent's attention is drawn to the requirement of D.C. App. Rule XI, § 14 relating to suspended and disbarred attorneys and to the provisions of § 16 (c) dealing with the timing of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit.  It is

FURTHER ORDERED that the Clerk shall cause a copy of this order and the order of the Florida Supreme Court to be directed to the Chair of the Board on Professional Responsibility and transmitted to the respondent.  It is

FURTHER ORDERED that Bar Counsel advise the Court if the matter is concluded without the necessity of further Court action.

PER CURIAM

Copies to:

T. Carlton Richardson, Esquire
1505 Pennsylvania Avenue, S.E.
Washington, D.C.  20003

Hamilton P. Fox, Esquire
Chair
Board on Professional Responsibility
515 5th Street, N.W.
Building A, Room 127
Washington, D.C.  20001

Leonard H. Becker, Esquire
Bar Counsel
Office of Bar Counsel
515 5th Street, N.W.
Building A, Room 127
Washington, D.C.  20001

emb

A true Copy
Test:
WILLIAM H. NG
Clerk of the District of Columbia Court
of Appeals

BY _____
DEPUTY CLERK

REPRODUCED AT THE NATIONAL ARCHIVES

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **T. CARLTON RICHARDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civ. No. 95-1272 (TFH) |
| | ) |
| **DISTRICT OF COLUMBIA** | ) |
| **COURT OF APPEALS,** | ) |
| | ) |
| **Defendant.** | ) |

**FILED**

AUG - 1 1995

Clerk, U.S. District Court
District of Columbia

### ORDER

For the reasons stated in the bench opinion issued at the hearing today, it is hereby

**ORDERED** that the defendant's motion to dismiss is **GRANTED** and this case is dismissed.

This Court is without jurisdiction to consider the plaintiff's individual disciplinary status and will

abstain from addressing the plaintiff's constitutional arguments.  It is **FURTHER ORDERED**

that the plaintiff's motion for preliminary injunction and motion for partial summary judgment

are denied as moot.  It is **FURTHER ORDERED** that the motion of Bar Counsel to quash

certain subpoenae ad testificandum is also denied as moot.

July 28th, 1995

Thomas F. Hogan
United States District Judge

(N)
AO 72A

2 of 2 DOCUMENTS

**In re: T. Carlton Richardson**

**No. 95-5241**

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

*1995 U.S. App. LEXIS 28667*

**August 10, 1995, FILED**

**NOTICE:** [*1]   RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** 94cv01272.

**JUDGES:** BEFORE: Wald, Ginsburg, and Randolph, Circuit Judges

**OPINION:**

**ORDER**

Upon consideration of the petition for writ of mandamus, it is

**ORDERED** that the petition be denied. "The writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289, 99 L. Ed. 2d 296, 108 S. Ct. 1133 (1988).* In order to obtain mandamus relief, a petitioner must establish that there is no other adequate remedy available. *Council of and for the Blind of Del. County Valley, Inc. v. Regan, 228 U.S. App. D.C. 295, 709 F.2d 1521, 1533 (D.C. Cir. 1983)* (en banc). As Richardson can appeal the district court's order dismissing his action, he has failed to make such a showing. See *In re GTE Service Corp., 246 U.S. App. D.C. 45, 762 F.2d 1024, 1027 (D.C. Cir. 1985).*

**Per Curiam**

LEXSEE 83 F.3D 1513

## T. CARLTON RICHARDSON, APPELLANT v. DISTRICT OF COLUMBIA COURT OF APPEALS, APPELLEE

### No. 95-7211

### UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

*317 U.S. App. D.C. 465; 83 F.3d 1513; 1996 U.S. App. LEXIS 11836*

**May 7, 1996, Argued**
**May 24, 1996, Decided**

**PRIOR HISTORY:** [**1] Appeal from the United States District Court for the District of Columbia. (No. 95cv01272).

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant lawyer sought review of a judgment of the United States District Court for the District of Columbia, which dismissed his claim against his suspension from the practice of law and abstained from hearing his claim against the D.C. Bar rule, D.C. App. Rule XI § 11(d). The lawyer alleged that his suspension by appellee, the District of Columbia Court of Appeals, unconstitutionally deprived him of his liberty interest in practicing law.

**OVERVIEW:** Faced with disbarment proceedings in Florida, the lawyer petitioned the Supreme Court of Florida for permission to resign. His petition was granted. The District of Columbia Court of Appeals temporarily suspended him from the practice of law in the District. The lawyer filed suit. The district court dismissed his claim against his suspension for want of jurisdiction and abstained from hearing his claim against the D.C. Bar rule itself. On appeal, the court found that the lawyer's complaint about the D.C. Court of Appeals's order fell squarely within the Rooker-Feldman doctrine, under which federal district courts lacked jurisdiction to review judicial decisions by state and District of Columbia courts. Even if the suspension were not final for purposes of *28 U.S.C.S. § 1257*, the district court would have

lacked jurisdiction. The boundaries of § 1257's grant of Supreme Court jurisdiction did not prevent the application of Rooker-Feldman to the final decisions of lower state courts, or to state courts' interlocutory decisions. The lawyer's attacks on the constitutionality of the Bar rule were the same attack on the decision to suspend him. The district court lacked jurisdiction.

**OUTCOME:** The court affirmed the judgment of the district court.

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine*
*Civil Procedure > U.S. Supreme Court Review > State Court Decisions*
[HN1] Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts. Congress has vested federal court review of such decisions in the Supreme Court, *28 U.S.C.S. § 1257*, and Rooker-Feldman makes clear that that jurisdiction is exclusive.

*Civil Procedure > U.S. Supreme Court Review > State Court Decisions*
[HN2] The boundaries of *28 U.S.C.S. § 1257*'s grant of Supreme Court jurisdiction do not prevent the application of Rooker-Feldman to the final decisions of lower state courts, or to state courts' interlocutory decisions.

317 U.S. App. D.C. 465; 83 F.3d 1513, *;
1996 U.S. App. LEXIS 11836, **1

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine*
*Civil Procedure > U.S. Supreme Court Review > State Court Decisions*
[HN3] A United States Court of Appeals holds no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine*
[HN4] Despite Rooker-Feldman, a federal district court may sometimes have jurisdiction to hear a challenge to a general bar rule promulgated by a state or District of Columbia court in a nonjudicial capacity.

*Legal Ethics > Sanctions > Suspensions*
[HN5] See D.C. App. Rule XI § 11(d).

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine*
*Civil Procedure > U.S. Supreme Court Review > State Court Decisions*
[HN6] The principle allowing federal district court adjudication of attacks on bar rules would thoroughly undermine Rooker-Feldman if it encompassed claims that are "inextricably intertwined" with the judicial actions immunized under Rooker-Feldman.

**COUNSEL:** T. Carlton Richardson, appearing pro se, argued the cause and filed the briefs for appellant.

Martin B. White, Assistant Corporation Counsel, with whom Charles F. Ruff, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, argued the cause for appellee.

**JUDGES:** Before: WILLIAMS, HENDERSON and RANDOLPH, Circuit Judges. Opinion for the court filed by Circuit Judge WILLIAMS.

**OPINION BY:** WILLIAMS

**OPINION:**

[*1514] WILLIAMS, *Circuit Judge*: Faced with disbarment proceedings in Florida, T. Carlton Richardson petitioned the Supreme Court of Florida for permission to resign, with leave to reapply in three years. The court granted the petition and deemed Richardson to have resigned.

The District of Columbia Court of Appeals thereupon temporarily suspended Richardson from the practice of law in the District, to enable the D.C. Board on Professional Responsibility to conduct reciprocal disciplinary proceedings against him. See *In the Matter of T. Carlton Richardson*, No. 95-BG-639 (D.C. App. 1993). Richardson filed suit in federal district court alleging that [**2] his temporary suspension, and the D.C. Bar rule that permits it, see D.C. App. Rule XI § 11(d), unconstitutionally deprive him, without due process, of his liberty interest in practicing law.

The district court dismissed Richardson's claim against his suspension for want of jurisdiction under *District of Columbia v. Feldman, 460 U.S. 462, 476, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983)*, and abstained from hearing his claim against the D.C. Bar rule itself under *Younger v. Harris, 401 U.S. 37, 43-54, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971)*. Richardson appealed. Because the district court lacked jurisdiction to hear either of Richardson's claims, we affirm without reaching the issue of *Younger* abstention.

Richardson's complaint to the district court about the D.C. Court of Appeals's order falls squarely within [HN1] the *Rooker-Feldman* doctrine, under which federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts. See *Feldman*; *Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 68 L. Ed. 362, 44 S. Ct. 149 (1923)*. Congress has vested federal court review of such decisions in the Supreme Court, see *28 U.S.C. § 1257*, and *Rooker-Feldman* makes clear that that jurisdiction is exclusive.

Richardson does not deny [**3] that the order effecting his suspension was a judicial decision. Rather,

he says that the order is merely interlocutory, and that *Rooker-Feldman*'s bar against district court jurisdiction was meant to apply only coextensively with the set of "final judgments or decrees rendered by the highest court of a State" reviewable by the Supreme Court under § 1257.

The District argues that the order of the D.C. Court of Appeals temporarily suspending Richardson is clearly a "final" decision for purposes of § 1257, much as the Georgia Supreme Court's reversal of the lower court's denial of a temporary injunction was final in *Construction Laborers' v. Curry, 371 U.S. 542, 548-552, 9 L. Ed. 2d 514, 83 S. Ct. 531 (1963)*. See also *Nat'l Socialist Party v. Skokie, 432 U.S. 43, 44, 53 L. Ed. 2d 96, 97 S. Ct. 2205 (1977)* (reviewing as final a state supreme court's refusal to stay trial court's injunction pending appeal). Richardson's complaint is that his temporary suspension violates the Constitution, and its rejection by the D.C. Court of Appeals appears to be amenable to treatment as a final order: the issue is legally entirely separate from any claims to be resolved in the substantive [*1515] disciplinary proceedings that appear destined to follow; it has [**4] been finally resolved by the D.C. Court of Appeals; and it cannot be cured by any remedy given at the end of the substantive proceedings. See *Curry, 371 U.S. at 549; Cohen v. Beneficial Industrial Loan Co., 337 U.S. 541, 546-47, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949)* (setting out the elements of this test); cf. *Board of Education v. Illinois State Board of Education, 79 F.3d 654, 656-59 (7th Cir. 1996)* (finding an order appealable both as an appealable interlocutory order under *28 U.S.C. § 1292(a)(1)* and as a "final" order under *Cohen*).

Even if the suspension were not final for purposes of *28 U.S.C. § 1257*, the district court would have lacked jurisdiction. We cannot imagine how one could reconcile *Feldman*'s reasoning, based as it is on allowing state courts to arrive at decisions free from collateral federal attack, with the idea that the district court would be free to review Richardson's suspension so long as the decision was *interlocutory*. Indeed, other circuits have persuasively concluded that [HN2] the boundaries of § 1257's grant of Supreme Court jurisdiction do not prevent the application of *Rooker-Feldman* to the final decisions of *lower* state courts, or to state courts' interlocutory [**5] decisions. As the Fifth Circuit explained, discussing *Feldman*,

[HN3] we hold no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system.

*Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986)* (refusing to entertain constitutional challenge to state court divorce decree). See also *Keene Corp. v. Cass, 908 F.2d 293, 297 & n.2 (8th Cir. 1990)* (*Feldman* bars federal district court from hearing constitutional challenge to state court's discovery order); cf. *Port Auth. PBA v. Port Auth. of N.Y. & N.J., 973 F.2d 169, 177 (3rd Cir. 1992)* (*Rooker-Feldman*'s bar applies to decisions of lower state courts in addition to those of the highest one).

[HN4] Despite *Rooker-Feldman*, a federal district court may sometimes have jurisdiction to hear a challenge to a general bar rule promulgated by a state or District of Columbia court in a nonjudicial capacity. *Feldman, 460 U.S. at 482-86 & n.16*. We thus turn to consider the district court's possible jurisdiction over Richardson's purportedly independent claims as to the constitutionality of the rule that [**6] the D.C. Court of Appeals applied. D.C. App. Rule XI § 11(d) provides:

[HN5] Upon receipt of a certified copy of an order demonstrating that an attorney ... has been suspended ... by a disciplining court outside the District of Columbia ..., the [D.C.] Court [of Appeals] shall forthwith enter an order suspending the attorney from the practice of law in the District of Columbia pending final disposition of any reciprocal disciplinary proceeding, and directing the attorney to show cause within thirty days from the date of the order why the identical discipline should not be imposed.

[HN6] The principle allowing federal district court adjudication of attacks on bar *rules* would, of course, thoroughly undermine *Rooker-Feldman* if it encompassed claims that are "inextricably intertwined" with the *judicial actions* immunized under *Rooker-Feldman*. *Feldman, 460 U.S. at 483-84 n.16*. In *Feldman* itself, attorneys who had not graduated from ABA-accredited

317 U.S. App. D.C. 465; 83 F.3d 1513, *1515;
1996 U.S. App. LEXIS 11836, **6

law schools challenged both the District's refusal to waive the accreditation requirement (when, it was claimed, the District had done so for similarly situated applicants) and the rule under which the District generally [**7] refused to admit such applicants. The plaintiffs' attacks on the District rule were found to be extricable from the District's refusal to grant a waiver, as the former did not even contemplate the granting of a waiver. Thus, the core of plaintiffs' generalized challenge was independent of the specific decision to deny a waiver and the unequal treatment that it was claimed to demonstrate. *Id. at 487-88 & n.18.*

Richardson's attacks on § 11(d)'s constitutionality, however, are not merely intertwined with his attack on the decision to suspend him but are one and the same--namely, that application of § 11(d)'s procedures [*1516] (or lack of procedures) deprives him of his liberty interest in the practice of law without due process. His attack on the rule cannot be contemplated without his attack on his suspension. Absent any actual or imminent application to Richardson, it is doubtful that he would have standing to secure adjudication of his general due process claim. See *Levin v. Attorney Registration and Disciplinary Commission of the Supreme Court of Ill., 74 F.3d 763, 766-68 (7th Cir. 1996)* (after plaintiff was disbarred, he would lack the "personal stake" needed for an independent [**8] constitutional attack on state's rules

concerning disbarment); see also *City of Los Angeles v. Lyons, 461 U.S. 95, 105, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983)* (plaintiff has no standing to seek injunctive relief against police chokehold practice without showing imminent application to himself); *Facio v. Jones, 929 F.2d 541, 544-45 (10th Cir. 1991)* (plaintiff lacks standing to challenge state rules on default judgments, under which he lost a case, independent of his attempt to have the judgment against him undone). The *actual* application of § 11(d) is obviously encompassed in the Court of Appeals's order and review barred under *Feldman; imminent* application is not in the cards, as Richardson has already been suspended. By contrast, if the *Feldman* plaintiffs lost their attack on the court's denial of waivers of the accreditation rule, they might still be positioned to attack the rule itself.

The district court therefore lacked jurisdiction over Richardson's claims. Richardson is entitled to have his claims heard through the course of proceedings in the District of Columbia courts and, if unsatisfied, through petition for certiorari under *28 U.S.C. § 1257.* The decision of the district court [**9] to dismiss his claims is therefore

*Affirmed.*

LEXSEE 962 FSUPP 1

**T. CARLTON RICHARDSON, Plaintiff, v. DISTRICT OF COLUMBIA COURT OF APPEALS et al., Defendants.**

**Civil Action No. 96-02535 (SS)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

*962 F. Supp. 1; 1997 U.S. Dist. LEXIS 4558*

**March 26, 1997, Decided**
**March 27, 1997, FILED**

**DISPOSITION:** [**1] Defendants' motions for summary judgment GRANTED; and case DISMISSED.

**COUNSEL:** T. CARLTON RICHARDSON, plaintiff, Pro se, Washington, DC.

For DISTRICT OF COLUMBIA COURT OF APPEALS, defendant: Charles W. Scarborough, ARNOLD & PORTER, Washington, DC. Lisa Annette Bell, OFFICE OF CORPORATION COUNSEL, D.C., Washington, DC. For BOARD ON PROFESSIONAL RESPONSIBILITY, DCCA, defendant: Charles W. Scarborough, (See above). For LEONARD H. BECKER, defendant: Charles W. Scarborough, (See above). For DONNA M. DESILVA, defendant: Charles W. Scarborough, (See above).

**JUDGES:** Stanley Sporkin, United States District Judge

**OPINION BY:** Stanley Sporkin

**OPINION:**

[*1] MEMORANDUM OPINION

This matter is before the Court on Defendants' motions to dismiss and Plaintiff's opposition thereto. The Court heard oral argument on this matter on February 21, 1997.

Plaintiff, pro se, challenges on Constitutional grounds his March 12, 1996 temporary suspension from the District of Columbia bar. Plaintiff was suspended following his resignation from the Florida bar, n1 pursuant to D.C. App. Rule XI § 11(d), which provides for temporary suspension in the District of Columbia upon notice to the D.C. Court of Appeals that an attorney [**2] has been suspended from another state's bar. Plaintiff contends that he should not have been suspended in the District of Columbia because he resigned in Florida. He claims he was denied due process under the Fourteenth Amendment because the D.C. Court of Appeals did not give him a hearing on this issue before temporarily suspending him. He seeks injunctive and monetary relief.

> n1 Plaintiff voluntarily resigned from the Florida bar following allegations that he had engaged in misconduct.

Plaintiff previously challenged the constitutionality of his temporary suspension before Judge Hogan in Case No. 95-CV-1272. Judge Hogan dismissed Plaintiff's claim because federal district courts lack jurisdiction to hear challenges to the attorney disciplinary proceedings of state courts. Judge Hogan's decision was affirmed by the D.C. Circuit in *Richardson v. District of Columbia Court of Appeals, 317 U.S. App. D.C. 465, 83 F.3d 1513 (D.C. Cir. 1996).*

Plaintiff has not distinguished this case from the suit he brought [**3] before Judge Hogan. The D.C. Circuit was clear in that case:

> Richardson's attacks on § 11(d)'s constitutionality. . . are not merely intertwined with his attack on the decision

Case 1:06-cv-01665-RJL    Document 10-7    Filed 11/21/2006    Page 2 of 2

Page 2

962 F. Supp. 1, *1; 1997 U.S. Dist. LEXIS 4558, **3

to suspend him but are one and the same -- namely, that application of § 11(d)'s procedures (or lack of procedures) deprives him of his liberty interest in the practice of law without due process. His attack on the rule cannot be contemplated without his attack on his suspension.

*83 F.3d at 1515-16.* The decision to temporarily suspend Plaintiff was a final judgment of the D.C. Court of Appeals. Id. at 1514-15. This Court cannot review the constitutionality of the underlying D.C. Bar rule if the net effect is to reverse that final judgment. Id. at 1514-16. Plaintiff can attack that decision [*2] by seeking certiorari to the United States Supreme Court. Id. at 1515. n2

n2 Even if this Court were to reach the substantive question of Plaintiff's due process rights, it is not apparent, based on Plaintiff's own representations, how his due process rights were violated. Although Plaintiff did not appear in person before the D.C. Court of Appeals before the temporary suspension was first initiated, he was given notice and did respond to that notice in writing. It was the opportunity to respond in writing that constituted Plaintiff's due process. He was granted further due process when he appeared before the D.C. Court of Appeals for a post-deprivation hearing.

[**4]

It is clear to the Court that Plaintiff is trying to get, at the very least, a second bite at the apple. Having previously been rebuffed by Judge Hogan and the D.C.

Circuit, Plaintiff has attempted to bring the same action again. Plaintiff, like many pro se litigants, feels very passionate about his cause, as was demonstrated by his "vigorous" performance at oral argument. Nevertheless, this Court has broad powers under *Fed. R. Civ. Pro. 11* to sanction an attorney or party who abuses the process by bringing frivolous or repetitive litigation. If Plaintiff's ultimate goal is to be reinstated as an attorney in the District of Columbia or elsewhere, he would do well to think hard before filing another suit such as this one.

The Court will grant Defendants' motions for summary judgment. An appropriate order follows this opinion.

3/26/97
Date

    Stanley Sporkin

    United States District Judge

    ORDER

This matter is before the Court on Defendants' motions to dismiss and Plaintiff's opposition thereto. For the reasons stated in the attached Memorandum Opinion, it is hereby

**ORDERED** that Defendants' motions for summary judgment be **GRANTED**; and it is further

[**5] **ORDERED** that this case be **DISMISSED**.

3/26/97
Date

    Stanley Sporkin

    United States District Judge

2 of 3 DOCUMENTS

**T. Carlton Richardson, Appellant v. District of Columbia Court of Appeals, et al., Appellees**

**No. 97-7085**

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

*1997 U.S. App. LEXIS 37569*

**December 9, 1997, Filed**

**NOTICE:** [*1] RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:**

96cv02535.

**DISPOSITION:** Motions for summary affirmance granted.

**COUNSEL:** T. CARLTON RICHARDSON, Pro se, Washington, DC.

For DISTRICT OF COLUMBIA COURT OF APPEALS: Charles Wylie Scarborough, Arnold & Porter, Lutz A. Prager, Assistant Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, Jo Anne Robinson, Interim Corporation Counsel, Office of Corporation Counsel, Washington, DC.

For BOARD ON PROF. RESPONSIBILITY OF THE D.C. COURT OF APPEALS, LEONARD H. BECKER, DONNA M. DESILVA: Kenneth A. Letzler, Charles Wylie Scarborough, John A. Freedman, Arnold & Porter, Washington, DC.

**JUDGES:** BEFORE: Ginsburg, Sentelle, and Henderson, Circuit Judges.

**OPINION:**

**ORDER**

Upon consideration of the motions for summary affirmance, the response thereto, and the replies, it is

**ORDERED** that the motions for summary affirmance be granted substantially for the reasons stated by the district court in its order filed March 27, 1997. Because appellant essentially seeks review of decisions of the District of Columbia [*2] Court of Appeals, and his general constitutional challenge to that court's rule is inextricably intertwined with those decisions, the district court correctly found jurisdiction lacking. See *Richardson v. District of Columbia Court of Appeals, 317 U.S. App. D.C. 465, 83 F.3d 1513 (D.C. Cir. 1996); see also Stanton v. District of Columbia Court of Appeals, 326 U.S. App. D.C. 404, 127 F.3d 72, 1997 WL 637610 (D.C. Cir. 1997); Levin v. Attorney Registration and Disciplinary Comm'n of the Supreme Court of Ill., 74 F.3d 763 (7th Cir.), cert. denied, 518 U.S. 1020, 135 L. Ed. 2d 1072, 116 S. Ct. 2553 (1996).* The merits of the parties' positions are so clear as to warrant summary action. See *Taxpayers Watchdog, Inc. v. Stanley, 260 U.S. App. D.C. 334, 819 F.2d 294, 297 (D.C. Cir. 1987)* (per curiam); *Walker v. Washington, 201 U.S. App. D.C. 82, 627 F.2d 541, 545 (D.C. Cir.)* (per curiam), cert. denied, *449 U.S. 994 (1980).*

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See [*3] D.C. Cir. Rule 41.

