UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1665(RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## MOTION TO DISMISS OF
## DEFENDANT DONNA M. DESILVA

Defendant, Donna M. DeSilva ("DeSilva"), seeks dismissal of this frivolous and harassing lawsuit pursuant to Fed. R. Civ. P. 12(b)(5)-(6).

The basis for the motion is set forth in the accompanying memorandum in support. A proposed Order is filed herewith.

Dated: December 3, 2006            Respectfully submitted,

/s/ Richard J. Oparil
Richard J. Oparil
District of Columbia Bar No. 409723
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
(202) 457-6315 (fax)

Attorney for Defendant
Donna M. DeSilva

- 2 -

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on December 3, 2006, he caused true and correct copies of the foregoing to be served by first class mail, postage paid, at the following addresses as indicated:

    T. Carlton Richardson
    1505 Pennsylvania Avenue, SE
    Washington, DC  20003

    Timothy K. Webster, Esq.
    Sidley Austin LLP
    1501 K Street, NW
    Washington, DC  20005

    /s/ Richard J. Oparil
    Richard J. Oparil

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1665(RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**COMBINED MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OF DEFENDANT
DONNA M. DESILVA AND OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT</u>**

Defendant, Donna M. DeSilva ("DeSilva"), seeks dismissal of yet another frivolous and harassing lawsuit brought against her by plaintiff, T. Carlton Richardson ("Richardson"). Further, Richardson's motion of for the entry of a default judgment against DeSilva should be denied.

<u>**BACKGROUND**</u>

DeSilva was employed as an Assistant Bar Counsel, Office of Bar Counsel, D.C. Court of Appeals, from approximately November 1994 to December 1999. (Complaint ¶ 4; Ex. 1, Declaration of Donna M. DeSilva ("DeSilva Decl.") ¶ 2). DeSilva investigated disciplinary complaints against Richardson and his complaint is based on alleged actions taken by DeSilva while she was an Assistant Bar Counsel. (*See, e.g.*, Complaint ¶¶ 24-29, 31-33, 50-58).

Richardson is a "serial litigant," who has previously sued DeSilva related to the Bar Counsel's investigation of Richardson. *See Richardson v. D.C. Court of Appeals*, 962 F. Supp. 1 (D.D.C.), *aff'd*, 1997 U.S. App. Lexis 37569 (D.C. Cir. Dec. 9, 1997); Richardson v. District of Columbia Bar, No. 96-2535 (D.D.C. Jan. 13, 1997) (Dkt. No. 10 Ex. 8), *aff'd*, 1997 U.S. App.

Lexis 19078 (D.C. Cir. June 30, 1997).  Each case was dismissed by this Court and affirmed by the Court of Appeals.

On October 31, 2006, Richardson, the plaintiff in this action filed a return of service on defendants, including DeSilva.  (Dkt. No. 5).  The filing attached what purported to be a certified mail receipt indicating service on DeSilva at 2550 M Street, NW, Washington, DC, on October 2, 2006.  (*Id*.).  However, DeSilva's signature does not appear on the return receipt.  (DeSilva Decl. ¶ 4).  Although Ms. DeSilva's business address on file with the Bar is at the 2550 M Street address, she does not know the person who allegedly signed the receipt and she did not authorize him or her to accept service on her behalf.  (*Id*. ¶ 5).  DeSilva never received the summons and complaint.  (*Id*. ¶ 3).  Nor was the return of service served on her.  (*Id*. ¶ 6).

Further, Patton Boggs' mailroom employees were shown a copy of the alleged certified mail receipt for DeSilva.  None of the employees recognized the name or signature on the alleged receipt.  (Ex. 2, Declaration of Richard J. Oparil ("Oparil Decl.") ¶ 5).  The printed name on the alleged October 2 receipt is not an employee of Patton Boggs.  (*Id*. ¶ 6).

On November 22, 2006, Richardson filed a motion to enter default judgment against DeSilva and other defendants.  (Dkt. No. 11).  Richardson did not file a certificate showing that he served the motion on DeSilva, and she has not received service of the motion from Richardson.  (DeSilva Decl. ¶ 7).

## ARGUMENT

I. **RICHARDSON'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE OF SERVICE OF PROCESS.**

Richardson's complaint against DeSilva should be dismissed for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5).  The purpose of service of process is to ensure that all parties have notice of a legal proceeding.  *McKnight v. Scott*, 665 A.2d 973, 976 (D.C.

1995). "The plaintiff carries the burden of establishing that she has properly effected service." *Jones v. Nat'l Institutes of Health Police Dept.*, 404 F. Supp. 2d 1, 2 (D.D.C. 2005) (Leon, J.). Thus, a default judgment entered in the absence of effective service of process is void. *See, e.g.*, *Jones v. Hersh*, 845 A.2d 541, 546 (D.C. 2004); *McLaughlin v. Fidelity Sec. Life Ins.*, 667 A.2d 105, 107 (D.C. 1995).

