UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV01665 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, ET AL., | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H. Becker, Catherine Kello, Lalla Shishkevish, and Elizabeth J. Branda (collectively referred to herein as "Moving Defendants") submit this Reply to Plaintiff's Opposition To Motion To Dismiss By Defendants.

**ARGUMENT**

In his Opposition, Richardson makes many obfuscatory arguments in an attempt to avoid the fate that has befallen all of his prior similar suits: dismissal.  His arguments are no more than variations on the themes he has previously espoused and should meet the same result.

As a threshold matter, Richardson's Appendix to his Opposition should be stricken by this Court, or at least not considered.  In this Appendix, Richardson purports to have "reformatted both [the Motion To Dismiss and the Memorandum of Points and Authorities]," "[i]n order to facilitate the district court's review."  (Opp'n at 3.)  At its most innocent, this is redundant.  Richardson's "reformatting" is an interference with the Moving Defendants' right to control the form of their own filings within the scope of the rules, and is in every particular less legible than the Moving Defendants' own filing.  In his Opposition, Richardson refers only to his own "reformatting," in an attempt to divert the Court's attention from the Motion actually filed

by the Moving Defendants. The Moving Defendants should not be required to review Richardson's "reformatting" of their own Motion to determine if the "reformatting" is faithful to the original. This Court should strike Richardson's non-substantive attempt to cast the Moving Defendants' Motion to Dismiss in an unfavorable light.

# I. A *RES JUDICATA* DEFENSE CAN AND SHOULD BE RESOLVED IN A MOTION TO DISMISS

Richardson argues that his court records are "matters outside the pleadings," and consequently Moving Defendants' Motion to Dismiss must be considered a motion for summary judgment under Fed. R. Civ. P. 56 that cannot be heard without an evidentiary hearing. (Opp'n at 9-12.) If this were true, a court could never dismiss a complaint on *res judicata* grounds except on summary judgment, a prospect specifically rejected by the D.C. Circuit. *Stanton v. Dist. of Columbia Ct. of App.*, 127 F.3d 72, 79 (D.C. Cir. 1997). Furthermore, courts can take judicial notice of court records without converting the motion to dismiss into one for summary judgment. *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997); *New v. Rumsfeld*, 350 F. Supp. 2d 80, 88 (D.D.C. 2004); *Hinton v. Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96, 100 n.5 (D.D.C. 2003); *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001). Indeed, this Court took judicial notice of Richardson's many cases in ruling that his claims were barred by *res judicata* as recently as 2005. *Richardson v. Dist. of Columbia*, No. 05-210 slip op. at 6 n.3 (D.D.C. 2005) (*Richardson IV-C*, Mot. Ex. 13).[1] Richardson does not claim that he learned of any new facts after the time of his last case in this court, nor does he contest the authenticity of the included court decisions cited in the Moving

---

[1] Thus, as previously noted, (Mem. of P. & A. at 15), the issue of whether *res judicata* applies is itself a matter of *res judicata* here.

2

Defendant's Motion, (Opp'n at 11); therefore, this suit should be dismissed on *res judicata* grounds.

**II. RICHARDSON'S CLAIMS FALL SQUARELY UNDER THE *ROOKER-FELDMAN* PROHIBITION AGAINST COLLATERAL ATTACK OF STATE-COURT PROCEEDINGS**

Richardson seeks review of "whether the manner in which [the District of Columbia Court of Appeals' decision to suspend Richardson] was or is made accords with constitutional standards of due process and equal protection." (Opp'n at 8.) This is exactly what the *Feldman* plaintiffs sought. *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983). Richardson contends that he may still make a claim under *Carey v. Piphus*, 435 U.S. 247 (1978), for violations of procedural due process, but *Carey* did not create an exception to the *Rooker-Feldman* doctrine. Indeed, the Court in *Feldman* did not even mention *Carey*.

Richardson also claims that he falls under an exception to the *Rooker-Feldman* doctrine because he claims the District of Columbia Court of Appeals is a court of limited jurisdiction. (Opp'n at 33 n.23, 38.) However, the jurisdiction of the District of Columbia Court of Appeals is no more limited than it was at the time of *Feldman*, which involved exactly the same court and whose jurisdiction was set out in the D.C. Court Reform Act of 1970, Pub. L. No. 91-358, §§ 11-2502 & 11-2504, 84 Stat. 473, 521 (July 29, 1970). Therefore, the same result should apply; this Court does not have jurisdiction to hear Richardson's collateral attack.

Lastly, Richardson now claims that he "seeks corrections to D.C. Bar rules that would affect any future application Richardson may make to the D.C. Bar for reinstatement or govern future reciprocal disciplinary proceedings." (Opp'n at 43.) Because Richardson does not contend that he is subject to future reciprocal disciplinary proceedings, he does not have standing to make this claim. Nor does Richardson point to any constitutional or other federal defects with

3

the D.C. Bar Rules governing reinstatement besides the case-specific collateral challenge he makes to his own reciprocal discipline. Richardson only requests an injunction against applying reinstatement rules that might bar him because of alleged problems with his past judicial proceedings. (Compl. ¶ 94.) This is what the *Rooker-Feldman* doctrine prohibits.

