IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1665 |
| | ) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**THE DEFENDANT DISTRICT OF COLUMBIA COURT OF APPEALS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant District of Columbia Court of Appeals ("District"), by and through undersigned counsel, hereby moves this Court to dismiss this complaint[1]. This motion should be granted for the following reasons:

1. Plaintiff's claims are barred under the doctrine of *res judicata*.

2. Plaintiff is precluded from filing successive habeas petitions. *See Gonzalez v. Crosby,* 545 U.S. 524 (2005).

3. This Court lacks subject matter jurisdiction under the *Rooker-Feldman abstention* doctrine to sit in appeal of a state court decision to discipline its bar members.

4. The District of Columbia Court of Appeals is immune from suit.

In support of this motion, a memorandum of points and authorities is attached hereto.

---

[1] Although the District of Columbia Court of Appeals is *sui juris, Galloway v. District of Columbia Courts,* 1991 U.S. Dist. LEXIS 14812 (D.D.C. 1991), and appears to have been properly served, Plaintiff failed to properly serve the District of Columbia in accordance with Fed. R. Civ. P. 4(j). The person identified as accepting service for the District of Columbia Office of the Attorney General is not authorized to accept service for the Attorney General. *See Tafler v. District of Columbia*, 2006 U.S. Dist. LEXIS 81714 *15 n.2 (D.D.C. Nov. 8, 2006) (Friedman, J). Moreover, service of process on the District has been improper to date because Plaintiff has not served the Mayor **and** the Attorney General. See, e,g, Super. Ct. Civ. R. j(1).

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the
District ofColumbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


_____
GEORGE E. RICKMAN [433298]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9840; (202) 727-6295

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1665 |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES BY THE DISTRICT OF
COLUMBIA COURT OF APPEALS IN SUPPORT OF ITS
MOTION TO DISMISS**

Defendant District of Columbia Court of Appeals submits this memorandum of points and authorities in support of its motion to dismiss.

Summary of Facts

Plaintiff, a frequent litigator in this Court, brings this action, *pro se,* against the District of Columbia Court of Appeals and nine other defendants. In summary, he seeks to reinstate a habeas corpus petition that was dismissed in 2001 based on newly discovered evidence. He argues that the District of Columbia Court of Appeals did not provide him with a full, fair and adequate hearing in his reciprocal disciplinary contempt proceeding (*see* Count I). In addition, he alleges various civil rights violations (deprivation of due process rights, civil conspiracy and denial of equal protection of the law) (see Count II). Instead of citing the lengthy and tortuous litigation history that underlies this action, the District of Columbia Court of Appeals relies on, and incorporates by reference, the detailed and encompassing facts that are stated in the motion to dismiss that has been filed by Defendants District of Columbia Board of

Professional Responsibility, Wallace E. Shipp, Jr., Leonard Becker, Catherine Kello, Lalla Shishkensh, and Elizabeth J. Branda ("Board defendants").

Arguments

1.     This Court should dismiss Plaintiff's claims because they are *res judicata*.

Under the doctrine of issue preclusion or collateral estoppel, litigants are precluded from re-litigating previously decided issues by courts of competent jurisdiction. *Yamaha Corp. of America v. United States,* 961 F.2d 245, 254 (D.C. Cir. 1992) *citing Allen v. McCurry,* 449 U.S. 90, 94 (1982). Once a court decides an issue of fact or law necessary to its judgment, that judgment may preclude future litigation of that issue. *Id.* This doctrine equally applies to those issues concerning subject matter jurisdiction. *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C. Cir. 1981).

In this case, Plaintiff simply seeks to re-litigate the same issues and facts that arose out of the same transactions and operative facts that evolved from other litigation that he previously filed in this Court that concerned his suspension from the Bar and subsequent criminal conviction for contempt. However, Plaintiff's previous suits were decided against him on *Rooker-Feldman* grounds.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)(federal district courts cannot sit in appeal of the highest court of a state); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1980)(federal district courts have no jurisdiction over challenges to state bar disciplinary proceedings).  Now, Plaintiff attempts to avoid this Court's prior *Rooker-Feldman* decisions by simply adding individual defendants to this suit who are employed by the District of Columbia Office of Bar Counsel. However, this tactic is unavailing in that this Court determined that it lacked subject matter jurisdiction to hear a challenge on Plaintiff's disciplinary

suspension. *Rooker-Feldman*. In addition, Plaintiff could have raised the arguments he now raises in previous litigation. In fact, Plaintiff had ample opportunity to use this newly "discovered" evidence in other litigation that he previously filed in this Court. Plaintiff's claims are simply *res judicata* and should be dismissed.

