## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **T. CARLTON RICHARDSON,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.: 06-1665 (RJL)** |
| ) | |
| **v.** ) | |
| ) | |
| **THE DISTRICT OF COLUMBIA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### FEDERAL DEFENDANT'S MOTION TO DISMISS

_____Defendant, Court Services and Offender Supervision Agency ("CSOSA"), hereby files its motion for dismissal. Plaintiff has failed to properly serve notice of this lawsuit on the United States and therefore dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) is proper. In addition, because Plaintiff has failed to state a proper claim for relief, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is also proper. A memorandum of points and authorities as well as a proposed Order accompany this motion.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on
> personal knowledge, shall set forth such facts as would

be admissible in evidence, and shall show affirmatively that
the affiant is competent to testify to the matters stated therein.
Sworn or certified copies of all papers or parts thereof referred to
in an affidavit shall be attached thereto or served therewith.  The
court may permit affidavits to be supplemented or opposed by
depositions, answers to interrogatories, or further affidavits.
When a motion for summary judgment is made and supported as
provided in this rule, an adverse party may not rest upon the
mere allegations or denials of the adverse party's pleading, but
the adverse party's response, by affidavits or as otherwise provided
in this rule, must set forth specific facts showing that there is a genuine
issue for trial.  If the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the adverse party.

Respectfully submitted,


/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| T. CARLTON RICHARDSON, ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 06-1665 (RJL) |
| ) | |
| **v.** ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE FEDERAL DEFENDANT'S MOTION TO DISMISS

Defendant, Court Services and Offender Supervision Agency ("CSOSA"), hereby files this memorandum of points and authorities in support of its motion for dismissal. Plaintiff has failed to properly serve notice of this lawsuit on the United States and therefore dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) is proper. In addition, because Plaintiff has failed to state proper claims for relief, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is also proper.

## I.    BACKGROUND

Plaintiff, T. Carlton Richardson, is a frequent litigant in this district. The impetus for what is becoming a pattern of litigation by Plaintiff stems from a disciplinary order of the District of Columbia Court of Appeals, which eventually resulted in Plaintiff's suspension from the practice of law in this district.[1] See, e.g., Richardson v. District of Columbia Court of Appeals, 962 F. Supp. 1 (D.D.C. 1997); Richardson v. District of Columbia, No. Civ.A. 05-

---

[1]Plaintiff was initially suspended from the bar of the state of Florida for 91 days "for charging a 'clearly excessive fee' for his services . . . ." Richardson v. Florida Bar, No. Civ.A. 90-0984, 1990 WL 116727, at *1 (D.D.C. May 15, 1990).

0210, 2005 WL 711839, at *1 (D.D.C. Mar. 29, 2005). Indeed, almost 8 years ago, Plaintiff

brought an action styled <u>Richardson v. Court Services and Offender Supervision Agency</u>, Civil

Action No. 99-0657, in which he sought habeas relief. [2] That case was dismissed by Judge

Robertson on July 11, 2001. (Ex. A, Docket sheet for Case No. 99-0657, docket entry no. 30;

<u>see also</u> Compl. Ex. A (Memorandum Opinion dated July 11, 2001) (Robertson, J.)). Plaintiff

filed a motion seeking reconsideration of Judge Robertson's dismissal order, which Judge

Robertson denied on July 31, 2001. (<u>See id.</u>, docket entry no. 32; Ex. B, Memorandum Order

dated August 1, 2001).[3] Plaintiff's appeal was dismissed by the District of Columbia Circuit.

(Ex. A, docket entry no. 37).

 In his most recent lawsuit, Plaintiff seeks to "reinstate" his prior habeas corpus petition

before a different member of this Court. (Count I of complaint, ¶¶ 5-70). Plaintiff contends that

reinstatement of his prior petition is proper because, pursuant to Federal Rule of Civil Procedure

60(b), Plaintiff has obtained "newly discovered evidence of prosecutorial misconduct involving

the concealment of evidence, obstruction of justice and fraud upon the D.C. and federal courts . .

. ." (Compl. ¶ 6). In count two of his complaint, Plaintiff, invoking 42 U.S.C. section 1985,

asserts claims he has previously asserted, namely that the defendants conspired to violate his

---

[2]Plaintiff's prior habeas petition sought to challenge the decision of the District of Columbia Court of Appeals finding Plaintiff guilty of criminal contempt for failing to comply with a prior interim order suspending him from the practice of law. (Compl. Ex. A, Memorandum Opinion dated July 11, 2001, at i (Robertson, J.)). A sentence of 120 days imprisonment, which was suspended, as well as three years probation, conditioned on the payment of court costs and a fine, was imposed on Plaintiff. (<u>Id.</u>). Plaintiff appealed that conviction, which was affirmed. (<u>Id.</u>; <u>see also</u> <u>In re Richardson</u>, 759 A.2d 649 (D.C. 2000)).

[3]Although the Order is dated August 1, 2001, the file stamp indicates that it was filed by the Clerk of the Court on July 31, 2001. (Ex. B).

civil rights in relation to the civil and criminal contempt proceedings that were conducted against

Plaintiff.  (Id. ¶ 77).  Plaintiff contends that the suspension of his right to practice law – which

has been effective for "eleven plus (11+) years . . ." in addition to his two years of probation,

were excessive in relation to the offenses he committed,[4] and that " non-Africanic persons of

other religious persuasions [non-Christian] and in large law firms have never suffered for similar

misconduct and with similar professional credentials and notoriety."  (Id. ¶ 91).

