UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1665(RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

### MOTION FOR SACTIONS AGAINST PLAINTIFF
### BY DEFENDANT DONNA M. DESILVA

Pursuant to Fed. R. Civ. P. 11, defendant, Donna M. DeSilva ("DeSilva"), seeks an Order sanctioning plaintiff, T. Carlton Richardson ("Richardson"), based on his filing and failing to withdraw his frivolous and harassing complaint and motion for default judgment against DeSilva. This motion seeks an award of monetary sanctions, including payment of a penalty to the Court and DeSilva's reasonable attorneys' fees in connection with this motion, as well as an order precluding Richardson from filing any further actions against DeSilva without prior leave of Court.

The basis for the motion is set forth in the accompanying memorandum in support. A proposed Order is filed herewith.

- 2 -

Dated:  March 6, 2007                    Respectfully submitted,

                                         /s/ Richard J. Oparil
                                         Richard J. Oparil
                                         District of Columbia Bar No. 409723
                                         2550 M Street, NW
                                         Washington, DC 20037
                                         (202) 457-6000
                                         (202) 457-6315 (fax)

                                         Attorney for Defendant
                                         Donna M. DeSilva

- 3 -

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on March 6, 2007, he caused true and correct copies of the foregoing and accompanying documents to be served by email and first class mail, or by the Court's electronic filing system, at the following addresses:

    T. Carlton Richardson
    1505 Pennsylvania Avenue, SE
    Washington, DC  20003
    RichardsonTC47@aol.com

    Timothy K. Webster, Esq.
    Sidley Austin LLP
    1501 K Street, NW
    Washington, DC  20005
    twebster@sidley.com

    George E. Rickman, Esq.
    Office of the Attorney General
    441 4th Street, NW, 6th Floor South
    Washington, DC 20001
    george.rickman@dc.gov

    Michelle Nicole Johnson, Esq.
    United States Attorney's Office
    for the District of Columbia
    555 Fourth Street, NW, Room E-4212
    Washington, DC 20530
    michelle.johnson@usdoj.gov

                              /s/ Richard J. Oparil
                              Richard J. Oparil

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1665(RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

### ORDER

Upon consideration of the motion of defendant, Donna M. DeSilva ("DeSilva"), for an Order imposing sanctions on the plaintiff, T. Carlton Richardson ("Richardson"), pursuant to Fed. R. Civ. P. 11, and any opposition thereto, it is hereby

ORDERED, that DeSilva's motion is granted; and it is further hereby

ORDERED, that pursuant to Rule 11(c)(2), Richardson shall pay to this Court monetary sanctions in the amount of $_____; and it is further hereby

ORDERED, that Richardson shall pay to DeSilva reasonable attorneys' fees relating to her motion for sanctions in an amount to be determined by the Court after submission of a declaration by DeSilva or her counsel; and it is further hereby

ORDERED, that Richardson is hereby enjoined from filing any civil action in this or any other federal court of the United States without first obtaining leave of that Court. In seeking leave to file, Richardson must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any court. He must also certify that the claim or claims are not frivolous or taken in bad faith. Additionally, the motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." Richardson must either cite or affix a copy of today's order to that motion. Failure to comply strictly with

- 2 -

the terms of this injunction will be sufficient grounds for denying leave to file and entry of an order to show cause why Richardson should not be held in contempt of Court.


Dated: _____, 2007        _____
                                   United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1665(RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF
BY DEFENDANT, DONNA M. DESILVA**

Pursuant to Fed. R. Civ. P. 11, defendant, Donna M. DeSilva ("DeSilva"), seeks an Order sanctioning plaintiff, T. Carlton Richardson ("Richardson"), based on his filing and failing to withdraw his frivolous and harassing complaint against DeSilva. This motion seeks an award of monetary sanctions as well as an order precluding Richardson from filing any further actions against DeSilva without prior leave of Court.[1]

**BACKGROUND**

The background of this action and Richardson's allegations against DeSilva, who was employed as an Assistant Bar Counsel, Office of Bar Counsel, D.C. Court of Appeals, from approximately November 1994 to December 1999, is set forth in her motion to dismiss (which incorporated the motion to dismiss filed by other defendants) and will not be repeated here. (Dkt. Nos. 10, 13, 18).

On November 22, 2006, Richardson filed a motion to enter default judgment against DeSilva and other defendants. (Dkt. No. 11). After DeSilva fortuitously learned of the alleged

---

[1] In compliance with Rule 11(c)(1)(A), this motion was served on Richardson on December 29, 2006 and stated that it would not be filed unless within 21 days after service, the complaint against DeSilva is not dismissed. To date, Richardson has ignored the motion.

service, she filed an opposition to the motion and moved to dismiss. (Dkt. No. 13). On December 19, 2006, this Court denied the motion to enter a default judgment.

