UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV01665 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, ET AL., | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' UNOPPOSED MOTION TO
STAY THE CASE MANAGEMENT ORDER
REQUIREMENT FOR A CONFERENCE OF THE PARTIES**

Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H. Becker, Catherine Kello, Lalla Shishkevish, and Elizabeth J. Branda (collectively referred to herein as "Moving Defendants") respectfully move this Court to stay the existing Case Management Order (Docket No. 9) to provide relief from the requirement for a conference of the parties. Plaintiff ("Richardson") does not oppose the relief sought, as discussed below.

This case is a frivolous attempt by Richardson to relitigate issues which have already been litigated multiple times in the past, and Moving Defendants believe that it can and should be disposed of through the motions to dismiss already filed in this Court (*e.g.,* Dockets Nos. 10, 13, 23, and 25). Therefore, it would be unduly burdensome, oppressive, and inconsistent with Fed. R. Civ. P. 1 to require the defendants to confer with or make initial disclosures to Richardson, or to file a report of the parties, at this time. Accordingly, the Case Management Order's requirement for a conference of the parties should be stayed, preferably until all defendants' motions to dismiss have been resolved.

**Background**

The Court issued a Case Management Order on November 15, 2006, *inter alia* ordering all parties to confer within 30 days of all defendants answering or filing Rule 12(b) motions.  Order at 2-3.  It appears that all defendants have now filed motions to dismiss.  The conference required by the Case Management Order (and Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3) would lead to the requirement to file a Joint Meet and Confer Statement and proposed scheduling orders. [1]  Furthermore, the occurrence of the conference would also otherwise start the time for making initial disclosures as required by Fed. R. Civ. P. 26(a).

**Argument**

In light of Richardson's long history of filing the same and similar claims in this Court, as detailed in all defendants' respective motions to dismiss (*see, e.g.,* Dockets Nos. Dockets Nos. 10, 13, 23, and 25), Moving Defendants respectfully request that this Court stay its Case Management Order so that defendants are not required to confer (and therefore to submit a Joint Meet and Confer Statement and proposed scheduling orders, or to conduct initial disclosures) until further notice from the Court, preferably after the Court has acted upon all defendants' motions to dismiss.

Richardson's case is frivolous, no different than a myriad of prior cases he has filed against the Moving Defendants for having disciplined him according to Bar rules.  The Moving Defendants should not have to be subjected to Richardson's harassment for any longer than it takes to dismiss his eighth similar case in this Court.  Staying the Case Management Order will not prejudice Richardson, who does not oppose this relief, as the parties could confer shortly after the Court's ruling if the case is not dismissed.

---

[1] Richardson's Count 1, which seeks to reinstate a *habeas corpus* petition, is exempt from the conference and disclosure requirements under Local Civil Rules 16.3(b)(2).

2

**Local Rule 7(m) Statement**

Richardson has directed counsel for Moving Defendants not to contact him by telephone.  Therefore, counsel sought to confer with Richardson concerning the instant motion via electronic mail.  Richardson responded that he does not oppose a motion to stay so long as it is left to the Court's discretion to decide "whether, when or how the stay will be lifted on the scheduling order."  See Exhibit A (email dated March 9, 2007).

**Conclusion**

For the foregoing reasons, the Moving Defendants respectfully request that this Court stay the requirement in the Case Management Order for the parties to confer within 30 days of when all defendants answer or move to dismiss under Fed. R. Civ. P. 12(b), until further notice from the Court.


March 14, 2007                                   Respectfully submitted,

/s/ Timothy K. Webster
Timothy K. Webster (D.C. Bar No. 441297)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
(202) 736-8711 (fax)

Counsel for Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H. Becker, Elizabeth J. Branda, Catherine Kello, and Lalla Shishkevish

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV01665 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA, ET AL., ) | |
| ) | |
| Defendants ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that the following parties were served via first class mail, postage prepaid, on March 14, 2007:

| | |
|---:|---|
| T. Carlton Richardson | 1505 Pennsylvania Avenue, SE |
| *Pro se* | Washington, D.C.  20003-3117 |

All other parties were served through the Court's ECF system.


                                              /s/ Timothy K. Webster