# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, ) | |
| Plaintiff. ) | |
| vs. ) | No. **06CV01665 [RJL]** |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| Defendants. ) | |

**RECEIVED**
MAR 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## OPPOSITION TO MOTION TO DISMISS OF DEFENDANT
## COURT SERVICES AND OFFENDER SUPERVISION AGENCY OF D.C.

**[1]**

Plaintiff Richardson states in opposition to the defendant Court Services and Offender Supervision Agency of D.C.'s (CSOSA-DC) Motion to Dismiss: (1) that the jurisdictional objection based upon failure to properly serve CSOSA-DC is was waived with the filing of its motion to dismiss with exhibits (it can't have its cake and eat it too); (2) that the motion to dismiss is untimely and present's matters outside the pleadings thereby in abeyance until the court notifies the plaintiff whether the extraneous documents will be considered under Civ. R. 12(b)(6), (3) that the arguments presented are virtually identical to the motions to dismiss filed by other defendants, and (4) that the motion to dismiss fails to address the plaintiff's concurrent jurisdictional basis of a writ of *coram nobis*.

**[2]**

Defendant CSOSA-DC submitted motion papers for dismissal of some 31 sheets, including the motion, a legal memorandum with exhibits and a proposed order. The index to the defendant CSOSA-DC's *Memorandum of Points and Authorities et al.* outlines the legal points presented as grounds for its motion for summary disposition [a modified Civ. R. 12(b)(6) motion] all of which have been presented previously by other defendants in their motions to dismiss.

- 1 -

INDIE TO MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF THE FEDERAL DEFENDANT'S MOTION TO DISMISS

(Preface)—1
I. Background—1
Argument—3
I. Plaintiff Has Failed to Effect Proper Service on the United States—4
II. Plaintiff Has Failed to Assert a Cognizable Claim for Relief—5
    A. Plaintiff's Claims Are Barred by the Doctrines of Res Judicata
       and Collateral Estoppel—6
       1. Res Judicata Bars this Action—6
       2. Plaintiff's Action is Barred by Collateral Estoppel—9
    B. Plaintiff Has Not Stated a Proper Claim for Relief Under Rule
       60(b) in Count I of the Complaint—12
    C. Count Two of the Complaint Fails to Allege a Cognizable
       Claim—14
Conclusion—16
Certificate of Service—17

*Appendix*
[Proposed] Order
Exhibit "A"—Civil Docket for *T. Carlton Richardson v. Court Services and
          Offender Supervision Agency for DC* No. 99-00657 JR
Exhibit "B"—Memorandum Order, Id. (07/31/01)
Exhibit "C"—Order, *T. Carlton Richardson v. D.C. Court of Appeals*
         (03/15/07)

Plaintiff Richardson incorporates by reference his oppositions to those motions to dismiss based upon lack of personal and subject matter jurisdiction, including insufficient service of process, preclusion and legal insufficiency defenses. However, the instant motion to dismiss fails to address (as does the other motions to dismiss) the jurisdictional basis of a writ of *coram nobis* and such omission is sufficient to overcome the challenge under standards for a motion to dismiss that, taking all of plaintiff's well-pleaded facts as true, there are no facts upon which relief can be granted.[1]

---

[1] In analyzing a motion to dismiss, federal courts will not dismiss a complaint unless it is clear there are "no set of facts" that a plaintiff could prove consistent with the pleadings that would entitle the plaintiff to relief [*Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, *2232-2233* (1984); *Conley v. Gibson*, 355 U.S. 41, *45-46*, 78 S.Ct. 99, *101-102* (1957)]. And on motion for dismissal or other summary disposition, all inferences of fact from the papers before the court must be against the movant and "in the light most favorable to the party opposing the motion" [*United States v. Diebold, Inc.*, 369 U.S. 654, *655*, 82 S.Ct. 993, *994* (1962). *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, *255*, 106 S.Ct. 2505, *2513* (1986)].

**[3]**

It is well settled that a party cannot on one hand question the *personal* jurisdiction of a court and then on the other seek substantive relief from that same court. In doing so, the party has voluntarily submitted itself to the *personal* jurisdiction of the court in order to raise its subject matter jurisdictional issues, otherwise the court would lack personal jurisdiction to rule on the parties' subject matter jurisdictional and other reasons for disposing of the case in the that party's favor [*Ruggieri v. Gen. Well Svc.*, Inc., 535 F. Supp. 525, *529* (D.C. Colo., 1982); See also, *Baldwin v. Ia. State Traveling Men's Ass'n*, 238 U.S. 522, *525*, 51 S.Ct. 517, *517-518* (1931)]. This may be called a *constructive* waiver of the personal jurisdictional objection. Therefore, by seeking relief from the district court in filing a Motion to Dismiss, defendant CSOSA-DC has entered a *general* appearance and therefore constructively waived any objections based upon the court's lack of *personal* jurisdiction based upon insufficiency in the service of process.

