UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-1665 (RJL) |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN FURTHER SUPPORT OF THE
FEDERAL DEFENDANT'S MOTION TO DISMISS**

Defendant, Court Services and Offender Supervision Agency ("CSOSA" or "Defendant"), hereby files its reply in further support of its motion for summary judgment.

Previously in its motion for dismissal, Defendant argued that dismissal of this action is required because Plaintiff has not, to this date, properly effected service of the complaint on Defendant. Memorandum of Points and Authorities in Support of the Federal Defendant's Motion to Dismiss ("Def.'s Mot.") at 4-5. In addition, Defendant contended that Plaintiff failed to state a claim for relief because his claims are barred by the doctrines of res judicata/collateral estoppel, he has not asserted a proper claim for relief under Federal Rule of Civil Procedure 60(b), and count two of his complaint does not assert a claim for relief and is, in any event, untimely. Id. at 5-15.

In his response in opposition to Defendant's motion, Plaintiff fails to substantively address many of Defendant's arguments.[1] Rather, Plaintiff contends that Defendant has waived

---

[1] Plaintiff contends that he "incorporates by reference his oppositions to those motions to dismiss based upon lack of personal and subject matter jurisdiction, including insufficient service of process, preclusion and legal insufficiency defenses." Plaintiff's Opposition to

any jurisdictional argument by filing its motion to dismiss; that Defendant's motion is not timely; that Defendant's motion improperly attaches documents outside of the pleadings; and that Defendant fails to address "plaintiff's concurrent jurisdictional basis of a writ of *coram nobis*." Plaintiff's Opposition to Motion to Dismiss of Defendant Court Services and Offender Supervision Agency of D.C. ("Pl.'s Opp'n") at 1. Like Plaintiff's complaint, Plaintiff's arguments in opposition to Defendant's motion to dismiss are utterly lacking in merit and therefore dismissal is warranted.

## ARGUMENT

**I.  DEFENDANT HAS NOT WAIVED ITS JURISDICTIONAL ARGUMENT AND DISMISSAL IS WARRANTED FOR PLAINTIFF'S FAILURE TO EFFECT PROPER SERVICE.**

According to plaintiff, "[i]t is well settled that a party cannot on one hand question the personal jurisdiction of a court and then on the other seek substantive relief from the same court." Pl.'s Opp'n at 3. Plaintiff contends that, by so doing, Defendant has "voluntarily submitted itself to the *personal* jurisdiction of the court in order to raise its subject matter jurisdictional issues . . . ." Id. While it is true that "a defendant may waive personal jurisdiction,

---

Motion to Dismiss of Defendant Court Services and Offender Supervision Agency of D.C. ("Pl.'s Opp'n") at 2. However, it should not be for this Court or Defendant to parse through Plaintiff's other filings to determine which arguments pertain to the federal Defendant's dismissal arguments. Furthermore, to the extent that Plaintiff has completely failed to address Defendant's arguments pertaining to Count II of the Complaint, the Court should deem those arguments as conceded. Day v. D.C. Dep't of Consumer and Regulatory Affairs, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that an opposing party makes in a motion, the court may treat that argument as conceded.") (citation omitted); Bancoult v. McNamara, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citations omitted).

merely appearing in court to contest its jurisdiction does not in itself constitute a waiver." Djordjevich v. Bundeminister Finanzen, Germany, 124 F.3d 1309 (D.C. Cir. 1997) (citation omitted).  Nor does assertion of other grounds for dismissal constitute a waiver of jurisdiction, so long as Defendant clearly asserted its jurisdictional argument.  Maye v. Reno, 231 F. Supp. 2d 332, 335-36 (D.D.C. 2002) (holding that defendant did not waive personal jurisdiction by filing a motion to dismiss in which other arguments were made).  See also Chase v. Pan-Pacific Broadcasting, Inc., 750 F.2d 131, 134 (D.C. Cir. 1984) (holding that defendants that raised personal jurisdiction as a defense in their answer, but also included a counterclaim for relief, did not waive personal jurisdiction).

