UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-1665 (RJL) |
| DISTRICT OF COLUMBIA, *et al.* | ) want |
| Defendants. | ) |

## MEMORANDUM OPINION
(July 8, 2007) [#10, #13, #23, #25]

Plaintiff T. Carlton Richardson, proceeding *pro se*, filed this action on September 28, 2006 against the D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H. Becker, Catherine Kello, Lalla Shishkevish, Elizabeth J. Branda, Donna M. DeSilva, the District of Columbia Court of Appeals, the Court Services and Offender Supervision Agency ("CSOSA"), and the Court Services & Supervision Agency for the District of Columbia to challenge his suspension from the practice of law by the District of Columbia Court of Appeals. Before the Court are defendants' motions to dismiss. For the following reasons, this Court finds that plaintiff has failed to set forth any basis for overturning his suspension, and, accordingly, the Court will GRANT defendants' motions to dismiss.

## BACKGROUND

This case is the latest in a long series of cases filed by plaintiff related to his suspension from the practice of law in the District of Columbia. In 1997, the plaintiff was



suspended from the practice of law for three years by the D.C. Board of Professional Responsibility as reciprocal discipline for his actions while a member of the Florida Bar. *In re Richardson*, 692 A.2d 427 (D.C. 1997). Subsequently, plaintiff was convicted of criminal contempt for violating this suspension. *In re Richardson*, 759 A.2d 649 (D.C. 2000).

Plaintiff's previous challenges in this District Court to the constitutionality of his suspension were dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing judicial decisions of state and local courts, as well as all claims intertwined with that judicial action. *See Richardson v. D.C. Court of Appeals*, No. 95-1272, slip op. (D.D.C. 1996) ("*Richardson I*") (Hogan, J.) (discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)), *aff'd*, *Richardson v. D.C. Court of Appeals*, 83 F.3d 1513 (D.C. Cir. 1996); *Richardson v. D.C. Court of Appeals*, 962 F. Supp. 1 (D.D.C 1997) (Sporkin, J.) ("*Richardson II*"); *Richardson v. D.C. Court of Appeals*, No. 04-0101, slip op. (D.D.C. Mar. 31, 2004) (Huvelle, J.) ("*Richardson III*"); *Richardson v. Dist. of Columbia*, No. 05-0210, slip op. (D.D.C. Mar. 29, 2005) (Huvelle, J.) ("*Richardson IV*"). Likewise, Judge Robertson of this Court dismissed plaintiff's previous petition for habeas corpus.[1] *Richardson v. Court Servs. and Offender Supervision Agency for D.C.*, No. 99-0657, slip op. (D.D.C. July 10, 2001) ("*Richardson-Habeas I*").

---

[1] Judge Robertson found that: (1) "Orders underlying civil and criminal contempt proceedings are not addressable by means of a habeas petition except to challenge jurisdiction," *Richardson-Habeas I*, slip op. at 5, and; (2) "the criminal contempt conviction and the resulting sentence neither contradict governing law nor involve an unreasonable application of Federal law," *id.* at 10-11.

## ANALYSIS

### I. *Habeas Corpus*

In Count One of his complaint, plaintiff seeks reinstatement of his prior habeas petition based upon "newly discovered evidence of prosecutorial misconduct, obstruction of justice and fraud" pursuant to Federal Rule of Civil Procedure 60(b)(6).[2] (Compl. ¶¶ 6-7.) This Rule permits a court to reopen a proceeding for "any other reason justifying relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6); however, it is well-established that Rule 60(b)(6) "should be only sparingly used." *Kramer v. Gates*, 481 F.3d 788, 791-92 (D.C. Cir. 2007) (quoting *Ackerman v. United States*, 340 U.S. 193, 199 (1950)). Moreover, Rule 60(b)(6) motions may be granted "only in 'extraordinary circumstances,'" *id.*, and only if "made within a reasonable time." Fed. R. Civ. P. 60(b). Plaintiff has failed to satisfy either requirement.

Here, plaintiff has not asserted sufficiently "extraordinary circumstances" to justify relief from the dismissal of his habeas petition. Specifically, plaintiff claims that various defendants committed fraud by not revealing the existence of a report related to a 1992 investigation into plaintiff's conduct as a member of the Florida Bar in response to allegations that plaintiff charged clients an unreasonable fee for his services (the

---

[2] Notably, pursuant to Rule 60(b)(3), a party can request relief from judgment based on "fraud, misrepresentation, or other misconduct of an adverse party," but must do so "not more than one year after judgment." Because the original habeas petition was dismissed in 2001, *see Richardson -Habeas I*, plaintiff's request for relief under this provision is untimely.