**Per Curiam**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA BAR, et al.,

    Defendants.

Civil Action No. 96-02286 (SS)

**FILED**

**JAN 13 1997**

**Clerk, U.S. District Court
District of Columbia**

## ORDER

This matter is before the Court on defendants' motions to dismiss. Plaintiff complains that an investigation by the D.C. bar violated his federal Constitutional rights. The Court has held a hearing on this matter and determined that this challenge to D.C. Bar proceedings should have been brought in the District of Columbia.

The D.C. Court of Appeals has exclusive jurisdiction over the membership of the bar. D.C. Code Ann. § 11-2501(a) (1981). The plaintiff cannot circumvent the D.C. Court of Appeals' jurisdiction by suing in this Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). No creative pleading on plaintiff's part can bring this matter within the jurisdiction of this Court. Accordingly, it is hereby

**ORDERED** that this case be **DISMISSED** as to all parties.

_1/10/97_
Date

Stanley Sporkin
United States District Judge

2 of 2 DOCUMENTS

**T. Carlton Richardson, Appellant v. District of Columbia Bar Association, et al., Appellees**

**No. 97-7051**

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

*1997 U.S. App. LEXIS 19078*

**June 30, 1997, FILED**

**NOTICE:** [*1] RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** 96cv02286.

**DISPOSITION:** Motion for leave to file a surreply denied. Motion for summary reversal denied. Motion for summary affirmance granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pretrial Matters > Subpoenas*
*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection*
*Constitutional Law > Bill of Rights > State Application*
[HN1] The Fourteenth Amendment does not apply to the District of Columbia.

*Constitutional Law > Relations Among Governments > Privileges & Immunities*
*Constitutional Law > Privileges & Immunities*
[HN2] The Privileges and Immunities Clause of U.S. Const. art. IV, § 2 applies only to claims that a state illegally discriminates against nonresidents.

**COUNSEL:** T. CARLTON RICHARDSON, Pro se, Law Offices of Theodore Carlton Richardson, Washington, DC.

For DISTRICT OF COLUMBIA BAR ASSOCIATION:

Elizabeth Sarah Gere, Erik Jorma Salovaara, Ross, Dixon & Masback, Washington, DC. For LEONARD H. BECKER: Hamilton Phillips Fox, III, Sutherland, Asbill & Brennan, Washington, DC. For DONNA M. DESILVA: Hamilton Phillips Fox, III, (See above). For GARLAND PINKSTON, JR.: Charles L. Reischel, Deputy Corporation Counsel, Jo Anne Robinson, Acting Corporation Counsel, Corporation Counsel, (Appellate Division), Washington, DC. For SIGNET BANK NA: Robert Lawrence Ferguson, Jr., Ferguson, Schetelich, Heffernan & Murdock, Baltimore, MD.

**JUDGES:** BEFORE: Wald, Rogers, and Tatel, Circuit Judges

**OPINION:**

### ORDER

Upon consideration of the motion for summary reversal, and the opposition thereto; the motion for leave to file a surreply; the motion [*2] for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for leave to file a surreply be denied. The Clerk is directed to return the lodged surreply. It is

**FURTHER ORDERED** that the motion for summary reversal be denied. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See *Taxpayers Watchdog, Inc. v. Stanley, 260 U.S. App. D.C.*

*334, 819 F.2d 294, 297 (D.C. Cir. 1987)* (per curiam); *Walker v. Washington, 201 U.S. App. D.C. 82, 627 F.2d 541, 545 (D.C. Cir.)* (per curiam), cert. denied, *449 U.S. 994 (1980).* The district court's dismissal of appellant's complaint was proper because the complaint failed to state a claim upon which relief could be granted. Appellees' alleged actions did not violate appellant's privacy rights under either the Fourth or Fifth Amendments because he neither owned nor possessed the check used to institute the investigation or the bank records which were subpoenaed. See *United States v. Miller, 425 U.S. 435, 440, 442-43, 445-46, 48 L. Ed. 2d 71, 96 S. Ct. 1619 (1976); Donaldson v. United* [*3] *States, 400 U.S. 517, 522-24, 27 L. Ed. 2d 580, 91 S. Ct. 534 (1971);* see also *In re McVane, 44 F.3d 1127, 1137-38 & n.4 (2d Cir. 1995).* Moreover, because appellant had no constitutionally protected liberty or property interest in the check or bank records at issue, appellees' actions did not violate his procedural due process rights. See *Miller, 425 U.S. at 443 n.5* (bank customer not entitled to notice of bank's receipt of or intent to comply with subpoena for customer's bank records); *United States v. Continental Bank & Trust Co., 503 F.2d 45, 49 (1974)* (same). The court notes that appellant's reliance on the Fourteenth Amendment is misplaced, as [HN1] the Fourteenth Amendment does not apply to the District of Columbia. See *Bolling v. Sharpe, 347 U.S. 497, 499, 98 L. Ed. 884, 74 S. Ct. 693 (1954)* (applying Fifth Amendment to District of Columbia because the Fourteenth Amendment applies only to states). Likewise, appellant's recent invocation of [HN2] the Privileges and Immunities Clause of Article IV, Section 2 of the Constitution is of no help to him, as that provision applies only to claims that a state illegally discriminates against nonresidents, see *Hague v. C.I.O.,* [*4] *307 U.S. 496, 511, 83 L. Ed. 1423, 59 S. Ct. 954 (1939),* and Richardson did not allege either that he is a nonresident of the District of Columbia or that appellees treated him differently from how it treats District of Columbia residents in like cases.

Finally, the allegations in the complaint provided no basis to impose common law tort liability upon appellees for wrongful disclosure, intentional infliction of emotional distress, or wrongful interference with appellant's economic interests.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41.

**Per Curiam**

CLOSED, JURY, TYPE-D

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:97-cv-01594-SS

RICHARDSON v. DC COURT OF APPEALS       Date Filed: 07/11/1997
Assigned to: Stanley Sporkin       Jury Demand: Plaintiff
Demand: $0       Nature of Suit: 440 Civil Rights: Other
Cause: 28:1331 Federal Question: Other Civil Rights       Jurisdiction: Federal Question

**Plaintiff**

**T. CARLTON RICHARDSON**     represented by   **T. CARLTON RICHARDSON**
1505 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 347-4466
Fax: AREA CODE (202)
PRO SE

V.

**Defendant**

**DISTRICT OF COLUMBIA COURT
OF APPEALS**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/1997 | 1 | COMPLAINT filed by plaintiff T. CARLTON RICHARDSON; jury demand (st) (Entered: 07/22/1997) |
| 07/11/1997 | | SUMMONS issued for defendant DC COURT OF APPEALS (st) (Entered: 07/22/1997) |
| 07/11/1997 | 2 | MOTION filed by plaintiff T. CARLTON RICHARDSON for temporary restraining order (st) (Entered: 07/22/1997) |
| 07/11/1997 | | MOTION HEARING before Judge Stanley Sporkin denied motion for temporary restraining order [2-1] by T. CARLTON RICHARDSON Reporter: B. Byrne (lin) (Entered: 07/22/1997) |
| 07/17/1997 | 3 | ORDER by Judge Stanley Sporkin : denying motion for temporary restraining order [2-1] by T. CARLTON RICHARDSON dismissing case(N) (lin) (Entered: 07/23/1997) |
| 07/30/1997 | 4 | MOTION filed by plaintiff T. CARLTON RICHARDSON for reconsideration of order [3-1] (st) (Entered: 07/31/1997) |
| 11/26/1997 | 5 | ORDER by Judge Stanley Sporkin : denying motion for reconsideration of order [3-1] [4-1] by T. CARLTON RICHARDSON (N) (lin) (Entered: |

| | | |
|---|---|---|
| | | 12/02/1997) |
| 12/24/1997 | 6 | NOTICE OF APPEAL by plaintiff T. CARLTON RICHARDSON from order [5-1], order [3-1] , entered on: 7/23/97 dismissing complaint,12/2/97 denying motion for reconsideration. Fees paid, copies mailed. (st) (Entered: 12/29/1997) |
| 12/29/1997 | | TRANSMITTED PRELIMINARY RECORD on appeal [6-1] by T. CARLTON RICHARDSON to U.S. Court of Appeals (st) (Entered: 12/29/1997) |
| 12/30/1997 | | USCA # 97-7242 assigned for appeal [6-1] by T. CARLTON RICHARDSON (st) (Entered: 12/31/1997) |
| 01/20/1999 | 7 | CERTIFIED COPY of judgment filed in USCA dated 9/16/98, on appeal [6-1] , affirming the judgment of USDC . USCA # 97-7242 (cjp) (Entered: 01/20/1999) |

### PACER Service Center

#### Transaction Receipt

11/21/2006 16:56:30

| PACER Login: | bc0229 | Client Code: | wes-wrwr |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:97-cv-01594-SS |
| Billable Pages: | 1 | Cost: | 0.08 |

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 97-7242**                          **September Term, 1998**
                                                    97cv01594

T. Carlton Richardson,
          Appellant

          v.

District of Columbia Court of Appeals,
          Appellee



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    MAR 2 5 1999

CLERK

**BEFORE:**    Wald, Williams, and Garland, Circuit Judges

## O R D E R

Upon consideration of appellee's motion for Fed. R. App. P. 38 sanctions, the opposition thereto; appellant's cross-motion for sanctions and petition for writ of habeas corpus and/or general appeal writ, and the opposition thereto, and reply, it is

**ORDERED** that appellee's motion for sanctions be granted. Appellant's repeated attempts to litigate claims concerning his disbarment proceedings in the federal courts even though the federal courts lack jurisdiction under the _Rooker-Feldman_ doctrine, _see District of Columbia Court of Appeals v. Feldman_, 460 U.S. 462, 486 (1983); _Rooker v. Fidelity Trust Co._, 263 U.S. 413, 415-416 (1923); _see also Richardson v. District of Columbia Court of Appeals_, 83 F.3d 1512, 1514 (D.C. Cir. 1996), warrant sanctions in this instance. Appellant is directed to pay $300.00 directly to the District of Columbia Court of Appeals within 30 days of the date of this order. It is

**FURTHER ORDERED** that the motion for cross-sanctions and for writ of habeas corpus and/or general writ be denied.

The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    _Scott M. McClure_

Deputy Clerk/LD

FILED

JUL 11 1997

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA

JURY
ACTION

T. CARLTON RICHARDSON,                    )
1505 Pennsylvania Ave., SE
Washington, DC  20003-3117

        **Plaintiff,**

vs.