Richardson cannot meet his burden. While Richardson purports to have served DeSilva by certified mail (Dkt. No. 5), she never received such service. (DeSilva Decl. ¶¶ 3-5). It is undisputable that DeSilva's signature does not appear on the return receipt. (*Id.* ¶ 4). The return of service does not set forth any basis to find that the person who purportedly signed the receipt was authorized by DeSilva to receive service on her behalf. (*Id.* ¶ 5). "'The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process . . . .'" *McLaughlin*, 667 A.2d at 106, quoting *Schwarz v. Thomas*, 222 F.2d 305, 308 (1955). *See also Eldridge v. District of Columbia*, 866 A.2d 786, 787-88 (D.C. 2004).

Moreover, no mail room employee at the 2550 M Street address recognized the name or signature on the alleged return receipt. (Oparil Decl. ¶ 5). Indeed, the name on the alleged receipt is not an employee of Patton Boggs. (*Id.* ¶ 6).

Thus, Richardson did not effect valid service of process on DeSilva and the complaint against her should be dismissed. For the same reasons, Richardson's motion for a default judgment against DeSilva should be denied.

II.   **RICHARDSON'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AGAINST DESILVA.**

For the reasons set forth in the motion to dismiss and memorandum in support filed by defendants, D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H.

Becker, Catherine Kello, Lalla Shishkevish, and Elizabeth Branda, incorporated herein by reference, the claims against her should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. No. 10). Richardson's claims against DeSilva are not only frivolous, they lack any good faith basis and are sanctionable.

## CONCLUSION

For all the foregoing reasons, DeSilva respectfully requests that her motion to dismiss be granted.

Respectfully submitted,

/s/ Richard J. Oparil
Richard J. Oparil
District of Columbia Bar No. 409723
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
(202) 457-6315 (fax)

Attorney for Defendant
Donna M. DeSilva

- 5 -

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on December 3, 2006, he caused true and correct copies of the foregoing to be served by first class mail, postage paid, at the following addresses as indicated:

  T. Carlton Richardson
  1505 Pennsylvania Avenue, SE
  Washington, DC  20003

  Timothy K. Webster, Esq.
  Sidley Austin LLP
  1501 K Street, NW
  Washington, DC  20005

        /s/ Richard J. Oparil
        Richard J. Oparil

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, )<br>)<br>    Plaintiff, )<br>)<br>v.  )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>    Defendants. ) | Civil Action No. 1665(RJL) |

## **DECLARATION OF DONNA M. DESILVA**

I, Donna M. DeSilva, hereby declare as follows:

1. I have personal knowledge of the facts set forth herein and could competently testify if required to do so.

2. I was employed as an Assistant Bar Counsel, Office of Bar Counsel, D.C. Court of Appeals, from approximately November 1994 to December 1999.

3. I was not served with, and did not receive, the summons and complaint in this action.

4. My signature does not appear on the alleged return receipt that plaintiff contends shows service on me.

5. I do not know the person who allegedly signed the receipt and certainly did not authorize him or her to accept service on my behalf.

6. I was not served with, and did not receive, the returns of service that the plaintiff filed with this Court.

7. I was not served with, and did not receive, plaintiff's motion for a default judgment against me.

8.     Had I been served, I would have timely moved to dismiss plaintiff's meritless claims against me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and accurate.

Dated: December 3, 2006          /s/ Donna M. DeSilva
                                 Donna M. DeSilva

3649982v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1665(RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF RICHARD J. OPARIL

I, Richard J. Oparil, hereby declare as follows:

1. I have personal knowledge of the facts set forth herein and could competently testify if required to do so.

2. I am a member of the Bar of this Court and a partner in Patton Boggs LLP ("Patton Boggs"), 2550 M Street, NW, Washington, DC.

3. On October 31, 2006, the plaintiff in this action filed a return of service on defendants, including Donna M. DeSilva ("DeSilva"). (Dkt. No. 5). The filing attaches what purports to be a certified mail receipt indicating service on DeSilva at 2550 M Street, NW, Washington, DC, which is the address of Patton Boggs.

4. It is my understanding that plaintiff has filed a motion for a default judgment as to DeSilva and other defendants. (Dkt. No. 11).

5. I have personally shown a copy of the alleged certified mail receipt for DeSilva to all of Patton Boggs' mail room employees. None of the employees recognized the name or signature on the alleged receipt.

6.	Further, to the best of my knowledge and based upon my thorough review of Patton Boggs employee directory for the 2550 M Street, NW, Washington, DC office, the purported printed name on the alleged October 2 receipt is not an employee of Patton Boggs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and accurate.

Dated: December 3, 2006              /s/  Richard J. Oparil
                                     Richard J. Oparil

3649982v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1665(RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## **ORDER**

Upon consideration of the (1) motion of plaintiff for an Order for entry of default judgment against defendant, Donna M. DeSilva ("DeSilva"), and (2) motion of DeSilva for an Order dismissing this action as to her, and any oppositions thereto, it is hereby

ORDERED, that plaintiff's motion for entry of default judgment as to DeSilva is denied; and it is further hereby

ORDERED, that DeSilva's motion to dismiss this action with prejudice is granted.

Dated: _____       _____
                                                                             United States District Court Judge