**III. RICHARDSON'S ATTEMPT TO CIRCUMVENT THE PROCEDURES GOVERNING SECOND AND SUCCESSIVE HABEAS PETITIONS SHOULD BE REJECTED**

Richardson argues that although he may have joined the wrong parties, his dismissed habeas petition should be reopened under Rule 60(b) and the All Writs Act, notwithstanding Rule 60(b)'s specific statement that writs of *corum nobis* and other petitions in the nature of a bill of review are abolished, because he is not in custody. (Opp'n at 30.) However, any writ to be issued must be "appropriate in aid of [the courts'] respective jurisdictions." 28 U.S.C. § 1651(a). If Richardson is not in custody, this Court has no jurisdiction to consider his habeas petition. 28 U.S.C. § 2254. Most importantly, Richardson does not distinguish his claim from the discovery of new facts which would give rise to a second or successive habeas petition under *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In any event, the Moving Defendants welcome Richardson's admission that they would not be parties to any reinstated habeas proceeding, (Opp'n at 6), and request dismissal of this claim against them. Furthermore, the Moving Defendants are not parties without whom complete relief cannot be granted, (Opp'n at 7), because only the District of Columbia Court of Appeals could give Richardson the relief he seeks, and therefore Rule 19 is irrelevant here.

**IV. OTHER DEFENSES**

    **A.**    **The Moving Defendants Are Entitled To Absolute Immunity From Suit**

Richardson also argues that this Court should decline to follow the law of this circuit set out in *Simons v. Bellinger*, and craft its own rules on absolute immunity, because while "[the dissent's] analysis [is] more convincing and better reasoned than the majority, . . . both incorrectly apply the proper assessment methodology." (Opp'n at 18.) The law of this circuit, however, binds this Court no matter the policy justifications for Richardson's desire to limit the Moving Defendants' absolute immunity.

Richardson claims that because his Complaint alleges civil rights violations absolute immunity should not apply. (Opp'n at 16.) It is the nature of the officials' functions, however, which immunizes them from suit for damages, not the theory of the claim made. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 272-73 (1993). The Moving Defendants involved in D.C. Bar disciplinary proceedings and investigations are absolutely immune from suits involving these activities, because these functions are judicial. D.C. Bar Rule XI, § 19(a); *Simons v. Bellinger*, 643 F.2d 774, 785 (D.C. Cir. 1980); *Thomas v. Knight*, 257 F. Supp. 2d 86, 94 (D.D.C. 2003), *aff'd*, No. 03-7041, 2003 WL 22239653 (D.C. Cir. Sept. 24, 2003) ; *In re Nace*, 490 A.2d 1120, 1124 (D.C. 1985). Lalla Shishkevish is likewise entitled to absolute immunity as a non-complaining witness participating in the disciplinary process. *Briscoe v. Lahue*, 460 U.S. 325, 335-36 (1983); *Gray v. Poole*, 243 F.3d 572, 576-78 (D.C. Cir. 2001).

    **B.**    **The Moving Defendants Do Not Have A Fiduciary Relationship With Richardson And Richardson's Civil Rights Claims Are Barred By The Statute Of Limitations**

Richardson claims that the statute of limitations does not apply to his case because the Moving Defendants owed Richardson a fiduciary duty such that silence on some

5

aspects of his disciplinary proceedings would be considered fraudulent concealment.  (Opp'n at 13.)  Richardson does not allege any facts about when such a supposed fiduciary relationship arose.  *See* Restatement (Second) of Torts § 874 cmt. a ("A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.").

Richardson also states that "Movant Defendants do not dispute the fact that nondisclosure and concealment occurred. . . ."  (Opp'n at 15.)  In a motion to dismiss all allegations are taken as true.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  The Moving Defendants have not yet answered and at this point have not admitted or denied anything.  In any event, Richardson claims to have discovered the alleged concealment in February 2003, making a claim based on this discovery time-barred.  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); D.C. Code § 12-301(8); *Richardson IV-C*, slip op. at 3 (Mot. Ex. 13).

### C. Richardson Has Not Effected Service Of Process On Defendant Lalla Shishkevish

Richardson claims that the Moving Defendants have made "unverified factual allegations" in preserving the Rule 12(b)(5) defense for Defendant Lalla Shishkevish.  The Moving Defendants have done nothing of the sort.  The Moving Defendants rely on Richardson's own Return of Service (Docket No. 5), in which Richardson does not even purport to have served Ms. Shishkevish.  Without proper service, this Court cannot exercise jurisdiction over Ms. Shishkevish, but the Court does not need to reach this question if the Court finds that it does not have subject matter jurisdiction over Richardson's Complaint or if the Court finds that Ms. Shishkevish is absolutely immune from suit relating to the disciplinary proceedings.

\* \* \* \* \*

For the foregoing reasons, the Moving Defendants respectfully request that this Honorable Court dismiss Richardson's Complaint with prejudice.

December 15, 2006                    Respectfully submitted,

  /s/ Timothy K. Webster
Timothy K. Webster (D.C. Bar No. 441297)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
(202) 736-8711 (fax)

Counsel for Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H. Becker, Elizabeth J. Branda, Catherine Kello, and Lalla Shishkevish

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| T. CARLTON RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06CV01665 (RJL) |
| | ) | |
| DISTRICT OF COLUMBIA, ET AL., | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that the following parties were served via first class mail, postage prepaid, on December 15, 2006:

| | |
|---:|---|
| T. Carlton Richardson<br>*Pro se* | 1505 Pennsylvania Avenue, SE<br>Washington, D.C. 20003-3117 |
| District of Columbia | Honorable Anthony A. Williams, Mayor<br>1350 Pennsylvania Avenue, NW, 6th Floor<br>Washington, D.C. 20004<br><br>Honorable Robert J. Spagnoletti<br>Attorney General<br>1350 Pennsylvania Avenue, NW, 6th Floor<br>Washington, D.C. 20004 |
| D.C Court of Appeals | 500 Indiana Avenue, N.W.<br>Washington, D.C. 20001 |

All other parties were served through the Court's ECF system.

/s/ Timothy K. Webster