   2.  This Complaint must be dismissed because Plaintiff is precluded from filing successive habeas petitions with this Court. Plaintiff seeks relief from the denial of his petition for habeas corpus under Fed. R. Civ. P. 60(b), and other such injunctive relief and compensatory damages, as a result of his being denied reinstatement to the District of Columbia Bar. *See* Complaint at p. 4, paragraph 8 and pp. 21-28, paragraphs 69 through 96. Plaintiff raises two theories as against this defendant. First, plaintiff claims that the procedures used in his contempt proceedings before the D.C Court of Appeals are void and denied him due process of law. Plaintiff secondly contends that the punishment rendered in these proceedings was excessive. In either event, plaintiff claims that the Court was without jurisdiction to hear the charges that were raised against him.

   Here, Plaintiff appears to challenge the decision dismissing his habeas corpus petition instead of the habeas corpus process. Even though Plaintiff has added the names of employees of the District of Columbia Bar Counsel to his complaint, he appears to have filed successive petitions for habeas relief against the District of Columbia Court of Appeals in that he alleges the same previously litigated claims. *See Gonzalez v. Crosby,* 545 U.S. 524 (2005)(holding that the requirements apply for motions filed under Fed. R. Civ. P. 60(b) motions as those for successive habeas petitions). However, Plaintiff is barred from filing successive habeas petitions with this Court without meeting certain statutory requirements. In the first instance, plaintiff fails to state a legal basis allowing

him to file a successive petition. Plaintiff fails to state the existence of some new countervailing law that is to be applied retroactively to his case, and he further fails to state any factual basis to support a claim of "actual innocence" as required under the *Antiterrorism and Effective Death Penalty Act*, ("AEDPA"), 28 U.S.C. § 2244(b). Secondly, plaintiff failed to obtain leave of the appropriate appellate court prior to filing this successive petition regarding his criminal conviction. *See Gonzalez v. Crosby, supra.;* AEDPA. On this basis, plaintiff's claims against the District of Columbia Court of Appeals must be dismissed.

Moreover, it appears that Plaintiff's habeas claim may be barred by the District's three year statute of limitation period. *See* D.C. Code § 12-301(8). Plaintiff discovered this new evidence in February, 2003. Complaint ¶ 85. However, he did not file this complaint until September, 2006, months after the three year statutory period had expired.

3.     This Court lacks subject matter jurisdiction to consider those issues raised by plaintiff. As articulated above, under the *Rooker Feldman* abstention doctrine, this Court cannot act as an appellate court or otherwise review matters previously decided by a state court of competent jurisdiction, particularly on state bar disciplinary matters. Accordingly, this matter should be dismissed.

4.     The District of Columbia Court of Appeals is immune from suit because Plaintiff challenges the conduct of the Court to carry out its "judicial" responsibility to discipline members of the Bar for misconduct. *See Thomas v. Knight*, 257 F.Supp.2d 86, 94 (D.D.C. 2003). Clearly, Plaintiff is using the litigation process to challenge the authority of the highest court of this jurisdiction to discipline him for misconduct.

However, the Court is immune from his frivolous suits.  Accordingly, this action should be dismissed against the District of Columbia Court of Appeals.

## CONCLUSIONS

The District of Columbia's motion should be granted.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the
District ofColumbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____
GEORGE E. RICKMAN [433298]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9840; (202) 727-6295

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1665 |
| | ) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of the defendant District of Columbia Court of Appeals motion to dismiss the complaint (Petition), any opposition thereto, any reply, the facts the law and the record herein, it is this _____ day of _____ 2006, and it is,

**ORDERED:** that the defendant District of Columbia Court of Appeals' motion to dismiss is hereby **GRANTED;** and it is,

**FURTHER ORDERED:** that the complaint in 06-1665 is hereby **DISMISSED WITH PREJUDICE** as to the District of Columbia and the District of Columbia Court of Appeals.

_____
RICHARD J. LEON
United States District Court Judge