Plaintiff filed the current lawsuit on September 26, 2006.  On November 22, 2006,

Plaintiff filed a motion for entry of default against CSOSA.  [Docket entry no. 11].  In response,

Defendant CSOSA notified the Court, as well as Plaintiff, that because Plaintiff had not properly

served the United States, default was not warranted.  [See Docket entry no. 17].  The Court

denied Plaintiff's motion for default judgment on December 19, 2006.  [Docket entry dated

12/19/06].  To date, Plaintiff has not effected proper service on the United States.

## ARGUMENT

As will be discussed more fully below, dismissal of this action is warranted pursuant to

Federal Rule of Civil Procedure 12(b)(4) because Plaintiff has failed to properly serve the United

States and the time in which to effect proper service has expired.  Alternatively, dismissal is

warranted pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to

state a claim for relief for the following reasons: first, his claims are barred by res judicata and/or

---

[4]Plaintiff was disciplined by the State of Florida "for charging a 'clearly excessive fee' for his services under Florida's Disciplinary Rule 2-106, arising out of his representation of an elderly Florida couple in a probate matter."  Richardson v. Florida Bar, No. Civ.A. 90-0984, 1990 WL 116727, at *1 (D.D.C. May 15, 1990).  Since the time that the District of Columbia Court of Appeals decided to impose reciprocal discipline on Plaintiff, he has fought incessantly to have that discipline reviewed and nullified.  See Richardson, 962 F. Supp. at 1.

3

collateral estoppel; second, he has not asserted a cognizable claim for relief under Rule 60(b);

and third, he has not asserted any cognizable claim against CSOSA under 42 U.S.C. section

1985, and, assuming he had, the time in which to assert those claims has expired.

## I.     PLAINTIFF HAS FAILED TO EFFECT PROPER SERVICE ON THE UNITED STATES.

As Defendant previously argued in support of its opposition to Plaintiff's motion for

default, because Defendant CSOSA is a federal entity, see D.C. Code § 24-133(a), pursuant to

Federal Rule of Civil Procedure 4(i)(1)(A), Plaintiff was required to serve a copy of the

summons and the complaint on "the United States attorney or clerical employee designated by

the United States attorney in a writing filed with the clerk of the court or by sending a copy of

the summons and . . . complaint by registered or certified mail addressed to the civil process

clerk at the office of the United States attorney . . . ."  In addition, Plaintiff was required to send

a copy of the summons and complaint "by registered or certified mail to the Attorney General of

the United States . . . ."  Fed. R. Civ. P. 4(i)(1)(A).  Plaintiff was required to serve process within

120 days after filing the complaint.  Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m).

On October 31, 2006, Plaintiff filed a "Return of Service Affidavit" indicating that he

delivered a copy of the summons and complaint to "Court Services & Supervision Agency" on

October 2, 2006.  [Docket entry no. 5].  Plaintiff did not assert, and has not asserted, that he at

any time attempted to serve the United States Attorney or the Attorney General as required by

Rule 4(i)(1)(A).   In response to Plaintiff's motion, CSOSA filed an opposition indicating that

service had not been received, and attached the declaration of Cynthia Parker attesting to the fact

that no record of service existed.  Plaintiff did not dispute these representations.

However, despite being notified that he had not properly served the United States, to date

4

Plaintiff has not attempted to effect proper service on the United States. And, at this time, the

time in which to effect proper service has expired. Although Plaintiff is proceeding pro se, he is

an attorney and, whether proceeding pro se or not, he is required to comply with the Federal

Rules of Civil Procedure, including those rules pertaining to proper service. Jarrell v. Tisch, 656

F. Supp. 237, 239 (D.D.C. 1987). Accordingly, dismissal for failure to effect proper service is

necessary. Paolone v. Mueller, No. Civ.A. 05-2300, 2006 WL 2346448, at *3 (D.D.C. Aug. 11,

2006) (dismissing claims against individually named defendants based on pro se plaintiff's

failure to effect proper service). Furthermore, as discussed below, because Plaintiff's lawsuit is

completely lacking in merit, dismissal should be with prejudice. See, e.g., Whitehead v. Carroll

& Graf. Publishers, Inc., No. Civ.A. 098-0202, 1999 WL 33409937, at *1 (D.D.C. Dec. 8, 1999)

(dismissing pro se complaint with prejudice for failure to serve the defendants in light of

plaintiff's "false representations to the Court . . . .").[5]

## II.    PLAINTIFF HAS FAILED TO ASSERT A COGNIZABLE CLAIM FOR RELIEF.

His failure to properly serve the federal defendant aside, dismissal of Plaintiff's

complaint is warranted on several additional grounds. First, Plaintiff's claims are clearly barred

by the doctrines of res judicata and/or collateral estoppel. Second, Rule 60(b) does not afford

---

[5]Notably, in dismissing one of Plaintiff's prior actions, Judge Sporkin noted that Rule 11 of the federal rules was available to "sanction an attorney or party who abuses the process by bringing frivolous or repetitive litigation." Richardson, 962 F. Supp. at 2. Judge Sporkin advised Plaintiff to "think hard before filing another suit such as this one." Id. Plaintiff, however, has not heeded Judge Sporkin's advice and has gone on to file several lawsuits essentially identical to the present one. See, e.g., Richardson, 2005 WL 711839, at *1. And he has in fact been the subject of sanctions by the Court of Appeals for the District of Columbia Circuit. (Ex. C, Order dated March 25, 1999 from the United States Court of Appeals for the District of Columbia Circuit) (court concluded that plaintiff's "repeated attempts to litigate claims concerning his disbarment proceedings in the federal courts even though the federal courts lack jurisdiction . . . warrants sanctions [in the amount of $300.00] . . . .").

this Court with jurisdiction over count one and, even if it did, Plaintiff's request for relief under

that rule is untimely.  And third, count two of Plaintiff's complaint is also untimely and Plaintiff

fails to state a claim for relief against CSOSA.  For these reasons, Plaintiff's complaint must be

dismissed.