On December 15, 2006, DeSilva's counsel asked Richardson to dismiss the complaint against her. (Ex. 1 hereto). He has not done so.

## ARGUMENT

**I.     RICHARD IS BOUND BY RULE 11.**

Fed. R. Civ. P. 11(a) provides that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any." Rule 11(b) provides, in relevant part, that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1)     it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2)     the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3)     the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Under Rule 11(c), the Court may impose sanctions on, *inter alia*, a party that violates Rule 11(b), including a *pro se* litigant. *See, e.g.*, *Hamrick v. Gottlieb*, 416 F. Supp. 2d 1, 4 (D.D.C. 2005) (District Court has the authority to impose Rule 11 sanctions against a *pro se* plaintiff). Thus, Richardson is subject to the obligations of Rule 11.

- 2 -

**II.     RICHARDSON'S CLAIMS AGAINST DESILVA HAVE NO GOOD FAITH BASIS.**

      **A.     Richardson Has No Good Faith Basis To Assert Count One Of His Complaint Against DeSilva, A Former Assistant Bar Counsel Without Any Ability To Grant The Relief Requested.**

Count One of Richardson's complaint seeks (1) the reinstatement of a 1999 habeas corpus proceeding, (2) an evidentiary hearing on the grounds for reinstatement, and (3) a determination of whether he received a full, fair and adequate hearing in reinstatement and contempt proceedings. (Compl. ¶¶ 68-69). DeSilva, as a former Assistant Bar Counsel, is simply not a proper defendant on this claim. Richardson seeks a remedy that she has no power to grant. As such, Richardson has no good faith basis for asserting Count One against her.

      **B.     Richardson's Claim For Damages Against DeSilva Also Lacks Any Good Faith Basis.**

DeSilva's motion to dismiss, which adopted the motion to dismiss filed by other defendants (Dkt. Nos. 10, 13), set forth the reasons that Richardson's complaint failed to state a claim against her. (*See also* Dkt. No. 18). For purposes of this Rule 11 motion, DeSilva will highlight two – absolute immunity for work performed as Assistant Bar Counsel, and the expiration of the applicable statute of limitations.

          **1.     DeSilva Is Immune From Suit.**

Richardson's complaint against DeSilva is based on alleged conduct that occurred in the course of her duties as an Assistant Bar Counsel. (Compl. ¶¶ 4, 25-27, 31-33, 37-40, 50-55, 75, 91). As set forth in the motion to dismiss (Dkt. No. 10 at 21-22), DeSilva is absolutely immune from Richardson's claims against her.

The D.C. Bar is "an official arm" of the D.C. Court of Appeals and it promulgated Rules pursuant to its statutory authority. *See* Preamble, D.C. Bar Rules; D.C. Court Reform Act of 1970, Pub. L. No. 91-358, §§ 11-2502 & 11-2504, 84 Stat. 473, 521 (July 29, 1970) (granting the

Court of Appeals the authority to adopt rules concerning the "censure, suspension, and expulsion" of bar members). In exercising its statutory authority, the Court of Appeals adopted a rule providing the participants in the disciplinary process with absolute immunity from suits related to their work:

> Complaints submitted to the Board or Bar Counsel shall be absolutely privileged, and no claim or action predicated thereon may be instituted or maintained. Members of the Board, its employees, members of Hearing Committees, Bar Counsel, and all assistants and employees of Bar Counsel shall be immune from disciplinary complaint under this rule and from suit for any conduct in the course of their official duties.

D.C. Bar Rule 11 § 19(a). There is no doubt that this provision grants absolute immunity from suits involving disciplinary activities. *Simons v. Bellinger*, 643 F.2d 774, 785 (D.C. Cir. 1980); *Thomas v. Knight*, 257 F. Supp. 2d 86, 94 (D.D.C. 2003), *aff'd*, No. 03-7041, 2003 WL 22239653 (D.C. Cir. Sept. 24, 2003); *In re Nace*, 490 A.2d 1120, 1124 (D.C. 1985). Richardson's opposition to the motion to dismiss (Dkt. No. 15 at 16-19) sets forth no valid basis to find that DeSilva is not entitled to immunity here.

Richardson should be sanctioned for filing a complaint against DeSilva, who has absolute immunity for claims arising from her work for Bar Counsel. *See, e.g.*, *Busby v. Doe*, 1998 U.S. Dist. Lexis 16674 at *15 (M.D. Fla. Oct. 2, 1998) ("Sanctions should be awarded against plaintiffs who file suits against judges and others officials entitled to absolute immunity.").