Even if constructive waiver of personal jurisdiction had not occurred, CSOSA-DC has been properly served. Under the CSOSA-DC regulations promulgated pursuant to D.C. Code 24-1232 and 1233 provide that while CSOSA-DC is "within the *federal* government as an independent executive branch agency," it "carries out its responsibilities *on behalf of* the court or agency having jurisdiction over the person being supervised[; a]ccordingly, CSOSA supervises all offenders on probation ... pursuant to the [D.C.] Code" [CFR §§ 28:800.3(a) *(emphasis supplied)*]. Furthermore, service of process is to be upon the Office of the General Counsel, CSOSA-DC at its offices in Washington, DC [Id., §28:800(a)], not the U.S. Attorney is stated in CSOSA's Motion to Dismiss.

Moreover, CSOSA-DC has a *dual* status as both a federal *and* local agency when it "carries out its responsibilities *on behalf of the court or agency...,*" one status does not preempt the other and service of CSOSA-DC as a D.C. agency. Since CSOSA-DC was functioning in its role as a D.C. agency when it had custody of Richardson under the D.C. Court of Appeals contempt sentence, plaintiff's service of the D.C. Attorney General *in lieu* of its General Counsel [or even the U.S. Attorney's Office] was sufficient service of process.

**[4]**

"The [District] Court denied Plaintiff's motion for default judgment on December 19, 2006" (*Memorandum* 02/28/07:3). Now some 2.5 months later, the defendant CSOSA-DC submits a motion to dismiss instead of 25 days after the district court's ruling. Defendant CSOSA-DC should not be rewarded for dereliction in defending this action anymore that the plaintiff if he failed to prosecute the matter in a timely fashion. Equitable principles require that that the motion should be denied as untimely. And with the use of 'matters outside the record,' a motion to dismiss must be converted to a Civ. R. 56 motion for summary judgment under Civ. R. 12(b)(6) if the district court considers those matters, regardless of their source and authenticity.[2]

Therefore, the *pro se* plaintiff cannot respond until he knows whether the district court is considering those matters. Because if the district court does, the court must provide certain due process [3]

---

[2] Under Civ. R. 12(b)(6), there is a specific requirement for an opportunity to be heard where a court considers "matters outside the pleading," and in this case the district court would if the court takes judicial notice of pleadings in other civil actions and published and unpublished federal court decisions without according the plaintiff an opportunity to be heard as to their relevance, materiality, or validity [Evid. 201(e); *Garner v. Louisiana*, 368 U.S. 157, 82 S.Ct. 248 (1961); *Fountain v. Filson*, 69 S.Ct. 754, 336 U.S. 681 (1949) (Where a court *sua sponte* contemplates summary disposition, due process requires that the adversely affected party be given sufficient advance notice and an adequate opportunity to defend.)]. ■ Moreover, Richardson is entitled to impeach or collaterally attack the decisions under 28 U.S.C. §1738 (full faith and credit statute) and collateral estoppel principles. For while the decisions may be *prima facie* valid, their validity can be assailed for denial of due process, fraud upon the tribunals involved, and other appropriate reasons [*U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, *78*, 108 S.Ct.2268, 2271 (1988) (It is a "fundamental premise that [a respondent] *should not be denied the right to object to the very jurisdictional exercise that causes the injury*"); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, *291*, 100 S.Ct. 559, *564* (1980) (A judgment or order of court rendered in violation of due process is void in the rendering jurisdiction and cannot be accorded full faith and credit elsewhere.)] Therefore, use of outside pleadings and decisions by the district court as grounds to dismiss the plaintiff's complaint under Civ. R. 12(b)(1) or (6) would deny the plaintiff due process and is *improper*. Thus, according plaintiff adequate notice of claims be assessed and opportunity to be heard is a prerequisite to consideration of the CSOSA-DC's Motion to Dismiss by the district court.