   Plaintiff states that even if Defendant has not waived its jurisdictional argument, in fact it has been properly served.  Based on Plaintiff's own reasoning, because "CSOSA-DC has a *dual* status as both a federal *and* local agency" and because it "was functioning in its role as a D.C. agency when it had custody of Richardson . . . plaintiff's service of the D.C. Attorney General *in lieu* of its General Counsel [or even the U.S. Attorney's Office] was sufficient service of process."  Pl.'s Opp'n at 3.  This argument is meritless.  As Defendant previously contended, service upon CSOSA, a federal entity, see D.C. Code § 24-133(a), was required to be effected pursuant to Federal Rule of Civil Procedure 4(i)(1)(A).  Plaintiff does not explain how the vague citations he makes to the D.C. Code and Code of Federal Regulations trump service under the federal rules.  For these reasons, Defendant has not waived its jurisdictional argument and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) based on Plaintiff's failure to

properly serve the United States is warranted.[2]

## II. DEFENDANT'S MOTION SHOULD NOT BE CONVERTED INTO A MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF HAD AMPLE NOTICE FOR RESPONDING TO THIS MOTION.

Plaintiff contends that, because Defendant has attached matters outside the record, its motion must be converted to one for summary judgment. Pl.'s Opp'n at 4. In filing its motion to dismiss, Defendant attached three exhibits: (1) the docket sheet from Plaintiff's prior habeas corpus lawsuit, which he seeks to reinstate in this Court; (2) Judge Robertson's Memorandum order denying Plaintiff's motion for reconsideration; and (3) the District of Columbia Circuit Court's Order granting sanctions against Plaintiff.

It is well-settled that the Court may take "'judicial notice of' public documents, 'even if they are not included in, or attached to the complaint." Savage v. Scales, 310 F. Supp. 2d 122, 129 n.8 (2004) (citation omitted). "Thus, the court may take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." Baker v. Henderson, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001) (citations omitted).

Plaintiff's contention that he cannot respond to Defendant's motion to dismiss "until he knows whether the district court is considering . . . matters [outside the pleadings]," is

---

[2]Without citing any authority, Plaintiff contends that Defendant failed to file its motion within 25 days after the district court's ruling on Plaintiff's motion for default judgment and therefore the Court should not consider Defendant's motion. Pl.'s Opp'n at 4. However, "[D]efendant's obligation to answer or plead to the complaint is predicated on effective service of the complaint." Haldane v. Crockford, No. Civ.A. 97-2483, 1998 WL 419617, at *3 (D.D.C. Apr. 23, 1998). Since Plaintiff never properly served Defendant, he cannot be heard to complain about the timing for Defendant's motion for dismissal. Nor does Plaintiff point to any authority that required that Defendant's motion be filed within "25 days" of the denial of Plaintiff's motion for default.

completely lacking merit. Plaintiff offers no reason why he has suffered any prejudice by Defendant's attachment of orders from Plaintiff's own prior cases.[3] While Plaintiff contends that he is "entitled to impeach or collaterally attack the [attached] decisions . . . ." he offers no justifiable basis for failing to do so in his current response. His arguments, which confound various principles of federal law, simply do not foreclose the Court from considering and granting Defendant's motion for dismissal.

### III. PLAINTIFF CANNOT SEEK RELIEF FOR A WRIT OF *CORAM NOBIS* IN THIS COURT.

Plaintiff contends that Defendant's motion, as well as the dismissal motions of the other named defendants, fails to address "the jurisdictional basis of a writ of *coram nobis* and such omission is sufficient to overcome the challenge under standards for a motion to dismiss that, taking all of plaintiff's well-pleaded facts as true, there are no facts upon which relief can be granted." Pl.'s Opp'n at 2.