3

"*Richardson/Rankin* report"), and that the fraud was "so pervasive" as to justify a reopening of the habeas corpus proceedings. (Compl. ¶¶ 12-49). Plaintiff claims that he was not made aware of this investigation despite requests for all documents, and that had the investigation been disclosed to him, it "would have affected the unfavorable trial court and appellate outcomes of [the contempt proceeding]." (Compl. ¶¶ 33-34). Yet, as plaintiff's habeas petition challenges his criminal contempt conviction for violating the order suspending his license to practice law *in the District of Columbia*, *In re Richardson*, 759 A.2d at 654, plaintiff does not claim (nor could he) that the *Richardson/Rankin* report is relevant to this criminal conviction. Thus, plaintiff has not asserted sufficiently "extraordinary circumstances." Moreover, as plaintiff claims that he learned about the *Richardson/Rankin* report in 2003, (Compl. ¶ 19), and, since that time, plaintiff has brought both his third and fourth challenges to the validity of the underlying suspension without seeking reinstatement of his habeas petition, *see Richardson III; Richardson IV*, plaintiff's Rule 60(b)(6) motion was not brought within a "reasonable time."[3] Accordingly, plaintiff's request for relief pursuant to Rule 60(b)(6) motion is DISMISSED.

## II. Civil Rights Claims

In Count Two of his complaint, plaintiff contends that his civil rights were violated when he was suspended from the District of Columbia bar, and that these violations have

---

[3] Further, even if plaintiff's request for relief were interpreted to "attack the federal court's previous resolution of a claim on the merits," *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), it would qualify as a "second or successive" application and, therefore, would be barred by 28 U.S.C. § 2244(b)(1). *Gonzalez*, 545 U.S. at 531-32; 28 U.S.C. § 2244(b)(1) (requiring that "a claim presented in a second or successive habeas corpus application . . . [that] was presented in a prior application . . . be dismissed").

continued throughout the proceedings in his subsequently filed civil litigation. (Compl. ¶¶ 71-91.) For the reasons set forth below, this Court also GRANTS defendants' motions to dismiss plaintiff's civil rights claims.

Pursuant to the doctrine of collateral estoppel, "the judgment in [a] prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).[4] In our Circuit, an issue is precluded if: (1) the same issue was previously litigated by the parties;[5] (2) the issue was necessarily determined by a court of competent jurisdiction and; (3) preclusion in the second case will not be unfair to the party bound by the first judgment. *Yamaha Corp. of Am.*, 961 F.2d at 254.

Here, the issue of whether the district court has jurisdiction to review the state court decision has previously been litigated four times, *see Richardson I; Richardson II; Richardson III; Richardson IV*, and, as to each of these challenges, the constitutionality of the suspensions were dismissed pursuant to the *Rooker-Feldman* doctrine ("under which

---

[4] Although Federal Rule of Civil Procedure 41(b) provides that a dismissal for lack of jurisdiction will not operate as "an adjudication on the merits," it will, however, preclude relitigation of the precise issues of jurisdiction that lead to the dismissal in the previous case. *GAF Corp. v. United States*, 818 F.2d 901, 913 (D.C. Cir. 1987).

[5] The fact that the plaintiff added new defendants does not preclude them from asserting issue preclusion. *See McLaughlin v. Bradlee*, 803 F.2d 1197, 1204-05 (D.C. Cir. 1986) ("Invocation of the doctrine is no longer restricted to those who were parties to the first litigation or their privies, for it has come to be widely accepted that usually little good and much harm can come from allowing a determined plaintiff to retry the same issues in exhaustive fashion against successive defendants.").

federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts,"*Richardson v. D.C. Court of Appeals*, 83 F.3d at 1514[6]). Thus, the issue of jurisdiction necessarily has been determined by the appropriate courts. Finally, for a plaintiff who has brought what is essentially the same case at least four times, had the case dismissed *with prejudice*, *Richardson III*, and has been warned that "he would do well to think hard before filing another suit such as this one," *Richardson II*, slip op. at 2, no unfairness will result from the application of collateral estoppel to bar his claims, and, accordingly, defendants' motions to dismiss plaintiff's civil rights claims are GRANTED.[7]

### CONCLUSION

For all of the foregoing reasons, this Court GRANTS defendants' motions to dismiss plaintiff's claims. An appropriate Order consistent with this ruling accompanies this Memorandum Opinion.

_____
**RICHARD J. LEON**
**United States District Judge**

---

[6] For a more detailed explanation of the *Rooker-Feldman* doctrine, *see Richardson III*, slip op. at 2 n.2.

[7] Finally, the Court notes that the claims are barred by the applicable three year statute of limitations for civil rights violations. D.C. Code § 12-301(8); *see also Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416, 1428 (D.C. Cir. 1986); *Osuchukwu v. Gallaudet Univ.*, 296 F. Supp. 2d 1, 1-2 (D.D.C. 2002). Plaintiff claims that he learned of the existence of the supposedly withheld *Richardson/Rankin* report in February 2003, which allegedly gave rise to his cause of action, (Compl. ¶ 19), but did not file suit until September 2006.