DISTRICT OF COLUMBIA COURT OF
APPEALS
500 Indiana Avenue, NW, 6th Flr.
Washington, DC  20001

        **Defendant.**                )

CASE NUMBER  1:97CV01594

JUDGE: Stanley Sporkin

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 07/11/97

)

)

)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## AND FOR INJUNCTIVE RELIEF
### (Verified)

### [DEMAND FOR JURY TRIAL]

    This  is  a civil rights complaint for violation of  rights
guaranteed  to citizens of the United States from deprivation  by
state action under the 4th (unlawful search and  seizure) and  5th
(denial  of  due process; privilege against  self-incrimination)
Amendments.

### Parties

    1.  That the plaintiff, T. Carlton Richardson, is a resident
of the District of Columbia.

    2.   That  the  defendant, District  of  Columbia  Court  of
Appeals, is division of the D.C. Government.

### Jurisdiction

    3.  That the jurisdiction of the court lies in the Privilege

1

and Immunities Clause of Article IV, Section 2 of the U.S. Constitution, which is self-executing, 42 U.S.C. Sec. 1983 [deprivation of rights by "(a)ny person ... under color of" state law, custom or usage], 28 U.S.C Sec. 1331 giving the court "original jurisdiction of all civil rights actions arising under the Constitution, laws or treaties of the United States", 42 US.C. Sec. 1343(a)(3) for deprivation of civil rights and Sec. 1343(a)(4) to recover damages or obtain equitable relief under congressional civil rights acts; and 42 U.S.C. Sec. 1988 for proceedings in vindication of civil rights and attorney fees.

<u>Statement of Claim</u>

4. That the defendant, in addition to being the judicial department of the D.C. Government, is also charged with the exclusive responsibility for the regulation of the practice of law pursuant to D.C. Code Sec. 11-2500 et al. which includes the promulgation of professional rules of conduct and the enforcement of those rules against attorneys who commit misconduct.

5. That the plaintiff is a attorney subject to the jurisdiction of the defendant governing the practice of law.

6. That defendant regulates the practice of law via an unincorporated association known as the "D.C. Bar" which is divided into an administrative division also known as the "D.C. Bar" and a disciplinary division consisting of a Board on Professional Responsibility (Board) which enforces and adjudicates disciplinary matters brought against attorneys and an

2

Office of Bar Counsel (OBC) which investigates and prosecutes disciplinary matters brought against attorneys.

7.    That defendant, through its OBC, commenced two investigations relating to the plaintiff, one in May, 1996 for the unauthorized practice of law under the disciplinary rules governing that subject and another in July, 1996 for the "potential misuse of client funds" under the disciplinary rule governing the safekeeping of client property.

8.    That in furtherance of those investigations OBC issued subpoenas in July, 1996 for the bank records of the plaintiff without informing the plaintiff under the disciplinary subpoena procedure of the Board which permits unreviewed and sole discretion in OBC when issuing investigatory subpoenas which violates the 4th Amendment.

9.    That based primarily upon an audit and review of the subpoenaed bank records received in August, 1996, OBC issued a subpoena to the plaintiff to produce documents concerning certain named individuals or entities in October, 1996.

10.    That the plaintiff failed to comply with the subpoenas prompting OBC in January, 1997 to seek an order directing compliance by the defendant. An order by the defendant was issued for enforcement of the subpoenas in February, 1997.

11.    That the plaintiff failed to comply with the defendant's February, 1997 enforcement order which prompted OBC

3

to seek an order to show cause from the defendant addressed to the plaintiff to enforce compliance via the imposition of a contempt sanction.

12.    That in May, 1997 the defendant served the plaintiff by regular mail, although personal service was required by law, a show cause order for contempt regarding plaintiff's noncompliance with its February, 1997 enforcement order relating to the subpoenas.    Under the show cause order the defendant appointed a judge in the D.C. Superior Court, Hon. Harold L. Cushenberry, Jr. (presiding judge), to serve upon a temporary special appointment on the D.C. Court of Appeals (defendant herein) for purposes of hearing.

13.    That in response to the defendant's show cause order for contempt the plaintiff filed a motion in limine on June 4, 1996 requesting, among other relief to quash service the show cause order for lack of personal service, to appoint defense counsel for the plaintiff, and to disqualify OBC as the prosecutor since plaintiff intended to call members of the office as witnesses in his defense.    This relief was denied by the defendant's presiding judge and, upon plaintiff's expedited appeal, this denial was confirmed by the defendant's appeal panel on July 2, 1996.

14. That plaintiff issued subpoenas to a nonparty employee of the defendant's D.C. Bar and to three members of OBC by certified mail as permitted under the bar rules to testify at the contempt hearing.    These witnesses filed motions to quash which were

4

granted  ex parte without according the plaintiff an  opportunity to respond by the defendant's presiding judge.

15.   That on July 10,  1997 the defendant's presiding judge began  contempt hearings wherein the plaintiff moved for a  trial by jury claiming that these quasi-criminal contempt  proceedings. This was denied by the defendant's presiding judge.

16.   That  the  plaintiff was  prevented  from  interposing defenses  based  upon  the  invalidity of the subpoenas due to  (a) their issuance under an unconstitutional subpoena procedure,  (b) the  unconstitutionality  of the an underlying order  of  interim suspension upon which the unauthorized practice of law was based, (c) the failure to follow the procedural rules for commencing  an investigation  and  on  the  prohibited  premature  issuance  of subpoenas, (d) a lack of probable cause to commence the entrusted funds inquiry, and (e) prosecutorial misconduct in conducting the investigation arising from misrepresentations and omissions and a failure  to  disclose  information material  to  the  plaintiff's defense  of any alleged charges of misconduct.   Plaintiff  also claimed  that the prosecutorial misconduct estopped the  OBC  and the  defendant  from  seeking  enforcement of  the  subpoenas  by contempt.

17.   That  the  contempt  proceedings,  conducted  in  the foregoing  respects (and otherwise) violated the  procedural  and substantive due process civil rights of the plaintiff,  resulting

5

in a finding of contempt on July 10, 1997 by the defendant's presiding judge and the imposition of a minimum one year jail term or until compliance, more or less, which was stayed until Monday, July 14, 1996 at 0930 hours a which time the plaintiff is to comply with the subpoenas or face jail. See, Exhibit "A", Copy of Court's Orders (Show Cause & Contempt), annexed.

18. That unless this court acts promptly the plaintiff will be required to comply the subpoenas under the coercion and compulsion of the contempt order thereby surrendering valuable constitutional civil rights or being deprived of his liberty.

## Relief Requested

Wherefore, the plaintiff request that the following relief: (a) issuance of a temporary, preliminary and permanent junction with nominal bond against the continuation of the contempt proceedings; (b) award of compensatory (including mental pain and suffering) and punitive damages in an amount in excess of $150,000, costs and a reasonable attorney's fee; and (c) award such further relief as the court deems necessary and proper.

## Verification

Under penalty of perjury, the plaintiff affirms that factual statements contained herein are true to the best of his knowledge, information and belief.

_____
T. CARLTON RICHARDSON

6

2 of 3 DOCUMENTS

**T. Carlton Richardson, Appellant v. District of Columbia Court of Appeals, Appellee**

**No. 97-7242**

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

*1998 U.S. App. LEXIS 26029*

**September 16, 1998, Filed**

**NOTICE:** [*1] RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *1998 U.S. App. LEXIS 38370.*

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. 97cv01594.

**DISPOSITION:** Affirmed.

**COUNSEL:** T. CARLTON RICHARDSON, Plaintiff - Appellant, Pro se, Washington, DC.

For DISTRICT OF COLUMBIA COURT OF APPEALS, Defendant - Appellee: John M. Ferren, Corporation Counsel, Lutz A. Prager, Assistant Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, Office of Corporation Counsel, Washington, DC.

**JUDGES:** BEFORE: Wald, Williams, and Garland, Circuit Judges.

**OPINION:**

**JUDGMENT**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* D.C. Cir. Rule 36(b). It is

**ORDERED AND ADJUDGED** that the district court's order filed July 17, 1997 be affirmed. Federal courts lack jurisdiction [*2] to review the judicial acts of state courts. *See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416, 68 L. Ed. 362, 44 S. Ct. 149 (1923); Richardson v. District of Columbia Court of Appeals, 317 U.S. App. D.C. 465, 83 F.3d 1513, 1514 (D.C. Cir. 1996).* Appellant sought relief on the basis of alleged judicial errors in his contempt proceeding in the D.C. Superior Court, and thus the complaint was properly dismissed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. Cir. Rule 41.

**Per Curiam**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON,      ) | |
|      ) | |
|      **Plaintiff,**      ) | |
|      ) | |
| **v.**      ) | Civil Action No.  04-101 (ESH) |
|      ) | |
| **DISTRICT OF COLUMBIA COURT**      ) | |
| **OF APPEALS,**      ) | |
|      ) | |
|      **Defendant.**      ) | |
| _____ ) | |

## MEMORANDUM OPINION

Plaintiff has now filed suit for the third time against the District of Columbia Court of Appeals.  Each of these suits involves a challenge to the constitutionality of his temporary suspension from the District of Columbia Bar.  Since both of his prior suits were dismissed for lack of jurisdiction, this Court issued an Order on March 10, 2004, requiring plaintiff to show cause on or before March 20, 2004, why this case should not also be dismissed for lack of jurisdiction.  Based on consideration of his response to that Order and a review of his complaint, the Court finds that this case is indistinguishable from the suits he brought before Judges Hogan and Sporkin, and, therefore, this Court lacks jurisdiction to entertain plaintiff's challenge.[1/]

In two prior suits, plaintiff attempted to challenge D.C. Bar Rule XI, § 11(d), which

---

[1/]  The Court may consider *sua sponte* its own subject matter jurisdiction at any time. *Murphy Exploration and Prod. Co. v. United States Dep't of Interior*, 252 F.3d 473, 479-80 (D.C. Cir.), *modified on other grounds*, 252 F.3d 473 (D.C. Cir. 2001); *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

-1-

requires the D.C. Court of Appeals to temporarily suspend from the practice of law an attorney

who has been suspended by a disciplining court outside the District of Columbia. In both cases,

the court concluded that it lacked jurisdiction to consider his claim. *See Richardson v. Dist. of*

*Columbia Court of Appeals*, 83 F.3d 1513 (D.C. Cir. 1996) ("*Richardson I*"); *Richardson v. Dist.*

*of Columbia Court of Appeals*, 962 F. Supp. 1 (D.D.C.) ("*Richardson II*"), *aff'd*, No. 97-7085,

1997 WL 811754 (D.C. Cir. 1997), *cert. denied*, 523 U.S. 1077 (1998). In *Richardson I*, the

D.C. Circuit found that the D.C. Court of Appeals' order temporarily suspending Mr. Richardson

from practicing law fell "squarely within the *Rooker-Feldman* doctrine,[2] under which federal

district courts lack jurisdiction to review judicial decisions by state and District of Columbia

courts," as well as those claims inextricably intertwined with such a judicial decision. 83 F.3d at

1514, 1515. The Circuit found

> Richardson's attacks on § 11(d)'s constitutionality . . . are not merely
> intertwined with his attack on the decision to suspend him but are one and
> the same--namely, that application of § 11(d)'s procedures (or lack of
> procedures) deprives him of his liberty interest in the practice of law without
> due process. His attack on the rule cannot be contemplated without his
> attack on his suspension. Absent any actual or imminent application to

---

[2] The *Rooker-Feldman* doctrine, which stands for the proposition that federal district courts lack jurisdiction to review judicial decisions of state and D.C. courts, takes its name from two Supreme Court decisions. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923), the Court found that only the Supreme Court has authority to reconsider a decision of the highest court of a state, and accordingly, a federal district court lacks such authority. The *Feldman* case considered facts remarkably similar to those at issue here. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). There, D.C. Bar applicants challenged the D.C. Court of Appeals' refusal to waive its admission rule requiring applicants to have graduated from accredited law schools. The Supreme Court held that, to the extent that D.C. Bar applicants sought review of District of Columbia Court of Appeals' denials of their petitions for waiver, the district court lacked subject-matter jurisdiction to review the denials because they constituted judicial decisions of the District of Columbia Court of Appeals. *Id.* at 476-82. However, the Court found that the district court would have jurisdiction to hear their due process claims to the extent they were not intertwined with a challenge to a judicial decision. *Id.* at 482-87.