> **A.    Plaintiff's Claims Are Barred by the Doctrines of Res Judicata and Collateral Estoppel.**

As Plaintiff's complaint readily admits, he seeks to reinstate his prior "habeas corpus

petition dismissed by the district court on July 11, 2001 . . . ."  Compl. ¶ 5.  Under the doctrine of

res judicata, or claim preclusion, Plaintiff cannot re-litigate a claim that a court has already

decided.  However, even if res judicata is not a complete bar in this case, Plaintiff is barred from

obtaining relief by the doctrine of collateral estoppel.

> **1.    Res Judicata Bars this Action.**

Plaintiff's claim is barred by res judicata because Plaintiff, by his own admission, has

already litigated his habeas claim and the court dismissed the claim.  This Court need not delve

too deeply into Plaintiff's claim in count one because Plaintiff clearly states he is attempting to

"reinstate" his prior habeas action.  (Compl. ¶ 5).[6]  In count two, Plaintiff argues that his civil

rights have been violated because the defendants engaged in a "conspiracy" to deprive him "of

his due process rights and rights to equal protection of the law or of the equal privileges and

immunities under law . . . ."  (Compl. ¶ 72).  Specifically, Plaintiff states, the "June 1995 and

March 1996 interim suspension orders and the April 1997 final order of suspension were

---

[6]In addition to the res judicata bar to count one, count one is also barred because it is in reality a successive habeas petition that is barred by 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed).

rendered in violation of the plaintiff's due process and equal protection rights . . . ."  (Compl. ¶ 90).

It is clear that Plaintiff's allegations in count two are yet another poorly veiled attempt to challenge the discipline imposed upon him by the District of Columbia Court of Appeals. However, as argued persuasively by the District of Columbia defendants, Plaintiff's allegations seeking to challenge the imposition of discipline by the District of Columbia Court of Appeals has been litigated on several occasions.  (Motion to Dismiss filed by defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H. Becker, Catherine Kello, Lalla Shishkevish, and Elizabeth Branda ("D.C. Defendants") at 10).  And, in each case, the court has concluded that "federal district courts lack jurisdiction to hear challenges to the attorney disciplinary proceedings of state courts."  Richardson, 962 F. Supp. at 1; see also Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513 (D.C. Cir. 1996); see also Richardson, 962 F. Supp. at 1 (noting that "[p]laintiff previously challenged the constitutionality of his temporary suspension before Judge Hogan . . . [who] dismissed Plaintiff's claim because federal district courts lack jurisdiction to hear challenges to the attorney disciplinary proceedings of state courts[,]" and dismissing plaintiff's renewed challenge to his temporary suspension).

The above facts reveal that Plaintiff's complaint in this action is barred by res judicata. Res judicata, or claim preclusion, holds that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979).  The doctrine of res judicata is designed "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate . . . ."  Montana v. United States, 440 U.S. 147, 153-54 (1979) (internal

7

quotation marks omitted).  Four factors must exist in order for res judicata to bar an action: (1) there must be an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) identity of the cause of action in both suits.  See American Forest Res. Council v. Shea, 172 F. Supp. 2d 24, 29 (D.D.C. 2001) (citing Paley v. Estate of Ogus, 20 F. Supp. 2d 83, 96 (D.D.C. 1998)); McCreary v. Potter, 273 F. Supp. 2d 106, 113 (D.D.C. 2003).  Each of these factors is present in the instant case, and thus Plaintiff's claim should be barred.

　　　　First, regarding the parties named in this lawsuit, it is clear that the federal defendant was named as a defendant in the prior case.[7]　

　　　Second, the United States District Court for the District of Columbia had jurisdiction over Plaintiff's prior habeas petition 28 U.S.C. § 2254.  Therefore, this element of res judicata is met.

　　　Third, Judge Robertson's dismissal of Plaintiff's prior habeas claim qualifies as a final judgment on the merits.  The Court dismissed Plaintiff's previous habeas petition primarily because (1) Plaintiff was not "in custody" are required by 28 U.S.C. § 2241(C)(3) as "[c]ivil orders and penalties" do not satisfy the "in custody requirement; (2) the court "lack[ed] jurisdiction to review decisions of the D.C. Court of Appeals imposing interim suspension orders and upholding civil contempt proceedings[,]"; and (3) Plaintiff's due process rights had not been violated.  (Compl. Ex. A, at i-iii).  After seeking, and being denied, reconsideration by Judge Robertson, Plaintiff appealed this ruling  and the appellate court dismissed Plaintiff's appeal.

---

[7]And, as discussed more fully infra, in count two Plaintiff does not make any allegations concerning the federal defendant's involvement in any alleged "conspiracy" to violate his rights.

(See Ex. A.)  Thus, the court's dismissal with prejudice of Plaintiff's prior claim was final and on the merits.

Finally, concerning the fourth factor, Plaintiff's prior and present claims originate from the identical cause of action and thus the fourth element of res judicata is satisfied.  For two cases to have an identity of cause of action, they must share the same "nucleus of facts." Velikonja v. Ashcroft, 355 F. Supp. 2d 197, 200-01 (D.D.C. 2005) (citing Apotex, Inc. v. FDA, 393 F.3d 210, 217-18 (D.C. Cir. 2004)), aff'd in part, rev'd on other grounds in part, 2006 WL 2946379 (D.C. Cir. Oct. 17, 2006).  In conducting its inquiry into this element, the Court considers "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understandings or usage."  Id. (citations omitted).