### 2. Richardson's Claims Are Barred By The Statute Of Limitations.

As set forth in the motion to dismiss (at 25), the civil rights claim asserted in Count Two of Richardson's complaint is governed by a three year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Richardson v. District of Columbia*, Civ. Act. No. 05-0210(ESH), slip op. at 3 (D.D.C. Mar. 30, 2005) (Dkt. No. 10 Ex. 13); D.C. Code § 12-301(8).

Having already litigated – and lost – the limitations issue, Richardson was well aware of the period in which he could timely bring an action.

Richardson's complaint affirmatively and repeatedly alleged that he discovered the 1992 disciplinary complaint made to Bar Counsel that provides the alleged basis for his claims in February 2003. (Compl. ¶¶ 19, 30, 85). Therefore, based on his own allegations, the limitations period for claims arising out of this discovery expired in February 2006. This suit was filed on September 28, 2006. Accordingly, Richardson had no good faith basis to sue DeSilva on a claim for which the statute of limitations had already expired.[2]

### III.  RICHARDSON SHOULD BE ORDERED TO PAY A MONETARY SANCTION AND PRECLUDED FROM AGAIN SUING DESILVA WITHOUT PRIOR LEAVE OF COURT.

Rule 11(c)(2) authorizes the Court to impose monetary and non-monetary sanctions on Richardson. Under that rule,

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Here, both types of sanctions should be awarded against Richardson to deter further improper conduct. Richardson's latest set of claims against DeSilva are frivolous and lack any legal and factual support. He has wasted the time and resources of the parties and this Court. As such, he should be ordered to pay a substantial monetary penalty to this Court. In addition,

---

[2] Richardson's opposition to the motion to dismiss does not present any argument explaining why the limitations period has not expired even though he alleges that he discovered the purported claim in February 2003. (Dkt. No. 15 at 13-16). His baseless opposition is a further reason to impose sanctions.

Richardson should be ordered to pay reasonable attorneys' fees related to DeSilva's motion for sanctions. Fed. R. Civ. P. 11(c)(1)(A).

Further, and of greater significance, Richardson is a "serial litigant" who has filed multiple claims against DeSilva based on her work as Assistant Bar Counsel. He should be enjoined from filing further actions without prior leave of Court. *See, e.g.*, *Judd v. United States Dist. Court*, 528 U.S. 5 (1999) (restricted filing of petitions for certiorari by *pro se* petitioner); *Martin v. D.C. Court of Appeals*, 506 U.S. 1, 3 (992) (accord); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("the court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others"); *Urban v. United Nations*, 768 F.2d 1497 (D.C. Cir. 1985) (restricted *pro se* plaintiff's ability to file new federal cases); *Jones v. City of Buffalo*, 1998 U.S. Dist. Lexis 6070 at *16-17 (W.D.N.Y. Apr. 22, 1998) (*pro se* plaintiff enjoined from filing new cases without leave because he "is a vexatious litigant with an extensive history of filing frivolous, duplicative lawsuits and then litigating those lawsuits in a grossly abusive manner that reflects a complete disregard for the judicial system, the judges and other court personnel who work on his lawsuits, his adversaries and their counsel.").

In *Urban*, the Court entered the following injunction:

> Mr. Casmier Urban Jr., is hereby enjoined from filing any civil action in this or any other federal court of the United States without first obtaining leave of that court. In seeking leave to file, Mr. Urban must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. He must also certify that the claim or claims are not frivolous or taken in bad faith. Additionally, the motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Urban must either cite or affix a copy of today's order to that motion. Failure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to file.

768 F.2d at 1500.

In the prior cases against DeSilva, this Court dismissed Richardson's claims, and the Court of Appeals has affirmed those rulings. Moreover, DeSilva left the Office of Bar Counsel years ago and she should not continue to be subject to claims filed by Richardson based on actions allegedly taken during the course of her prior employment. Thus, Richardson should be ordered not to file any claim against DeSilva without first seeking leave of Court to do so. Such an order should serve to deter Richardson from engaging in future sanctionable conduct.

## CONCLUSION

For all the foregoing reasons, DeSilva respectfully requests that her motion for Rule 11 sanctions be granted.

        Respectfully submitted,

        /s/ Richard J. Oparil
        Richard J. Oparil
        D.C. Bar No. 409723
        2550 M Street, NW
        Washington, DC 20037
        (202) 457-6000
        (202) 457-6315 (fax)

        Attorney for Defendant
        Donna M. DeSilva

**Oparil, Richard**

**From:** Richard Oparil [roparil@gmail.com]
**Sent:** Friday, December 15, 2006 1:44 PM
**To:** RichardsonTC47@aol.com
**Subject:** Richardson

Mr. Richardson, your telephone call yesterday and your email confirm that you did not sufficiently serve Ms. DeSilva prior to filing your motion for a default judgment against her. Therefore, that motion should be promptly withdrawn. Please make an appropriate filing with the Court by December 18, 2006.