[3] Due process of law "refers to certain fundamental rights which that system of jurisprudence, of which ours is derivative, has always recognized. If any of these are disregarded in the proceedings by which a person is condemned to the loss of life, liberty, or property, then the deprivation has not been by 'due process of law' " [*In re Bennett*, 84 F. 324, *326* (N.D. Ca., 1897) (Internal quotes omitted.)] Furthermore, an attorney is not "relegated to a *watered-down version* of constitutional rights" [*Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616 (1967)]. Essential ingredients of procedural due process are comprised of notice and an opportunity to be heard [*Mathews v. Eldridge*, 424 U.S. 319, *348*, 96 S.Ct. 893, *909* (1976)]. The hearing must be "at a meaningful time and in a meaningful manner" (Id.). Providing a

protections to the plaintiff, i.e. notice and an opportunity to conduct meaningful discovery before being compelled to respond [Civ. R. 12(b)(6)=Civ. R. 56], including by limited to questioning the jurisdiction of any judgments presented for 'full faith and credit,' and presenting contravening evidence and argument.[4] Thus, this action insofar as the disposition of this motion to dismiss is held in abeyance pending the district court's issuing the appropriate notice to the plaintiff.

### [5]

For the foregoing reasons, the plaintiff opposes the defendant CSOSA-DC's motion to dismiss on grounds of lack of jurisdiction (personal and subject matter), preclusion, and legal insufficiency (failure to

---

"hearing" must, at minimum, consist of an opportunity to submit written defenses to the proposed adverse action and an opportunity to present oral argument and testimonial or documentary evidence [*Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011 (1970); *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 83 S.Ct. 1175 (1963)]. In *Morgan v. United States*, 298 U.S. 468, *480-481*, 56 S.Ct. 906, *911* (1936) it was observed that "(i)f one who determines the facts which underlie the order has not considered evidence or argument, it is manifest that the hearing has not been given." Notice of issues to be resolved by the adversary process is a fundamental characteristic of "fair procedure" [*Lankford v. Idaho*, 500 U.S. 110, 111 S.Ct. 1723 (1991)]. In a variety of contexts, the U.S. Supreme Court has repeatedly emphasized the importance of giving the parties sufficient notice to enable them to identify the issues on which a decision may turn [e.g., *Lankford* (criminal case); *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182 (1991) (same); *Fountain v. Filson*, 336 U.S. 681, 69 S.Ct. 754 (1949) (*per curium*) (summary proceedings)].

[4] If it were the intention of the district court to decide the Motion to Dismiss without adequate notice and an evidentiary hearing, this would constitute adjudication by "judicial notice" procedures. And use of judicial notice without according a hearing to a party adversely affected by an evidentiary assumption or presumption violates that party's due process rights [Evid. R. 201(e)]. Furthermore, consideration of any facts outside the pleadings by the district court, whether jurisdictional or related to the merits of the action, constitutes an impermissible use of its judicial notice authority under the Federal Rules of Evidence. Under Evid. R. 201(e), a party adversely affected by a fact to be or that has been judicially noticed must be accorded a hearing *prior to* the court's taking notice or upon request thereafter. ■ There is also a 5th Amendment constitutional right to be heard when a court is going to take judicial notice [*Garner v. Louisiana*, 368 U.S. 157, 82 S.Ct. 248 (1961)]. In *Garner*, Chief Justice Warren writing for a unanimous Court (Justice Frankfurter concurring in the judgment) stated: "To ... allow the prosecution to do through argument ... what it is required by due process to do at the trial, ... would be "to turn the doctrine [of judicial notice] into a *pretext for dispensing with a trial*". ... Furthermore, unless an accused is informed at the trial of the facts of which the court is taking judicial notice, not only does he not know upon what evidence he is being convicted, but, in addition, he is *deprived of any opportunity to challenge the deductions drawn* from such notice *or to dispute the notoriety or truth of the facts allegedly relied upon*. Moreover, there is no way by which an appellate court may review the facts and law of a case and intelligently decide whether the findings of the lower court are supported by the evidence where the evidence is unknown. Such an assumption would be a *denial of due process*" [Id., 368 U.S. at 173, 82 S.Ct. at 256-257 (Internal quotations omitted)].

- 6 -

state a cause of action) and request that the district court *deny* the motion and grant such further relief as the court deems necessary and proper.

Certificate of Service

This certifies that a copy of the foregoing pleading was delivered by first-class U.S. mail to:

| U.S. ATTORNEY'S OFFICE, D.C.<br>Attn: Dr. Michelle N. Johnson, Esq., Assistant<br>555-4th Street, NW, Rm. E4212<br>Washington, DC 20530 |
|---|

*/s/ T. Carlton Richardson*
T. CARLTON RICHARDSON
Plaintiff *Pro Se*
1505 Pennsylvania Avenue, SE
Washington, DC 20003-3117
202/546-3505