While Plaintiff does invoke 28 U.S.C. § 1651, the All Writs Act, in his complaint (Compl. ¶ 7), in support of the Court's exercise of jurisdiction, he does so improvidently.[4] "The writ of error *coram nobis* arises from the common law and is an equitable tool for federal courts

---

[3]In fact, Plaintiff has already attached Judge Robertson's Memorandum order denying Plaintiff's motion for reconsideration (Defendant's Exhibit B) as Appendix B to his complaint.

[4]Plaintiff's basis for invoking jurisdiction pursuant to a writ of *coram nobis* is dubious as it has been noted that Federal Rule of Civil Procedure 60(b) "was designed, in large part, to replace the common-law writ of *coram nobis* in civil cases." James v. United States, 459 U.S. 1044, 1047 (1982). See also Fed. R. Civ. P. 60(b) ("Writs of coram nobis . . . are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."). See also United States v. Ayala, 894 F.2d 425, 428 n. 4 (D.C. Cir. 1990) (Rule 60(b)'s "express abolition of the writ of *coram nobis* . . . is limited to civil proceedings.").

5

to 'fill the interstices of the federal post-conviction remedial framework.'" United States v. Hansen, 906 F. Supp. 688 (D.D.C. 1995) (quoting United States v. Ayala, 894 F.2d 425, 427-28 (D.C. Cir. 1990)).  See also Ayala, 894 F.2d at 428 (Writ of *coram nobis* "permits a defendant collaterally to attack his conviction even when he is no longer in custody.") (citation omitted). "Through a writ of error *coram nobis* the federal judge who imposed a sentence has the discretionary power to set aside an underlying conviction and sentence which, for a valid reason, should never have been entered." Id. (emphasis added).  However, a condition to relief is that "[r]elief must be sought in the court in which the sentence was imposed." Id. (citing United States v. Morgan, 346 U.S. 502, 507 n.9 (1954) (emphasis added)).

Clearly, because Plaintiff was not sentenced in this Court (or in any other federal court for that matter)[5] he cannot take advantage of the writ of *coram nobis*.  However, to the extent he can be considered to have been "sentenced" by any court, that court would be the Superior Court for the District of Columbia, which found Plaintiff to be guilty of criminal contempt for violating the order of the court suspending him from the practice of law.  As a result, that court sentenced Plaintiff to 120 days imprisonment, which was suspended, and immediately placed him on three years probation.  See In re Richardson, 759 A.2d 649, 651 (D.C. 2000) (affirming Richardson's conviction for criminal contempt).  His request for relief in this Court pursuant to 28 U.S.C. § 1651 is therefore improper and legally impossible.

---

[5]Rather, as Judge Robertson concluded, by virtue of his suspension from the practice of law, Plaintiff was subject to "civil contempt proceedings," as well as "civil penalties and order . . . ." Compl., Ex. A, at ii.  These civil proceedings and penalties were insufficient to permit Plaintiff to invoke the writ of habeas corpus. Id.

## **CONCLUSION**

For the reasons set forth above, dismissal of this Complaint is warranted.

                Respectfully submitted,

                  /s/ Jeffrey A. Taylor
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                  /s/ Rudolph Contreras
                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Assistant United States Attorney

                  /s/ Michelle N. Johnson
                MICHELLE N. JOHNSON, D.C. BAR # 491910
                Assistant United States Attorney
                United States Attorney's Office
                Civil Division
                555 4th Street, N.W. – Room E4212
                Washington, D.C. 20530
                (202) 514-7139

                COUNSEL FOR DEFENDANT COURT
                SERVICES AND OFFENDER SUPERVISION
                AGENCY

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendant's Reply Brief in Further Support of Its Motion to Dismiss was served via U.S. Mail, first class postage prepaid, addressed to:

T. Carlton Richardson
1505 Pennsylvania Avenue, SE
Washington, DC 20003

on this 26th day of March, 2007.

                                                                         /s/
                                         MICHELLE N. JOHNSON