Richardson, it is doubtful that he would have standing to secure adjudication of his general due process claim.

*Id.* at 1515-16.

Likewise, in *Richardson II*, Judge Sporkin found that Mr. Richardson failed to distinguish his suit from *Richardson I*, and held that it lacked jurisdiction to review the constitutionality of the disciplinary rule. 962 F. Supp. at 1 ("The decision to temporarily suspend Plaintiff was a final judgment of the D.C. Court of Appeals. This Court cannot review the constitutionality of the underlying D.C. Bar rule if the net effect is to reverse that final judgment." (internal citations omitted).)[3/] The D.C. Circuit summarily affirmed. 1997 WL 811754, at *1.

Here, Mr. Richardson challenges for the third time the constitutionality of D.C. Bar Rule XI, § 11(d), and he also asks the Court to declare unconstitutional D.C. Bar Rule XI, § 14(f) (now § 14(g)). Section 14(g) requires a suspended attorney to file, within ten days of suspension, an affidavit asserting, *inter alia*, compliance with the suspension order. D.C. Bar Rule XI, § 14(g). Mr. Richardson claims a due process violation occurs when a suspended attorney, who fails to file this affidavit, is "sanctioned automatically through judicial notice procedures without notice and an evidentiary hearing with the imposition of the period in which the registration noncompliance existed . . . ." (Compl. ¶4.1(d).)

In an attempt to avoid the *Rooker-Feldman* doctrine, Mr. Richardson now argues in his Response that this Court "is not being called upon to review a *judicial* decision of the D.C. Court

---

[3/] In this regard, this Court agrees wholeheartedly with the observations of Judge Sporkin: "If Plaintiff's ultimate goal is to be reinstated as an attorney in the District of Columbia or elsewhere, he would do well to think hard before filing another suit such as this one." *Id.* at 2.

-3-

of Appeals, only non-judicial acts in the legislating, executing, and administering the bar

disciplinary rules governing reciprocal discipline." (Pls.' Response at 4.) Plaintiff's argument

misinterprets *Rooker-Feldman*, for even if the bar rule is not a judicial decision, a challenge to it

would be inextricably intertwined with the Court of Appeals' ruling on Mr. Richardson's

suspension, which is a judicial decision.[4/] Specifically, if this Court were to review the

constitutionality of § 14(g), the net effect of any relief it could grant would be to reverse the

Court of Appeals' final judgment. As held in *Richardson I*, this is an impermissible challenge to

the D.C. Court of Appeals' ruling. 83 F.3d at 1515-16. The same is true with respect to

plaintiff's challenge to § 11, which he claims "violates the due process rights of attorneys."

(Compl. ¶ 4.1(b).) As has been held on two prior occasions, this rule cannot be challenged

without challenging the Court of Appeals' suspension ruling, and thus, suit is barred by the

*Rooker-Feldman* doctrine. *Richardson I*, 83 F.3d at 1515-16; *Richardson II*, 962 F. Supp. 2d at

1.

Mr. Richardson also appears to challenge the procedure this Court has invoked to

determine whether jurisdiction is proper. In particular, he suggests that he is entitled to an

evidentiary hearing. However, there is no need for an evidentiary hearing here as there are no

contested facts. The question plaintiff seeks to have answered by an evidentiary hearing --

whether his complaint challenges a judicial decision, thus falling under the *Rooker-Feldman*

doctrine -- is legal, not factual. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. at 476

n.13 ("it is a question of federal law whether a particular proceeding before another tribunal was

---

[4/] As noted in *Richardson I*, plaintiff did not contest that the suspension order was a
judicial decision. 83 F.3d at 1514.

truly judicial for purposes of ascertaining the jurisdiction of a federal court" (internal citation and quotation marks omitted)). Plaintiff has been provided with an opportunity to respond, and as did the courts in *Richardson I* and *II*, this Court has considered his legal arguments. No further hearing or procedure is necessary in order to decide this legal question.

In short, plaintiff is not entitled to yet a third bite at the apple by bringing another due process challenge to his suspension from the D.C. Bar. This Court lacks jurisdiction over his claim, and therefore, his complaint must be dismissed.[5]

A separate Order accompanies this Memorandum Opinion.

s/

ELLEN SEGAL HUVELLE

United States District Judge

Date:   March 31, 2004

---

[5] On March 16, 2004, the Clerk of Court entered default against defendant. Defendant has filed a meritorious motion to vacate default entry and to stay. Because plaintiff's complaint is being dismissed with prejudice, the Court need not address defendant's motion.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,     )
                           )
           **Plaintiff,**     )
                           )
     **v.**                    )     **Civil Action No. 04-101 (ESH)**
                           )
**DISTRICT OF COLUMBIA COURT**   )
**OF APPEALS,**            )
                           )
          **Defendant.**    )
_____)

## MEMORANDUM OPINION

After this Court dismissed plaintiff's claim for lack of jurisdiction on March 31, 2004, plaintiff filed a Motion for Enlargement of Time to File a Motion to Reconsider Dismissal. He argues that, because the dismissal order was not mailed until April 8, 2004, the ten-day time period within which he could move to reconsider the Court's judgment should be expanded. Because the Court lacks authority to extend the time for filing a motion to reconsider, plaintiff's motion must be denied.

Plaintiff seeks enlargement of the time allotted under Fed. R. Civ. P. 59(e) to move for reconsideration of the Court's judgment. Rule 59(e) requires any motion to alter or amend a court's judgment to be filed "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Fed. R. Civ. P. 6(b)(2) permits a court to enlarge time limits imposed by the Federal Rules of Civil Procedure, except in certain circumstances. Specifically, a court "may not extend the time for taking any action under Rule[] . . . 59(e), except to the extent and under the conditions

-1-

stated" in that rule. Fed. R. Civ. P. 6(b)(2). Rule 59(e) contains no provisions for extending its ten-day limit.

Here, the Court's judgment was entered on March 31, 2004, mailed on April 8, 2004, and received by plaintiff on April 9, 2004. Accordingly, excluding intermediate Saturdays and Sundays, the ten-day period expired and any Rule 59(e) motion was due on April 14, 2004. *See* Fed. R. Civ. P. 6(a), 59(e).[1/] On that date, plaintiff moved for enlargement of time to file his motion to reconsider.

A recent D.C. Circuit ruling provides guidance regarding this Court's ability to grant plaintiff's motion. *See Cooper v. Dep't of Justice*, No. 03-5172, 2004 WL 326220, at *1 (D.C. Cir. Feb. 4, 2004) (per curiam). There, the *pro se* plaintiff asked the Circuit to hold his appeal in abeyance pending the district court's disposition of his Rule 59(e) motion to reconsider. *Id.* Plaintiff had received a copy of the district court's judgment seven calendar days after it was docketed. *Id.* He then filed his Rule 59(e) motion three days late. *Id.* The Circuit declined to hold the appeal in abeyance pending the district court's disposition of plaintiff's Rule 59(e)

---

[1/] Plaintiff notes that Good Friday -- a Christian holiday -- fell on April 9, 2004, the day he received the Court's judgment, and that he is a "*devout* observant and adherent (and currently a seminarian). (Pl.'s Mot. at 1 (emphasis in original).) Although it may be unfortunate, this timing does not alter Fed. R. Civ. P. 59(e)'s ten-day period, as Good Friday is not among the enumerated legal holidays excluded from the computation. *See* Fed. R. Civ. P. 6(a). Moreover, Mr. Richardson is incorrect in reading the statute to add a "3-day grace period" to the ten-day period. "[W]henever a party has a right or is required to do some act . . . within a prescribed period *after the service of a notice* . . . , 3 days shall be added to the prescribed period." Fed. R. Civ. P. 6(e) (emphasis added). However, Rule 59(e)'s ten-day period commences from the date judgment is entered -- not from the date of service of any notice -- and thus, three days are not added to this period. *See* Fed. R. Civ. P. 59(e) and 6(e); *see also Derrington-Bey v. Dist. of Columbia Dep't of Corr.*, 39 F.3d 1224, 1225 (D.C. Cir. 1994).

motion because that motion was untimely filed, and the district court simply "has no authority to

extend the time for filing such a motion." *Id.*

> To be sure, 10 days for preparing and serving a motion to alter or amend a judgment, even 10 working days, is not much time. Yet there is no doubt that strict compliance is required. District courts do not have even the customary discretion given by Fed. R. Civ. P. 6(b) to enlarge the Rule 59(e) period. The period is to be kept short presumably because a timely Rule 59(e) motion deprives the judgment of finality.

*Derrington-Bey*, 39 F.3d at 1225 (internal citations omitted). Because the Court lacks authority

to enlarge the ten-day time period prescribed by Fed. R. Civ. P. 59(e), plaintiff's motion must be

denied.

Moreover, the Court notes that Mr. Richardson's claims have been fully considered by

this Court and two others, and each dismissed them for lack of jurisdiction. *See Richardson v.

Dist. of Columbia Court of Appeals*, No. 04-101, at 1 (D.D.C. Mar. 31, 2004); *Richardson v.

Dist. of Columbia Court of Appeals*, 83 F.3d 1513 (D.C. Cir. 1996); *Richardson v. Dist. of

Columbia Court of Appeals*, 962 F. Supp. 1 (D.D.C. 1997), *aff'd*, No. 97-7085, 1997 WL

811754, at *1 (D.C. Cir. Dec. 9, 1997) (per curiam), *cert. denied*, 523 U.S. 1077 (1998). It is

therefore clear that even if plaintiff had filed a timely motion, he would not be able to satisfy

Rule 59(e)'s requirement as there has been no intervening change of law, there is no indication of

new or previously unavailable evidence that would alter this Court's conclusions, and there is no

apparent need to correct a clear error or prevent manifest injustice. *See Firestone v. Firestone*,

76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).

A separate Order accompanies this Memorandum Opinion.

_____
                s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   May 6, 2004

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  04-0101 (ESH) |
| | ) |
| DISTRICT OF COLUMBIA COURT | ) |
| OF APPEALS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The Court is in receipt of Plaintiff's Motion to Reconsider and Vacate Order of Dismissal for Lack of Jurisdiction and his Motion for Show Cause and Sanctions.  By this Order, the Court is ordering the Clerk's Office to docket both motions.  Therefore, the Motion to Show Cause will be dismissed as moot.  The Court has also carefully reviewed plaintiff's latest motion to reconsider, which was filed pursuant to Rule 60(b),[1] and it will be denied.