It is readily apparent that Plaintiff's current claims arise from the same set of facts as his prior habeas claim.  In fact, he seeks to reinstate that prior action as well as continue to challenge the District of Columbia Court of Appeal's suspension of his right to practice law.[8]  Clearly, Plaintiff's two complaints share the same "nucleus of facts," Velikonja, 355 F. Supp. 2d at 200-01, which, in this case, relate to the decision of the District of Columbia Court of Appeals to suspend him from the practice of law.  For these reasons, Plaintiff's complaint is barred by the doctrine of res judicata.

                    2.    **Plaintiff's Action is Barred by Collateral Estoppel.**

In addition to the res judicata bar on Plaintiff's claims, the doctrine of collateral estoppel,

---

[8]He also again challenges the constitutionality of the District of Columbia Bar rules, a challenge Judge Hogan previously rejected and which was affirmed by the circuit court. Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513, 1515-16 (D.C. Cir. 1996).

9

or issue preclusion, also prohibits Plaintiff from re-litigating his claims raised in his prior complaint.  The application of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal."  Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979) (citation omitted).  The application of this doctrine thereby serves to relieve parties of the burdens of attending to multiple lawsuits, conserves judicial resources, provides finality in the resolution of disputes, and minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions.  See, e.g., United States v. Mendoza, 464 U.S. 154, 158 (1984); Cutler v. Hayes, 549 F. Supp. 1341, 1343 (D.C. Cir. 1982).  "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."  Restatement (Second) of Judgments, § 27 (1981); see also Consolidated Edison Co. of N.Y., Inc., v. Bodman, 449 F.3d 1254, 1258, 1260 (D.C. Cir. 2006) (holding that the plaintiff's previous complaint already addressed the issue posed in the latter case); Fogg v. Ashcroft, 254 F.3d 103, 111 (D.C. Cir. 2001) (remanding equitable claims to the district court to consider the application of issue preclusion).

       In dismissing Plaintiff's prior habeas action, Judge Robertson concluded that "[t]he writ of habeas corpus shall not extend to a prisoner unless '[h]e is in custody in violation of the Constitution or laws or treaties of the United States.'"  (Compl, Ex. A, at ii (citations omitted).  Judge Robertson concluded that "[c]ivil orders and penalties do not satisfy this requirement . . . ."  (Id.).  Nor did "the interim suspension and civil contempt proceedings" satisfy as the basis for

10

a habeas challenge. (Id.). Judge Robertson also concluded that Plaintiff's due process rights had not been violated as it concerned his criminal contempt proceedings. (Id. at iii).

As it concerns his claims that his civil rights were violated in conjunction with the discipline that has been imposed on him by the District of Columbia Court of Appeals, Plaintiff never asserted such claims against the federal defendant, although he was free to make such allegations. However, it has been repeatedly held that the courts do not have jurisdiction to review decisions of the District of Columbia Court of Appeals. Richardson, 2005 WL 711839, at *1 ("Under the Rooker-Feldman doctrine, federal courts lack jurisdiction to review judicial decisions by state or District of Columbia courts, as well as claims inextricably intertwined with such decisions.") (citations omitted). See also Richardson, 962 F. Supp. at 1 (dismissing Plaintiff's complaint challenging his temporary suspension from the District of Columbia bar); Richardson, 2005 WL 711839, at *2 (dismissing Plaintiff's "fourth lawsuit" in which he "attempt[ed] to challenge his suspension from the practice of law by the District of Columbia Court of Appeals" and noting that Plaintiff's "attempt to refashion his suit [was] nothing short of frivolous."). As the Court of Appeals for the District of Columbia Circuit clearly held in dismissing Plaintiff's prior lawsuit:

> Richardson's attacks on § 11(d)'s [the District of Columbia Bar Rule permitting his suspension] constitutionality . . . are not merely intertwined with his attack on the decision to suspend him but are one and the same -- namely that application of § 11(d)'s procedures (or lack of procedures) deprives him of his liberty interest in the practice of law without due process. His attack on the rule cannot be contemplated without his attack on his suspension.

Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513, 1515-16 (D.C. Cir. 1996).

Several courts have previously determined that Plaintiff could not proceed with his action

challenging his suspension because "federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts." <u>Richardson</u>, 83 F.3d at 1514 (citing <u>District of Columbia v. Feldman</u>,460 U.S. 462, 476 (1983) and <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 315 (1923)).  It is clear that Plaintiff here again seeks to have this court review and nullify the judicial decision of the District of Columbia Court of Appeals.  <u>See</u> Compl. ¶ 94 (seeking to "[e]njoin the District of Columbia Court of Appeals from denying Richardson reinstatement as an active member of the D.C. Bar . . . .").  Despite cloaking his complaint with allegations of civil conspiracy and due process rights violations, it is clear that Plaintiff's claims are in essence seeking the relief he has sought many times before.

In light of the Court's prior ruling that Plaintiff could not proceed with his claim based on the <u>Rooker-Feldman</u> doctrine and its progeny, the doctrine of collateral estoppel precludes Plaintiff from re-litigating that issue in a subsequent forum.

### B.  Plaintiff Has Not Stated a Proper Claim for Relief Under Rule 60(b) in Count I of the Complaint.

Assuming <u>arguendo</u> that this case was properly before the Court, Plaintiff's request for relief under Rule 60(b) of the Federal Rules of Civil Procedure is faulty for two reasons.  First, that rule cannot provide an independent basis for this Court's exercise of jurisdiction over Plaintiff's claims.  And second, even if it could, Plaintiff has failed to file his request for relief under this rule timely.  For these reasons, count one must be dismissed.