Moreover, you note that Ms. DeSilva has filed a motion to dismissed, not only for insufficient service but also for failure to state claim upon which relief may be granted pursuant to Rule 12(b)(6). Notwithstanding the lack of proper service, Ms. DeSilva has responded to your complaint.

As I requested yesterday before you hung up on me, please dismiss the complaint as to Ms. DeSilva. It is without any merit and seeks relief against a former Assistant Bar Counsel that she cannot provide as a matter of law. Please let me know by December 18 whether you will agree to a dismissal. If not, Ms. DeSilva will seek appropriate sanctions under Rule 11.

-------------------------------------------

From: RICHARDSONTC47@aol.com[SMTP:RICHARDSONTC47@AOL.COM]
Sent: Thursday, December 14, 2006 5:43:51 PM
To: Oparil, Richard
Subject: Notice and Request re Service Waiver of Summons and Complaint
Auto forwarded by a Rule

MEMORANDUM BY EMAIL

(December 14, 2006)


FR: T. Carlton Richardson, Plaintiff Pro Se

   RichardsonTC47@aol.com

TO: Dr. Richard J. Oparil, Esq., Attorney for DeSilva

   ROparil@pattonboggs.com

RE: Request for Wavier of Summons and Complaint


12/18/2006

Dear Dr. Oparil:

Greetings! In our conversation of this date (Thursday, December 14, 2006), you refused to waive service of the summons and complaint although Civ. R. 4 imposes such a duty. I have sent waiver forms to you in compliance with Civ. R. 4 today. This is a request that you reconsider your refusal to waive service of process for the following reasons:

1)   Apparently, you were unaware that you have an expressed duty to avoid unnecessary costs of service of summons, and are ethically required to conduct litigation in a manner that economizes the resources of the judiciary and the parties involved. A copy of the standard notice Duty to Avoid Unnecessary Costs of Service of Summons is provided you for your information. Moreover, the law does not require the doing of a unless act, and thus your refusal to waive service of process under the circumstances is illegal.

2)   Also while questioning the personal jurisdiction of the district court due to an alleged failure to serve the summons and complaint at the address given by Attorney DeSilva to the D.C. Bar for mailing purposes (I guess your argument is that the server must assume the risk that the address is correct and that the service would be made to the correct address indicated on the return receipt by a disinterested party), you have asked the court for additional relief, dismissal of the complaint. In seeking such alternative relief, you have unwittingly subjected yourself to the jurisdiction the very court that you are questioning its jurisdiction--a "Catch-22"! While under normal circumstances such alternative pleadings would be allowed, not in the case of personal jurisdiction, you 'cannot have your cake and eat it too'!

3)   Also, you might ask Dr. DeSilva why she refused service of process in the previous litigation I brought that she was a party? She was served at an address in Virginia and the document package was returned to me with "refused" wrote on the envelope. 'Oh the web we weave when we first seek to deceive'!

4)   I am willing to cooperate in allowing you a reasonable amount of time to respond to the Complaint, say 30-days from the date of this email or you can sign the waiver and set 60-days.

Please let me know your pleasure on this matter. If you will waive service of process, I will notify the district court of your waiver and file a consent to your filing a response to the Complaint within 30-days of December 14, 2006. Otherwise (now I have presented the carrot, not here's the stick), if you persist and I am not required to serve your client, then I will seek sanctions against you and your client for litigation abuse. Kind regards.

Your Co-Worker in Truth-Seeking,

12/18/2006

T. CARLTON RICHARDSON

Plaintiff Pro Se

1505 Pennsylvania Avenue, SE

Washington, DC 20003-3117

202/546-3505

Attachments to email only:

1--Notice of Lawsuit and Request for Waiver etc.

2--Wavier of Service of Summons

3--Complaint

DISCLAIMER:
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) at (202) 457-6000 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated. To learn more about our firm, please visit our website at http://www.pattonboggs.com.

---

**4 attachments** — Download all attachments

  eMEM--Richardson to Oparil (DeSilva Atty.) (12-14-06).doc
26K View as HTML Download

Notice.Request for Waiver of Summons.doc
27K View as HTML Download

12/18/2006

**Waiver of Service.doc**
25K View as HTML Download

**df.COMPLAINT--Post-Judgment.Relief&Civil.Rts..doc**
182K View as HTML Download

12/18/2006