Plaintiff's claims have been fully considered by this Court and by two other courts, and *all* have dismissed them for lack of jurisdiction under the *Rooker-Feldman* doctrine.  Plaintiff's latest motion does not change this result.  First, it does not satisfy the dictates of Rule 60(b), since the Court does not view the allegations set forth in plaintiff's motion as "newly-discovered evidence."  Second, his legal argument on the merits is without support.  He cannot escape the dictates of the *Rooker-Feldman* doctrine by arguing that he was not afforded a reasonable opportunity to raise his federal claims in state court.  Mr. Richardson cites *Long v. Shorebank*

---

[1] By Order dated May 6, 2004, the Court denied plaintiff's motion pursuant to Rule 59(e).

*Dev. Corp.*, 182 F.3d 548, 558-60 (7th Cir. 1999), which did not apply *Rooker-Feldman* because

the state statute required that an eviction proceeding "should not be burdened by other matters,"

and it thus precluded plaintiff from bringing her federal claims in such a proceeding.  That is

simply not the case here.  D.C. Bar Rule XI, § 11(d), which Mr. Richardson contests, specifically

allows an attorney subject to temporary suspension an opportunity to show cause why reciprocal

discipline should not be imposed.  Moreover, this is not a case where there was no state

proceeding in which Mr. Richardson could have brought his claim or of which he lacked notice.

*Cf. Wood v. Orange County*, 715 F2d 1543,1547-58 (11th Cir. 1983).

In sum, plaintiff has failed to raise any issue that would cause this Court to vacate its

prior dismissal.  As has been stated before, this Court lacks jurisdiction over this matter, and this

case is dismissed with prejudice.


      s/
_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   June 24, 2004

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,      )
                                 )
           **Plaintiff,**       )
                                 )
     **v.**                     )       **Civil Action No.  05-0210 (ESH)**
                                 )
**DISTRICT OF COLUMBIA,** *et al.,*   )
                                 )
          **Defendants.**     )
_____)

## MEMORANDUM OPINION

This is the fourth lawsuit in which plaintiff attempts to challenge his suspension from the practice of law by the District of Columbia Court of Appeals.  In this suit, he adds the District of Columbia, the Office of the D.C. Bar Counsel, the D.C. Board on Professional Responsibility, and Elizabeth J. Branda, formerly a prosecuting attorney for the Office of the D.C. Bar Counsel, as defendants and also seeks to enjoin the District of Columbia Court of Appeals from further prosecuting a disciplinary case against him.

Recognizing that each prior lawsuit has been dismissed for lack of subject matter jurisdiction, the Court ordered plaintiff to show cause why this case should not also be dismissed. (Order, Feb. 2, 2005.)  Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review judicial decisions by state or District of Columbia courts, as well as claims inextricably intertwined with such decisions.  *See Richarson v. Dist. of Columbia Court of Appeals*, No. 04-101, slip op. at 2 n.2 (D.D.C. Mar. 31, 2004) (*"Richardson III"*) (explaining *Rooker-Feldman* doctrine in detail).  Previous dismissals of plaintiff's cases have held that, because plaintiff's constitutional challenges to his suspension were inextricably intertwined with a challenge to the

suspension itself, this Court lacked subject matter jurisdiction. *See Richardson v. Dist. of Columbia Court of Appeals,* 83 F.3d 1513 (D.C. Cir. 1996) (*"Richardson I"*); *Richardson v. Dist of Columbia Court of Appeals*, 962 F. Supp. 1 (D.D.C 1997), *aff'd* No. 97-7085, 1997 WL 811754 (D.C. Cir. 1997), *cert. denied*, 523 U.S. 1077 (1998) (*"Richardson II"*); *Richardson III*, No. 04-101, slip. op. (D.D.C. Mar. 31, 2004). For the reasons set forth below, the Court concludes that plaintiff has again failed to set forth any basis for attacking his suspension, and the Court therefore will dismiss this matter for lack of subject matter jurisdiction.

## ANALYSIS

Plaintiff's response to the February 2 Show Cause Order argues that the *Rooker-Feldman* doctrine does not apply to the instant suit's claims because they (1) were "non-existent or unrelated" when the District of Columbia court's decision was rendered, (2) are based on "improper *procedures*" leading up to the judgment and not the judgment itself, (3) arise out of the District of Columbia court's nonjudicial functions (particularly "prosecutorial misconduct"), or (4) are based on the District of Columbia court's "lack of subject matter jurisdiction."[1] (Pl.'s Resp. to Show Cause Order at 17-20 (emphasis in original).) None of these arguments is persuasive.

## I.    Claims "Unrelated" To District of Columbia Court's Judgment

Plaintiff first argues that his claims of due process violations, an illegal search and seizure, and "disproportionality of suspension penalty" under the Eighth Amendment are unrelated to the judgment of the District of Columbia Court of Appeals and thus may be heard by

---

[1]Plaintiff also argues in a separate section that his "claims that the state court violated due process in the adjudication that resulted in the judgment" are excepted from *Rooker-Feldman*. This argument that is identical to number (2) above.

this Court. The "unrelated" due process violations alleged by plaintiff all concern the actions of

bar prosecutors and administrators, not the District of Columbia Court of Appeals, and will be

dealt with in the Court's discussion of the nonjudicial function exception below. Plaintiff's

"disproportionate penalty" claim appears to be based on the automatic extension of his license

revocation for noncompliance with a D.C. Bar Rule. This is the exact argument-- and even the

same rule-- that was addressed and rejected by this Court in *Richardson III*. No. 04-101, slip op.

at 2-4 (D.D.C. Mar. 31, 2004). The Court's reasoning need not be repeated here. As for any

other Eighth Amendment challenge to his suspension, as plaintiff has repeatedly been told,

federal courts do not have jurisdiction to review state court judgments *even where a*

*constitutional violation is alleged.*

Finally, plaintiff argues that the bar prosecutors' subpoena of his bank records in 1996

was an illegal search and seizure which is unrelated to the D.C. Court of Appeals' judgment and

therefore exempted from *Rooker-Feldman*. (*See* Pl.'s Resp. at 17.) Nowhere does plaintiff's

Complaint allege this claim, and even if it did, the statute of limitations would divest the Court of

jurisdiction. "Since Congress has not provided any federal statute of limitations for actions under

[42 U.S.C. ] § 1983, federal law looks to state law." *Harley v. District of Columbia*, 1985 WL

8794 at *1 (D.D.C. Oct. 22, 1985). The local law provides for a three-year statute of limitations.

D.C. Code § 12-301(8). Thus, plaintiff's claim of an illegal search is approximately six years too

late.

## II.     Procedural Due Process Claims

Plaintiff's next claim that he should be able to challenge the procedures leading to his

suspension on due process grounds has already been rejected. *See Richardson III*, slip. op. at 4

(where the "net effect of any relief it could grant would be to reverse the Court of Appeals' final judgment," the federal district court is not permitted to hear the case); *Richardson I*, 83 F.3d 1513, 1515-16 (plaintiff's "attack on the rule [permitting temporary suspension without an evidentiary hearing] cannot be contemplated without his attack on his suspension"). As was the case in his previous lawsuits, the first four "due process violations" alleged by plaintiff are intertwined with, if not identical to, the suspension itself. (*See* Pl.'s Resp. at 18 (listing six due process violations including, for example, "license revocation based solely upon hearsay evidence").) The final two "due process violations" listed by plaintiff in support of his argument are allegations of prosecutorial misconduct identical to those upon which plaintiff's "nonjudicial function" argument is based.

Nor is the Court persuaded by plaintiff's suggestion that his failure to raise his federal constitutional claims in state court requires that they be heard now. *See Dist. of Columbia v. Feldman*, 460 U.S. 462, 483 n.16 (1983) ("By failing to raise his [constitutional] claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court.").

## III.   Claims Regarding Nonjudicial Functions

Plaintiff also attempts to recast the District of Columbia Court of Appeals' conduct as being executive, administrative, and prosecutorial and thereby not constituting judicial action. (*See* Compl. ¶¶ 4.1-4.7.) This attempt to refashion his suit is nothing short of frivolous. As in all his other lawsuits, plaintiff objects to the procedures that led up to his suspension from the D.C. Bar, and particularly to the practice of effectuating an interim suspension through an *ex parte* judicial notice procedure. He now additionally contends that in 2003, he discovered the

- 4 -

existence of an "undocketed" 1992 investigation[2] which was later merged with a 1994

investigation file and formed the basis of his 1995 temporary suspension.  Plaintiff claims that he

had not been informed of the existence of the 1992 investigation prior to that time and that this

fact gives rise to a fraudulent nondisclosure and even a civil conspiracy claim.  (*See* Compl. ¶¶

5.12, 5.14)  But regardless of when plaintiff discovered the facts underlying his claims, it remains

that these procedural challenges are inextricably intertwined with the suspension itself.  Unlike

*Feldman*, where the district court had jurisdiction over general constitutional challenges to a D.C.

bar rule, here, plaintiff challenges only the procedures applied in his particular case.

## IV.    Subject Matter Jurisdiction Claim

Plaintiff's final argument that a challenge to the District of Columbia Court of Appeal's

subject matter jurisdiction may be heard in this Court is completely without merit.  The lower

federal courts do not sit to review challenges to state court decisions, including challenges to the

state court's jurisdiction.  *See generally Feldman*, 460 U.S. 462 (1983).

## CONCLUSION

Judge Sporkin observed eight years ago that plaintiff was  "trying to get, at the very least,

a second bite at the apple."  *Richardson II*, 962 F. Supp. at 2.  Plaintiff's attempt to get yet

another bite by recasting his claims as attacks on nonjudicial entities or independent

constitutional violations will not be countenanced.  The Court lacks subject matter jurisdiction

---

[2]Plaintiff alleges that Branda determined that the 1992 allegations against plaintiff did not constitute probable cause for opening ("docketing") a bar disciplinary investigation.  (Compl. ¶ 4.2.)

over plaintiff's claims and therefore dismisses his complaint.[3/]   A separate Order accompanies

this Memorandum Opinion.


_____
                                      s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

Date:   March 29, 2005

---

[3/] This action also faces the substantial obstacle of *res judicata*, which requires that all claims against a party be brought in a single action, not in piece-meal fashion as plaintiff has repeatedly done in this Court.  *See generally U.S. Indus. v. Blake Construction Co.*, 765 F.2d 195, 209 (D.C. Cir. 1985).

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-7078**



**MANDATE**

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: 11/25/06

BY: _____ Deputy Clerk

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

**September Term, 2005**

**05cv00210**

T. Carlton Richardson,
Appellant

v.