Plaintiff has premised this Court's jurisdiction over count one of his complaint on Federal Rule of Civil Procedure 60(b), which he contends "permit[s] the court to vacate judgments under certain enumerated circumstances . . . ."  (Compl. ¶ 7).  Relying on this rule, Plaintiff seeks to have this Court reinstate his prior habeas corpus petition that was dismissed by

12

Judge Robertson in 2001.  Plaintiff does not explain how this Court may exercise jurisdiction to review the decision of another equal member of this Court.  More troubling, Plaintiff does not explain how Rule 60(b) vests this Court with subject matter jurisdiction over his claim in count one.

Federal Rule of Civil Procedure 60(b) sets forth the procedure by which a party may petition the court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . ."  However, "[j]urisdiction . . . is not derived from Rule 60(b) itself . . . ."  In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995).  Rather, "[f]or a federal court to have subject matter jurisdiction to hear an independent action there must be some statutory or constitutional basis for its jurisdiction."  Id.; see also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 70 (2d Cir. 1990) (rejecting plaintiff's attempt to premise jurisdiction on various violations of the federal rules of civil procedure because these rules "do not provide an independent ground for subject matter jurisdiction over an action for which there is no other basis for jurisdiction.") (citation omitted); Fed. R. Civ. P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts . . . .").

Furthermore, assuming he has set forth a cognizable basis of jurisdiction under Rule 60(b), Plaintiff's request for relief pursuant to that rule is untimely.  Federal Rule of Civil Procedure 60(b) provides that a motion seeking relief on the basis of "newly discovered evidence" or "fraud" must be "made . . . not more than one year after the judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(b).  Plaintiff's prior habeas action was dismissed by Judge Robertson on July 11, 2001.  (Ex. A).  However, he did not file this action until over five years later, on September 28, 2006.  Therefore, this action is not timely and must

13

be dismissed.

**C.    Count Two of the Complaint Fails to Allege a Cognizable Claim.**

In count two of his complaint, Plaintiff makes allegations that various members of the D.C. Bar counsel's office conspired to deprive Plaintiff of his due process rights, and that the manner in which the disciplinary orders were issued against him violated his rights.  (Compl. ¶ 90).  Plaintiff also contends that the penalties imposed upon him "– eleven plus (11+) years of law license suspension and probation for two years as a convicted criminal –" violates his due process rights because "non-Africanic persons of other religious persuasions and in large law firms have never suffered for similar misconduct . . . ."  (Id. ¶ 91).  The basis for Plaintiff's claims in count two is 42 U.S.C. § 1985(2).

The elements of a civil conspiracy consist of "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme."  Sculimbrene v. Reno, 158 F. Supp. 2d 8, 16 (D.D.C. 2001) (citation omitted).  Plaintiff must allege that there was a "'meeting of the minds' as to some improper purpose, as it is an essential element of a conspiracy claim under Section 1985."  Id. (citations omitted).  Nowhere in his complaint does Plaintiff allege that the federal defendant agreed with the other defendants to engage in an unlawful act; nor does he allege that there was a "meeting of the minds" on the part of the federal defendant to allegedly conspire to violate Plaintiff's civil rights.  Indeed, at no time during his recitation of the litany of offenses that have allegedly been committed against him does Plaintiff allege how the federal defendant was actually a part of any alleged "conspiracy" or violated

14

Plaintiff's due process rights.  It appears that, aside from the fact that Plaintiff seeks to re-instate his prior habeas petition, which named the federal defendant as the party defendant, count two of Plaintiff's complaint points to no specific activities on the part of the federal defendant that have given rise to Plaintiff's alleged due process rights violations. Therefore, dismissal is warranted. See, e.g., Bennett v. Stephens, No. Civ.A. 88-2610, 1989 WL 17751, at *3 (D.D.C. Feb. 23, 1989) (holding that plaintiff failed to state a claim under 42 U.S.C. § 1985 where plaintiff had not "set forth . . . facts tending to show how defendants, in carrying out their official duties, were in reality furthering an alleged conspiracy against plaintiff.").

Even assuming the Court found that Plaintiff had asserted a proper claim under section 1985, the time in which to bring that action has long expired.  Because the statute does not contain its own limitations period, "the analogous local limitations period is grafted on as a general rule."  Sculimbrene, 158 F. Supp. 2d at 15 n.3 (citations and internal quotation marks omitted).  Pursuant to D.C. Code section 12-301(8), there is a three year statute of limitations applied in actions where a limitations period has not been provided.  D.C. Code § 12-301(8); see also Fitzgerald v. Seamans, 553 F.2d 220, 223 n.3 (D.C. Cir. 1977) (applying three year statute of limitations period to section 1985 claims).  In his complaint, Plaintiff contends that the "[e]vents underlying [his] claims occurred between 1992 to date."  (Compl. ¶ 75).  However, the final order of suspension was rendered in April 1997 (id. ¶ 90), almost ten years ago.  Clearly, the events giving rise to Plaintiff's claims in count two arose almost a decade ago and any claims he seeks to assert pursuant to section 1985 are barred by the statute of limitations applicable to such actions.

**CONCLUSION**

For the reasons set forth above, dismissal of this Complaint is warranted.


Respectfully submitted,


   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT COURT
SERVICES AND OFFENDER SUPERVISION
AGENCY

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Motion to Dismiss was served via U.S.

Mail, first class postage prepaid, addressed to:


T. Carlton Richardson
1505 Pennsylvania Avenue, SE
Washington, DC 20003


on this 28th  day of February, 2007.