District of Columbia, et al.,
Appellees

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

NOV - 2 2005

CLERK

**BEFORE:**   Henderson, Randolph, and Brown, Circuit Judges

## O R D E R

Upon consideration of the motion to strike the appearance of defendants on appeal and the responses thereto; the motions for summary affirmance, the opposition thereto, and the reply; the motion for summary reversal, the responses thereto, and the reply; it is

**ORDERED** that the motion to strike the appearance of defendants be denied. It is

**FURTHER ORDERED** that the motions for summary affirmance be granted, and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). Appellant's claim that the seizure of his bank records violated the Fourth Amendment already has been fully litigated and therefore is barred by the collateral estoppel doctrine (issue preclusion). See Allen v. McCurry, 449 U.S. 90, 94 (1980); Yamaha Corp. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992); see also In re Richardson, 759 A.2d 649, 654 (D.C. 2000); Richardson v. District of Columbia Bar Association, 1997 WL 404321 *1 (D.C. Cir. June 30, 1997). As for appellant's remaining claims, the district court lacks subject matter jurisdiction over them, because they essentially seek review of judicial decisions of the District of Columbia Court of Appeals, or are "inextricably intertwined" with those decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513, 1514-16 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

United States Court of Appeals
for the District of Columbia Circuit

By: _____   Deputy Clerk

# United States Court of Appeals
## For The District of Columbia Circuit

---

**No. 05-7078**                                    **September Term, 2005**

of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. 41(b); D.C. Circ. Rule 41.

**Per Curiam**

Citation                Search Result          Rank(R) 26 of 33          Database
Not Reported in F.3d                                                     DC-CS-ALL
1995 WL 551108 (D.C.Cir.)
**(Cite as: 1995 WL 551108 (D.C.Cir.))**

Only the Westlaw citation is currently available.
United States Court of Appeals, District of Columbia Circuit.
In re **T. Carlton RICHARDSON.**
No. 95-5241.
Aug. 10, 1995.
Before: WALD, GINSBURG, and RANDOLPH, Circuit Judges.
O R D E R

PER CURIAM.

**\*1** Upon consideration of the petition for writ of mandamus, it is
ORDERED that the petition be denied. "[T]he writ of mandamus is an
extraordinary remedy, to be reserved for extraordinary situations." Gulfstream
Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). In order to obtain
mandamus relief, a petitioner must establish that there is no other adequate
remedy available. Council of and for the Blind of Del. County Valley, Inc. v.
Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). As Richardson can appeal
the district court's order dismissing his action, he has failed to make such a
showing. See In re GTE Service Corp., 762 F.2d 1024, 1027 (D.C. Cir. 1985).
1995 WL 551108 (D.C.Cir.)
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



# United States District Court

_____ DISTRICT OF __District of Columbia__

T. CARLTON RICHARDSON,

### SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER  1:96CV02286

DISTRICT OF COLUMBIA BAR,
LEONARD H. BECKER,
DONNA M. DeSILVA,
GARLAND PINKSTON, JR., and
SIGNET BANK

JUDGE: Stanley Sporkin

DECK TYPE: Pro-Se

DATE STAMP: 10/02/96

TO: DISTRICT OF COLUMBIA BAR
1250 "H" St., NW, 6th Flr.
Washington, DC  20005-5937

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY PRO SE (name and address)

T. CARLTON RICHARDSON
1505 Pennsylvania Avenue, SE
Washington, DC  20003-3117

an answer to the complaint which is herewith served upon you, within _____ —20— _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

NANCY MAYER WHITTINGTON
CLERK

'OCT  2 1996
DATE

United States District Court
for the District of Columbia
Office of the Clerk
333 Constitution Avenue, NW
Washington, DC 20001

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
### BEFORE A UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge. the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev. 3/95

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| _____ Plaintiff(s) | ) ) ) |
| v. | ) ) ) |
| _____ Defendant(s) | ) ) ) ) ) |

Civil Action Number: **96 2286** _____

## CONSENT TO PROCEED BEFORE
## A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES

In accordance with the provisions of 28 U.S.C. § 636(c)(3), the parties to the above-captioned civil matter by and with the advice of their counsel hereby voluntarily waive their rights to proceed before a District Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial.

_____          _____
Attorney for the Plaintiff(s)                              Date

_____          _____
Attorney for the Defendant(s)                            Date

NOTICE: The foregoing Consent by Counsel shall be accepted upon the understanding that all counsel have secured the consent of their respective clients to the Consent and Referral to a United States Magistrate Judge for all purposes.

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that the above-captioned matter be referred to a United States Magistrate Judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c)(3) and the foregoing consent of the parties.

_____          _____
United States District Judge                             Date

NOTE: RETURN THIS FORM TO THE COURT <u>ONLY</u> IF ALL PARTIES HAVE CONSENTED TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE.

CO942B
Rev 3/95

UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,
   1505 Pennsylvania Avenue, SE
   Washington, DC  20003-3117    )

              Plaintiff,     )

VS.                    )  CASE NUMBER  1:96CV02286

                    )  JUDGE: Stanley Sporkin
DISTRICT OF COLUMBIA BAR,
   1250 "H" Street, NW       )  DECK TYPE: Pro-Se
   6th Floor
   Washington, D.C. 20005-5937  )  DATE STAMP: 10/02/96

LEONARD H. BECKER,
   515-5th Street, NW       )
   Bldg. "A", Rm. 127
   Washington, D.C. 20001-2797  )

DONNA M. DeSILVA,
   515-5th Street, NW       )
   Bldg. "A", Rm. 127
   Washington, D.C.  20001-2797  )

GARLAND PINKSTON, JR.
   500 Indiana Avenue, NW    )
   6th Floor
   Washington, DC  20001      )

SIGNET BANK
   1130 Connecticut Ave., NW   )
   Washington, DC  20009
                    )

          Defendants    )

COMPLAINT FOR INVASION OF PRIVACY
AND INJUNCTIVE RELIEF
(Verified)

[JURY DEMAND]

This complaint states a cause of action for the violation  of
the right to privacy guaranteed to citizens of the United States
under the  Privilege and Immunities Clause of the 14th  Amendment

1

of the U.S. Constitution and the Due Process Clause of said Amendment as incorporated into the Privilege and Immunities Clause from invasion by state action or private individuals, or under the 4th Amendment of the U.S. Constitution.

## Parties

1. That the plaintiff, T. CARLTON RICHARDSON, is a citizen of the United States who resides in the District of Columbia; that the DISTRICT OF COLUMBIA BAR is a body corporate created under the aegis of the District of Columbia Court of Appeals, a division of the District of Columbia Government; that LEONARD H. BECKER is an employee of said Government in the position of Bar Counsel, the prosecutorial arm of the District of Columbia Board on Professional Responsibility, an agency of the District of Columbia Court of Appeals;  that DONNA M. DeSILVA is an employee of said Government in the position of Assistant Bar Counsel; that GARLAND PINKSTON, JR., is an employee of said Government in the position of Clerk, District of Columbia Court of Appeals; and that SIGNET BANK is corporation doing business in the District of Columbia providing financial services, including the management of checking accounts.

## Jurisdiction

2. That the jurisdiction of the court lies in the Privilege and Immunities Clause of the 14th Amendment, which is self-executing, 42 U.S.C. Sec. 1983 [deprivation of rights by "(a)ny

2

person...under color of" state law, custom or usage], 28 U.S.C. Sec. 1331 giving the court "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States", 42 U.S.C. Sec. 1343(a)(3) for deprivation of civil rights and Sec. 1343(a)(4) to recover damages or obtain equitable relief under congressional civil rights acts. Jurisdiction also exists under 42 U.S.C. Sec. 1983 since plaintiff alleges actions by officials of the District of Columbia Government and 42 U.S.C. Sec. 1988 for proceedings in vindication of civil rights and attorney fees. Additionally, jurisdiction also lies in the 4th Amendment of the U. S. Constitution's prohibition against unreasonable search and seizure.

### Statement of Claim

3. That on or about June 20, 1996, the plaintiff tendered a check #1233 drawn on checking account #6680522338 managed by defendant Signet Bank under contract beginning February, 1994, with the plaintiff payable to the defendant "D.C. Bar" in the amount of $65.00 (Sixty-Five Dollars) for a continuing legal education course being offered by the said D.C. Bar on the subject of billing ethics. This is a "Totten Trust" account, the plaintiff is owner and trustee with his children as beneficiaries upon plaintiff's death, thus the designation "Special Trust Account" by defendant Signet Bank.

4. That the defendant D.C. Bar without prior notice or

3

authorization of the plaintiff copied the said $65.00 check and sent a copy to the Office of Bar Counsel who commenced an investigation as to whether this check constituted a misuse of client trust funds since the plaintiff is a member of the D.C. Bar. See, Exhibit "A": Letter, Donna M. DeSilva, Assistant Bar Counsel to Richardson (07/01/96) with attachment (copy of $65.00 check), annexed. Although plaintiff has used this checking account on at least three occasions since February, 1994 to pay D.C. Bar dues, which is submitted along with a registration form, and on numerous other occasions to pay filing fees in the District of Columbia Superior Court, this was the first time that a Bar Counsel inquiry had resulted.

5. That upon the receipt of the July 1st, 1996 inquiry from defendant DeSilva, the plaintiff was shocked that the D.C. Bar would provide a copy of a personal check to the Office of Bar Counsel and so advised defendant Becker in a telephone conversation in early August, 1996. Plaintiff also in this conversation strenuously noted his objection and explained that the check was drawn on a personal "Totten Trust" account. Furthermore, in this same conversation, plaintiff asked who provided the check to Bar Counsel's Office and under what policy was this being done.

6. That plaintiff duly responded to the July 1st, 1996 inquiry providing a copy of the top portion of a bank statement

4

for the Signet Bank checking account in question which showed the title owners as "Dr. T. Carlton Richardson JD LLM T/F Elizabeth Richardson, Andrea Richardson and Johnathan Richardson" (See, Exhibit "B": Enlarged Copy of Bank Statement Top) and explaining in writing what plaintiff had told defendant Becker orally that this was a personal checking account and that plaintiff held no client funds in trust.

7.   That the plaintiff alleges upon reasonable belief that defendant Becker and/or DeSilva obtained a subpoena from defendant Pinkston (Clerk, D.C. Court of Appeals) for the bank records of plaintiff on the said Signet Bank account without prior notice or authorization of the plaintiff, nor with the expressed approval of a judge of the District of Columbia Court of Appeals or the District of Columbia Superior Court.

7.   That defendant Signet Bank provided, without prior notice to the plaintiff which it is duty bound to due under the circumstances, copies of plaintiff's bank records to said defendants Becker and/or DeSilva who in turn used said records as a basis for submission of a subpoena to the plaintiff requesting "documents relating to" 23 (twenty-three) individuals or entities. See, Exhibit "C": Subpoena, Bd. on Prof. Resp., DCCA, annexed.

8.   That the submission by the D.C. Bar of a copy of plaintiff's $65.00 check to the Office of D.C. Bar Counsel, a separate and distinct entity, constituted a violation plaintiff's

right of privacy; that the use by defendants Becker and/or DeSilva constituted an unauthorized invasion of plaintiff's right of privacy; and that the provision by defendant Signet Bank of the bank records of plaintiff to the said bank account constituted a wrongful disclosure of private banking information and an invasion of plaintiff's right of privacy.

9.    That the subpoenas to Signet Bank and to the plaintiff, where not only in violation of plaintiff constitutional right to privacy, but invalid under the 4th Amendment's prohibition against unreasonable searches and seizures since defendants Becker, DeSilva and Pinkston were acting under disciplinary investigatory proceedings described by the District of Columbia Court of Appeals as being quasi-criminal in nature since no judicial officer reviewed and authorized the subpoena of requested bank records prior to issuance.