_____/s/_____
MICHELLE N. JOHNSON

17

# EXHIBIT A

District of Columbia live database – Docket Report
Page 1 of 5
Case 1:06-cv-01665-RJL    Document 25-2    Filed 02/28/2007    Page 2 of 6

CLOSED, CONSOL, JURY, TYPE-G

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:99-cv-00657-JR

| | |
|---|---|
| RICHARDSON v. COURT SVC/OFFENDER, et al | Date Filed: 03/17/1999 |
| Assigned to: Judge James Robertson | Jury Demand: Plaintiff |
| Demand: $0 | Nature of Suit: 530 Habeas Corpus |
| Lead case: 1:99-cv-00657-JR   (View Member Cases) | (General) |
| Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc | Jurisdiction: Federal Question |

**Plaintiff**

**T. CARLTON RICHARDSON**        represented by **T. CARLTON RICHARDSON**
1505 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 347-4466
Fax: AREA CODE (202)
*PRO SE*

V.

**Defendant**

**COURT SERVICES AND**        represented by **Lisa Annette Bell**
**OFFENDER SUPERVISION**        OFFICE OF THE GENERAL
**AGENCY FOR DC**        COUNSEL
DC Dept. of Consumer & Regulatory
Affair
941 North Capitol Street, NW
Suite 9400
Washington, DC 20009
(202) 441-8401
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa J.A. Quon**
OFFICE OF CORPORATION
COUNSEL, D.C.
441 Fourth Street, NW
P.O. Box 14600
6th Floor South
Washington, DC 20001-2714
(202) 724-6524
Fax: 202-727-6013
Email: teresa.quon@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DISTRICT OF COLUMBIA
COURT OF APPEALS**

represented by **Lisa Annette Bell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa J.A. Quon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/17/1999 | 1 | COMPLAINT filed by plaintiff T. CARLTON RICHARDSON; jury demand (st) (Entered: 03/19/1999) |
| 03/17/1999 | | SUMMONS NOT ISSUED. (st) (Entered: 03/19/1999) |
| 08/18/1999 | 2 | VACATED PURSUANT TO ORDER DATED 1/24/01 - ORDER by Judge Stanley Sporkin : the petition dismissed as premature [1-1] (N) (blj) Modified on 01/24/2001 (Entered: 08/23/1999) |
| 08/31/1999 | 3 | MOTION filed by plaintiff T. CARLTON RICHARDSON for reconsideration of order the petition dismissed as premature [1-1] [2-1], order [2-2] (st) (Entered: 09/15/1999) |
| 11/30/1999 | 4 | ORDER by Judge Stanley Sporkin: granting defendant's nunc pro tunc motion for enlargement of time; defendant's response to motion due 11/5/99; (N) (dam) (Entered: 12/01/1999) |
| 12/10/1999 | 5 | MOTION filed by defendant COURT SVC/OFFENDER, defendant DC COURT OF APPEALS to extend time to 11/5/99 to answer complaint [1-1] nunc pro tunc "Let this be filed" (fiat) SPORKIN, J. (st) (Entered: 12/13/1999) |
| 12/23/1999 | 6 | ORDER by Judge Stanley Sporkin : denying motion for reconsideration of order the petition dismissed as premature [1-1] [2-1], order [2-2] [3-1] by T. CARLTON RICHARDSON (N) (lin) (Entered: 12/23/1999) |
| 09/25/2000 | 7 | MOTION filed by plaintiff T. CARLTON RICHARDSON to vacate dismissal , and to issue show cause order ; Attachment (1) (tth) (Entered: 09/26/2000) |
| 11/03/2000 | 8 | ORDER by Judge James Robertson : denying motion to vacate dismissal [7-1] by T. CARLTON RICHARDSON; denying motion for injunctive relief (N) (lin) (Entered: 11/07/2000) |
| 11/03/2000 | 9 | MOTION filed by plaintiff T. CARLTON RICHARDSON for reconsideration of order [8-1] (ag) (Entered: 11/08/2000) |
| 11/13/2000 | 10 | MOTION filed by defendant COURT SVC/OFFENDER, defendant DC COURT OF APPEALS to extend time to 12/13/00 to file a memorandum |

| | | |
|---|---|---|
| | | of points and authorities in opposition to petitioner's Motion to Reconsider Denial of Motions to Vacate Dismissal and for Injunctive Relief (tth) (Entered: 11/14/2000) |
| 11/16/2000 | 11 | ORDER by Judge James Robertson: granting motion to extend time to 12/13/00 to file a memorandum of points and authorities in opposition to petitioner's Motion to Reconsider Denial of Motions to Vacate Dismissal and for Injunctive Relief [10-1] by DC COURT OF APPEALS, COURT SVC/OFFENDER. (N) (mlp) (Entered: 11/16/2000) |
| 11/16/2000 | 12 | MEMORANDUM by plaintiff T. CARLTON RICHARDSON to Court regarding habeas corpus proceedings and pending Motions to Reconsider; "Leave to file granted", ROBERTSON, J. (tth) Modified on 11/20/2000 (Entered: 11/20/2000) |
| 12/05/2000 | | CASE REASSIGNED to Judge Paul L. Friedman (td) (Entered: 12/08/2000) |
| 12/08/2000 | 13 | RESPONDENTS COURT SERVICES and OFFENDER SUPERVISION AGENCY AND D.C. COURT OF APPEALS' MEMORANDUM of points and authorities in in opposition to motion for reconsideration of order [8-1] [9-1] by T. CARLTON RICHARDSON, motion to vacate dismissal and for injunctive relief [7-1] by T. CARLTON RICHARDSON; attachments (cas) (Entered: 12/11/2000) |
| 12/13/2000 | 15 | RESPONSE by plaintiff T. CARLTON RICHARDSON to defendant's opposition to reopning case and cross-motion to dismiss [13-1] by DC COURT OF APPEALS, COURT SVC/OFFENDER; Attachment (1) (tth) Modified on 01/03/2001 (Entered: 01/03/2001) |
| 12/18/2000 | 14 | NOTICE OF FILING by plaintiff T. CARLTON RICHARDSON of D.C. Court of Appeals' Order denying reconsideration. (tth) (Entered: 12/26/2000) |
| 12/21/2000 | | CASE REASSIGNED to Judge James Robertson (tth) (Entered: 01/02/2001) |
| 01/24/2001 | 16 | MEMORANDUM ORDER by Judge James Robertson: granting motion for reconsideration of order [8-1] [9-1] by T. CARLTON RICHARDSON; vacating Judge Sporkin's order dismissing petition for habeas corpus ; granting motion to issue show cause order [7-2] by T. CARLTON RICHARDSON; response to show cause due 2/5/01 indicating why the petition for habeas corpus should not be granted. (N) (mlp) (Entered: 01/24/2001) |
| 01/24/2001 | | Case Reopened (mlp) (Entered: 01/24/2001) |
| 02/13/2001 | 18 | MOTION filed by defendant COURT SVC/OFFENDER, defendant DC COURT OF APPEALS to extend time to respond to Show Cause Order (jf) (Entered: 02/15/2001) |
| 02/14/2001 | 17 | ORDER by Judge James Robertson : extending time to 2/26/01 response to show cause due by 2/26/01 ; (N) (lin) (Entered: 02/14/2001) |
| | | |