10.    That the parties, jointly and severally, deprived the plaintiff of his constitutionally protected right of privacy guaranteed to him under the Due Process Clause of the 14th Amendment, separately, and as incorporated in the Privilege and Immunities Clauses of the U. S. Constitution. Furthermore, that the actions by the defendants were intentional and inflicted mental distress upon the plaintiff and wrongfully interfered with and impaired, not only plaintiff's right to privacy, but also plaintiff's economic interests, both current and prospective.

6

## Relief Requested

Plaintiff request that the court (1) grant a jury trial on the issues of fact, (2) award judgment for compensatory damages, including mental suffering, in the amount of at least $250,000 (Two Hundred and Fifty Thousand Dollars) against the defendants jointly and severally, (3) award punitive damages in the amount of at least $750,000 (Seven Hundred Fifty Thousand Dollars) against the defendants, jointly and severally, (4) order surrender of all plaintiff's bank records and any workproduct resulting from a review thereof in the custody of defendants Becker, DeSilva or any other person or entity, to the plaintiff, (5) enjoin the defendants Becker and DeSilva or anyone else from disclosing the contents of or using in any manner the bank records or information obtained from the bank records of the plaintiff and (6) enjoin defendant Signet Bank from disclosing any personal bank records of the plaintiff without the prior notice or consent of the plaintiff or upon order of a judge of competent jurisdiction wherein the plaintiff has been accorded an opportunity to be heard regarding the issuance of any subpoena in furtherance of any lawful proceeding or investigation, (7) award plaintiff costs and attorneys fees as provided by statute against the defendants, jointly and severally, and (8) for such further relief as the court deems necessary and proper.

## Verification

This certifies, under penalty of law, that the foregoing

7

facts alleged are true to the best of the plaintiff's knowledge, information and belief.

T. CARLTON RICHARDSON
Plaintiff, Pro Se
1505 Pennsylvania Avenue, SE
Washington, D.C. 20003-3117
(202) 347-4466

8

# OFFICE OF BAR COUNSEL
### THE BOARD ON PROFESSIONAL RESPONSIBILITY
### DISTRICT OF COLUMBIA COURT OF APPEALS

**BAR COUNSEL**
Leonard H. Becker

**DEPUTY BAR COUNSEL**
Wallace E. Shipp, Jr.

### CONFIDENTIAL

515 Fifth Street, N.W.
Building A, Room 127
Washington, D.C. 20001-2797
(202) 638-1501
FAX (202) 638-0862

July 1, 1996



T. Carlton Richardson, Esquire
1505 Pennsylvania Avenue, S.E.
Washington, D.C. 20003

Re: Richardson/Bar Counsel
Bar Docket No. 260-96

YOUR RESPONSE IS DUE:
July 11, 1996

Dear Mr. Richardson:

The enclosed check indicates potential misuse of entrusted funds which requires Bar Counsel to obtain information pursuant to Section 8 of Rule XI of the Rules of the District of Columbia Court of Appeals Governing the Bar.

This inquiry is routine under the policy of the Board on Professional Responsibility and follows the disciplinary standards recommended by the American Bar Association. It may be based on a complaint which is neither signed nor corroborated. At this stage, Bar Counsel has not taken any position regarding the validity of the allegations.

Bar Counsel's decision to investigate this complaint is based upon Section 6(a)(2) of Rule XI, which provides: "Bar Counsel shall have the power and duty . . [t]o investigate all matters involving alleged misconduct by an attorney subject top the disciplinary jurisdiction of this Court which may come to the attention of Bar Counsel or the Board from any source whatsoever, where the apparent facts, if true, may warrant discipline. Except in matters requiring dismissal because the complaint is clearly unfounded on its face or falls outside the disciplinary jurisdiction of the Court, no disposition shall be recommended or undertaken by Bar Counsel until the accused attorney shall have been afforded an opportunity to respond to the allegations."

Please provide a substantive response in duplicate to each allegation of misconduct within ten calendar days from the date of this letter, in order that we can make an appropriate disposition

T. Carlton Richardson, Esquire
July 1, 1996
Page 2

as soon as possible. If you have a question, please contact the undersigned, at (202) 638-1501. Please use the above docket number in all correspondence with this office.

This matter is confidential at this stage except for necessary disclosures in the course of our investigation. A necessary disclosure includes sending a copy of your response to the complainant for comment. You, however, have the right to make the information public. See Rule XI Section 17.

Please be aware that the District of Columbia Court of Appeals has approved discipline based in part on a violation of Rule 8.4(d) of the D.C. Rules of Professional Conduct (conduct that seriously interferes with the administration of justice) where the attorney failed to comply with Bar Counsel's request for information. Moreover, your cooperation will contribute to the resolution of this matter in a manner which safeguards the rights of the public and protects attorneys from unfounded complaints.

Sincerely,

Donna M. DeSilva
Assistant Bar Counsel

DMD:rdg

Enclosure

DR. T. CARLTON RICHARDSON, J.D., LL.M.
(SPECIAL TRUST ACCOUNT)
1505 PENNSYLVANIA AVE., S.E.
WASHINGTON, DC 20003-3117
202/547-4458

2-44

1233

18-44/540
3415

Pay to the order of ___IOC AAR___ 6/24 19 96

___— SIXTY- FIVE & 00/100 —___ $65.00

Dollars

**SIGNET BANK** N.A.
ACH Bill Processing
Washington, DC 20006

Memo ___Old Chinese___    ___C.B.Richardson___

⑈054000807⑈ ⑆668⑈0522330⑈ 1233

1 OF 2
522338
VCPOSURES

# SIGNET BANK

STATEMENT PERIOD
12/07/95 - 1/08/96

HAVE A QUESTION?
CALL 1-800-955-1500

DR T CARLTON RICHARDSON JD LLH T/F
ELIZABETH RICHARDSON
ANDREA RICHARDSON
JOHNATHAN RICHARDSON
1505 PENN AVE SE
WASHINGTON DC 20003

INTEREST CHECKING ACCOUNT 668052233B       TAXPAYER ID # 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

# SUBPOENA



## BOARD ON PROFESSIONAL RESPONSIBILITY
## DISTRICT OF COLUMBIA COURT OF APPEALS

NOTICE: THIS SUBPOENA IS ISSUED IN CONNECTION WITH A CONFIDENTIAL INVESTIGATION UNDER THE RULES PROMULGATED BY THIS COURT GOVERNING THE BAR OF THE DISTRICT OF COLUMBIA.

BREACH OF THE CONFIDENTIALITY OF THE INVESTIGATION WILL BE DEEMED AS CONTEMPT OF THIS COURT OR GROUNDS FOR DISCIPLINE UNDER THE AFOREMENTIONED RULES OF THIS COURT. (Consultation with an attorney does not constitute such a breach.)

In the Matter of

T. Carlton Richardson , Esquire          Bar Docket No. 191-96 & 260-96

TO: T. Carlton Richardson ADDRESS: 1505 Pennsylvania Avenue, S.E.

Washington, D.C. 20003

 YOU ARE HEREBY COMMANDED TO APPEAR at 515 Fifth Street, N.W., Building A,

Washington, D.C. at 10 o'clock a.m./p.m., on the 1st day of September,

19 96 , as a witness in the above captioned matter. You are directed to bring with you

See Attachment A

and not depart the above premises without leave from the authority before whom you appeared.

FAILURE OF ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY THIS SUBPOENA SERVED UPON HIM/HER MAY BE DEEMED CONTEMPT OF THE DISTRICT OF COLUMBIA COURT OF APPEALS RULES GOVERNING THE BAR.

DATE:

☒ Production & delivery of these documents will eliminate the need for a personal appearance.

Certified Mail No. Z-124-273-471

BY: _Garland Pinkston Jr._
Garland Pinkston, Clerk
District of Columbia Court of Appeals

☒ If you have any questions regarding this subpoena, please call the undersigned at 202-638-1501.

Donna M. DeSilva, Assistant Bar Counsel (DM)

RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:

☐ I hereby certify that I have personally served, or have executed as shown in "REMARKS," the above subpoena on the individual at the address below.

| Name and Title of Individual Served | Address (If different than shown above) |
|---|---|
| | |

☐ I hereby certify that, after diligent investigation, I am unable to locate the individual, company, corporation, etc., named in above subpoena for the reason(s) as shown in "REMARKS."

| Date(s) of Endeavor | Date and Time of Service |
|---|---|
| | |

| REMARKS | Signature and Title of Server |
|---|---|
| | |

<u>Attachment A: Subpoena to T. Carlton Richardson, Esquire dated September 19, 1996
dockets # 191-96 and 260-96</u>

(a) All documents relating to Daniel A. Brown, Sr. and/or Ruth H. Brown;

(b) all documents relating to Leon M. Stephens;

(c) all documents relating to Mary E. Green;

(d) all documents relating to the Eliza D. Oliver Estate;

(e) all documents relating to Ruth B. Swinson and/or Rudolph Swinson;

(f) all documents relating to Robert L. Adams;

(g) all documents relating to Clinton Thomas;

(h) all documents relating to Local 639 Legal Services Plan;

(i) all documents relating to Nannette Prillerman;

(j) all documents relating to the Brady Estate;

(k) all documents relating to Lee Farmer and/or Farlene Farmer;

(l) all documents relating to J. Frank Mowery and/or J. Frank Mowery & Associates;

(m) all documents relating to Gilbert Crews;

(n) all documents relating to Andria Yelverton;

(o) all documents relating to Juanita Thomas;

(p) all documents relating to Leslie Mallard, Jr.;

(q) all documents relating to Ruth Hughes;

(r) all documents relating to Theodore C. Miller and/or Gail D. Johnson-Miller

# United States Court of Appeals

### For The District of Columbia Circuit

---

**No. 97-7242**                    **September Term, 1998**
                                           97cv01594

T. Carlton Richardson,
     Appellant

   v.

District of Columbia Court of Appeals,
     Appellee



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  **MAR 2 5 1999**

CLERK

**BEFORE:**    Wald, Williams, and Garland, Circuit Judges

### O R D E R

Upon consideration of appellee's motion for Fed. R. App. P. 38 sanctions, the opposition thereto; appellant's cross-motion for sanctions and petition for writ of habeas corpus and/or general appeal writ, and the opposition thereto, and reply, it is

**ORDERED** that appellee's motion for sanctions be granted. Appellant's repeated attempts to litigate claims concerning his disbarment proceedings in the federal courts even though the federal courts lack jurisdiction under the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *see also Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1512,1514 (D.C. Cir. 1996), warrant sanctions in this instance. Appellant is directed to pay $300.00 directly to the District of Columbia Court of Appeals within 30 days of the date of this order. It is

**FURTHER ORDERED** that the motion for cross-sanctions and for writ of habeas corpus and/or general writ be denied.

The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: *Scott M. McLure*

Deputy Clerk/LD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,              )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )     Case No. 1:06CV01665 (RJL)
                                   )
DISTRICT OF COLUMBIA, ET AL.,      )
                                   )
                    Defendants     )

**PROPOSED ORDER**

The Court has considered the Complaint filed by Plaintiff T. Carlton Richardson, the

Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and 12(b)(1) for failure to state a

claim and for lack of subject matter jurisdiction, and the Defendants' accompanying

Memorandum of Points and Authorities.


Based on these considerations, IT IS HEREBY ORDERED:

That the Complaint in this action be dismissed with prejudice.



Date: _____


_____
The Honorable Richard J. Leon
United States District Judge