| | | |
|---|---|---|
| 02/14/2001 | 19 | ATTORNEY APPEARANCE for defendant COURT SVC/OFFENDER, defendant DC COURT OF APPEALS by Teresa J.A. Quon (jf) (Entered: 02/15/2001) |
| 02/20/2001 | 20 | RESPONSE by plaintiff T. CARLTON RICHARDSON in opposition to motion to extend time to respond to Show Cause Order [18-1] by DC COURT OF APPEALS, COURT SVC/OFFENDER . (jdm) (Entered: 02/21/2001) |
| 02/26/2001 | 21 | RESPONSE by defendant COURT SVC/OFFENDER to order response to show cause due 2/5/01 indicating why the petition for habeas corpus should not be granted. [16-2]; Exhibits (10) (ag) (Entered: 03/07/2001) |
| 03/05/2001 | 22 | REPLY by plaintiff T. CARLTON RICHARDSON to response to respondents answer to show cause order [16-1]; attachments (cas) (Entered: 03/15/2001) |
| 03/19/2001 | 23 | MOTION filed by plaintiff T. CARLTON RICHARDSON to compel discovery (cas) (Entered: 03/20/2001) |
| 04/02/2001 | 25 | RESPONSE by defendant COURT SVC/OFFENDER, defendant DC COURT OF APPEALS in opposition to plaintiffs motion to compel discovery ; exhibit (1) (bjsp) (Entered: 04/05/2001) |
| 04/03/2001 | 24 | ORDER by Judge James Robertson: denying motion to compel discovery [23-1] by T. CARLTON RICHARDSON; denying request for Rule 11 sanctions against respondents' counsel. (N) (mlp) (Entered: 04/04/2001) |
| 05/02/2001 | 26 | MOTION filed by plaintiff T. CARLTON RICHARDSON for writ of habeas corpus rule 8 evidentiary hearing is required (cas) (Entered: 05/16/2001) |
| 05/17/2001 | 27 | RESPONSE by defendant COURT SVC/OFFENDER, defendant DC COURT OF APPEALS in opposition to motion for writ of habeas corpus rule 8 evidentiary hearing is required [26-1] by T. CARLTON RICHARDSON . (cas) (Entered: 05/21/2001) |
| 05/23/2001 | 28 | REPLY by plaintiff T. CARLTON RICHARDSON to in opposition to response [27-1] by DC COURT OF APPEALS, COURT SVC/OFFENDER (cas) (Entered: 05/25/2001) |
| 07/11/2001 | 29 | MEMORANDUM OPINION by Judge James Robertson (N) (lin) (Entered: 07/13/2001) |
| 07/11/2001 | 30 | ORDER by Judge James Robertson : ordered that civil civil action 00 2860 be consolidated into civil action 99 657 and that all claims in 00 2860 be incorporated into 99 657. It is further ordered that civil action no 00 2860 be dismissed and that all future pleadings be filed only under civil action no 99 657 and it is further ordered that upon consideration of the papers, and for the reasons set forth in the accompanying memorandum, petitioner's petition for writ of habeas in civil action no 99 0657 [1] is denied. (N)(bjsp) Modified on 07/30/2001 (Entered: 07/13/2001) |

| 07/13/2001 | | REMARK ALL PLEADINGS AFTER 7/12/01 CAN BE FOUND IN CASE 99 657. (bjsp) (Entered: 07/13/2001) |
| --- | --- | --- |
| 07/30/2001 | 31 | MEMORANDUM by defendant COURT SVC/OFFENDER in 1:99-cv-00657, defendant DC COURT OF APPEALS in 1:99-cv-00657 in opposition to motion for reconsideration of order [8-1] [9-1] by T. CARLTON RICHARDSON (cas) (Entered: 07/31/2001) |
| 07/31/2001 | 32 | MEMORANDUM ORDER by Judge James Robertson: denying petitioner's motion for reconsideration of 7/11/01 order and memorandum [30-1]. (N) (N) (mlp) (Entered: 08/03/2001) |
| 08/02/2001 | 33 | RESPONSE by plaintiff T. CARLTON RICHARDSON in 1:99-cv-00657 in opposition to motion to reconsider. (cas) (Entered: 08/03/2001) |
| 08/10/2001 | 34 | MOTION filed to vacate "Memorandum order" denyinig motion to reconsider (cas) (Entered: 08/13/2001) |
| 08/14/2001 | 35 | ORDER by Judge James Robertson: denying motion to vacate "Memorandum order" denying motion to reconsider [34-1] by petitioner; petitioner's reply, treated as a motion for reconsideration, is denied. (N) (mlp) (Entered: 08/14/2001) |
| 08/20/2001 | 36 | NOTICE OF APPEAL by plaintiff T. CARLTON RICHARDSON in 1:99-cv-00657 from order [35-1], entered on 8/14/01; and order denying petitioner's motion for reconsideration of 7/11/01 order and memorandum [30-1], [32-1], entered on: 8/3/01. $5.00 filing fee paid and $100.00 docketing fee paid. Copies mailed to all parties. (tth) (Entered: 08/20/2001) |
| 08/20/2001 | | TRANSMITTED PRELIMINARY RECORD on appeal [36-1] by T. CARLTON RICHARDSON to U.S. Court of Appeals (tth) (Entered: 08/20/2001) |
| 08/21/2001 | | USCA # 01-7135 assigned for appeal [36-1] by T. CARLTON RICHARDSON (tth) (Entered: 08/22/2001) |
| 01/11/2002 | 37 | CERTIFIED COPY of order filed in USCA dated 01/10/02, on appeal [36-1] , dismissing appeal; request for certificate of appealability be denied USCA # 01-7135 (mmh) (Entered: 01/28/2002) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 02/26/2007 15:15:42 | | |
| **PACER Login:** | jd0669 | **Client Code:** | DOJ |
| **Description:** | Docket Report | **Search Criteria:** | 1:99-cv-00657-JR |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,  :
                        :
     Plaintiff,        :
                        :
     v.                :  Civil Action No. 99-0657 (JR)
                        :
COURT SERVICES AND OFFENDER :
SUPERVISION AGENCY FOR D.C., et :
al.,                    :
                        :
     Defendants.       :

**FILED**

JUL 3 1 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM ORDER

Petitioner's motion to reconsider this court's July 11, 2001, Order and Memorandum is **denied** for the reasons set forth below.

A motion to reconsider should be granted only when the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Petitioner's reassertion of arguments previously considered and rejected by the court do not merit granting the motion to reconsider. This court has already found that it lacks jurisdiction to review the interim suspension order and subsequent investigation which gave rise to the criminal contempt proceedings. As for the criminal contempt proceedings, this court held that the D.C. Court of Appeals' assertion of personal jurisdiction and the subsequent proceedings and sentence did not violate petitioner's due process

(N)

rights or the double jeopardy provision of the Fifth Amendment,
see In re Asher, 772 A.2d 1161, 1166-67 (D.C. 2001).  Nothing in
petitioner's motion warrants reconsideration of these holdings.

Nor do petitioner's newly raised claims merit
reconsideration.  No reviewable Fourth Amendment violation
accrues from alleged "information sharing" between the D.C. Bar
and the Office of Bar Counsel.  This court did not apply the
standard for dismissal under Fed. R. Civ. P. 12(b), but rather
the standard set forth in 28 U.S.C. § 2254.  And a hearing was
not required in this case as the record was adequately developed
below and there were no disputed issues of material fact.
Accordingly, this court declines to reconsider its earlier
ruling.

August 1, 2001
_____
Date

_____
JAMES ROBERTSON
United States District Judge

- 2 -

Copies to:

T. Carlton Richardson              Teresa J. A. Quon
1505 Pennsylvania Avenue, S.E.     Assistant Corporation Counsel
Washington, DC 20003               P.O. Box 14600
                                   Washington, DC 20001
Plaintiff *pro se*
                                   Counsel for Defendants

# EXHIBIT C

# United States Court of Appeals

### For The District of Columbia Circuit

---

**No. 97-7242**

**September Term, 1998**
97cv01594

T. Carlton Richardson,
         Appellant

    v.

District of Columbia Court of Appeals,
         Appellee



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    **MAR 2 5 1999**

CLERK

**BEFORE:**    Wald, Williams, and Garland, Circuit Judges

### O R D E R

Upon consideration of appellee's motion for Fed. R. App. P. 38 sanctions, the opposition thereto; appellant's cross-motion for sanctions and petition for writ of habeas corpus and/or general appeal writ, and the opposition thereto, and reply, it is

**ORDERED** that appellee's motion for sanctions be granted. Appellant's repeated attempts to litigate claims concerning his disbarment proceedings in the federal courts even though the federal courts lack jurisdiction under the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *see also Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1512,1514 (D.C. Cir. 1996), warrant sanctions in this instance. Appellant is directed to pay $300.00 directly to the District of Columbia Court of Appeals within 30 days of the date of this order. It is

**FURTHER ORDERED** that the motion for cross-sanctions and for writ of habeas corpus and/or general writ be denied.

The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail.

### Per Curiam

                            **FOR THE COURT:**
                            Mark J. Langer, Clerk

              BY:    *Scott M. Nature*

                           Deputy Clerk/LD

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

T. CARLTON RICHARDSON,        )
        )
      Plaintiff,        )      Civil Action No.: 06-1665 (RJL)
        )
    v.        )
        )
THE DISTRICT OF COLUMBIA, et al.,        )
        )
      Defendants.        )
        )
_____)

## [PROPOSED] ORDER

_____This matter having come before this Court on the motion of the defendant Court Services and Offender Supervision Agency (the federal defendant) for dismissal of plaintiff's complaint, plaintiff's opposition, if any, and defendant's reply, if any, it is hereby

**ORDERED** that the federal defendant's motion to dismiss is hereby **GRANTED.** And it is further

**ORDERED** that plaintiff's complaint is dismissed with prejudice.

**SO ORDERED on this _____ day of _____, 2007.**


_____
UNITED STATES DISTRICT JUDGE