UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV01665 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, ET AL., | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO RECONSIDER DISMISSAL**

Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H. Becker, Catherine Kello, Lalla Shishkevish, and Elizabeth J. Branda (collectively referred to herein as "Moving Defendants") respectfully oppose Plaintiff's ("Richardson's") Motion to Reconsider Dismissal (Docket No. 34) (hereinafter, "Reconsideration Motion"). The grounds set forth by Richardson do not merit reconsideration of the Court's dismissal of all claims. *See* Memorandum Opinion (entered July 11, 2007) (Docket No. 31); Final Judgment (entered July 11, 2007) (Docket No. 32).

*First*, Richardson argues that he was denied due process because he was not afforded an evidentiary hearing prior to dismissal. Reconsideration Motion at 3-5. Moving Defendants know of no statute, case, or rule that would require a District Court to provide a plaintiff with an evidentiary hearing prior to deciding motions filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) in the circumstances presented here.[1] In fact, it would be contrary to logic to do

---

[1] "[T]he circuit courts that have addressed the question of whether an oral hearing is required on motions to dismiss in civil cases have uniformly held that no oral hearing is required by the Due Process Clause." *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (citing cases).

so given that the motions here sought dismissal as a matter of law.[2]  Providing Richardson with an evidentiary hearing would be tantamount to providing him an opportunity to pursue the very claims he should be barred from pursuing under the various principles discussed in the Memorandum Opinion and in the Moving Defendants' (and other defendants') motions to dismiss.

*Second*, Richardson argues that the Court made erroneous factual findings.  Reconsideration Motion at 6-7.  Nowhere in the Court's Memorandum Opinion, however, does the Court state any "factual findings."  Instead, the Court has merely recited background information that is either uncontested by Richardson or that has been found by one or more of the many other courts that have heard Richardson's cause through the years.  Furthermore, Richardson's specific examples do not hold up under scrutiny.  *See, e.g.,* Reconsideration Motion at 7 (apparently disputing that "Plaintiff was convicted of criminal contempt…" and then admitting this same fact in the "Correct Fact" column of the table).

*Third*, Richardson argues that the Court overlooked the potential application of the "jurisdictional basis of *coram nobis*" in this matter.  *Id.* at 7-11.  Richardson's plea is misguided.  The point of the writ of *corum nobis*, as Richardson himself notes, is to provide a remedy in certain very narrow circumstances where other remedies are not available.

---

[2] In deciding a Rule 12(b)(6) motion, the court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Braude & Margulies, P.C. v. Fireman's Fund Ins. Co.*, 468 F. Supp. 2d 190, 195 (D.D.C. 2007) (citation omitted).  With respect to a Rule 12(b)(1) motion, the court may, "where necessary," look to disputed facts to resolve the motion. *See Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (court did not err in denying discovery where the allegations at issue in a Rule 12(b)(1) motion, if substantiated, would not establish jurisdiction).  Furthermore, in such a motion the court may look outside the pleadings to undisputed facts. *Id*.  Here, no resolution of disputed facts is "necessary" because all of the "facts" needed to decide the case have already been established in prior decisions in cases in which Richardson was a party plaintiff or are facts that can be treated as admitted based on Richardson's complaint.

2

Reconsideration Motion at 8; *Korematsu v. United States*, 584 F. Supp. 1406 (N.D. Cal. 1984). Here, the Court found that there *is* a remedy available – Fed. R. Civ. P. 60(b)(6) – but that Richardson is not, on the merits, entitled to relief under that rule because he did not sufficiently assert "extraordinary circumstances" in a reasonable period of time.  Memorandum Opinion at 3-4.  *Corum nobis*, if applicable at all,[3] is a remedy that Richardson could have plead in his original *habeas corpus* action, but it is not available to him in this subsequent action as a basis for reopening the earlier action.

*Fourth*, Richardson argues that, for purposes of Fed. R. Civ. P. 60(b)(6), he did present "extraordinary circumstances" for reopening his prior *habeas corpus* action and that the defendants are equitably estopped from raising any time limitation defense.  Reconsideration Motion at 11-16.  The Court rightly analyzed Richardson's claim by looking to the relationship between the alleged fraud and the underlying criminal conviction at issue in the *habeas corpus* action, and finding none.  Memorandum Opinion at 4.  Furthermore, the Court was entitled to note that Richardson had at least twice before tried to raise the fraud allegations, thus demonstrating that he could have brought a Rule 60(b)(6) claim much earlier.  *Id.*  The basis for the Court's decision on this issue does not rest on the District of Columbia three-year statute of limitation, as Richardson suggests, but rather on the Court's discretion to determine a "reasonable time" under Fed. R. Civ. P. 60(b)(6).[4]

*Fifth and finally*, Richardson agues a host of reasons why the Court misconstrued and misapplied various "preclusion" principles, including *res judicata,* collateral estoppel, and

---

[3] It is difficult to see how, if Richardson did not sufficiently plead "extraordinary circumstances" to meet the standard of Fed. R. Civ. P. 60(b)(6), his case could nonetheless be so extraordinary as to merit the application of the *corum nobis*.

[4] Richardson does not dispute the Court's alternative holding, that to the extent the allegations in the instant suit were directly at issue in the prior *habeas corpus*, the suit "would be barred by 28 U.S.C. § 2244(b)(1)."  Memorandum Opinion at 4 n.3.

3

the *Rooker-Feldman* doctrine, to bar his civil rights claims.  Reconsideration Motion at 16-29.  The sheer verbiage devoted to these issues amply demonstrates that Richardson is, in fact, attempting to relitigate issues that were already or could have been adjudicated in one of his numerous prior actions.  The Court properly concluded that collateral estoppel applies to bar Richardson's successive suit here.  Regardless, Richardson's request for reconsideration of his civil rights claims must fail, because his motion does not contest the Court's alternative finding – that these claims are nonetheless barred by the applicable statute of limitations.  *See* Memorandum Opinion at 6 n.7.  Thus, even if he prevailed on his various non-preclusion arguments, his civil rights claims would still be barred by the statute of limitations.

This case is a frivolous attempt by Richardson to relitigate issues which have already been litigated multiple times in the past, and Moving Defendants believe that it was properly disposed of through the motions to dismiss filed with this Court (*e.g.,* Docket Nos. 10, 13, 23, and 25).  Accordingly, for the foregoing reasons, the reasons set forth in the various motions to dismiss, and the reasons set forth in the Memorandum Opinion, the Moving Defendants respectfully request that this Court deny the Reconsideration Motion.

August 7, 2007                                          Respectfully submitted,

/s/ Timothy K. Webster
Timothy K. Webster (D.C. Bar No. 441297)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
(202) 736-8711 (fax)

Counsel for Defendants D.C. Board on Professional Responsibility, Wallace Eugene Shipp, Jr., Leonard H. Becker, Elizabeth J. Branda, Catherine Kello, and Lalla Shishkevish

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV01665 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, ET AL., | ) |
| | ) |
| Defendants | ) |

## CERTIFICATE OF SERVICE

    I hereby certify that the following parties were served via first class mail, postage prepaid, on August 7, 2007:

| | |
|---:|---|
| T. Carlton Richardson | 1505 Pennsylvania Avenue, SE |
| *Pro se* | Washington, D.C.  20003-3117 |

All other parties were served through the Court's ECF system.

                                /s/ Timothy K. Webster

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| T. CARLTON RICHARDSON,          ) | |
|                                ) | |
|        Plaintiff,    ) | |
|                                ) | |
| v.                                ) | Case No. 1:06CV01665 (RJL) |
|                                ) | |
| DISTRICT OF COLUMBIA, ET AL.,    ) | |
|                                ) | |
|        Defendants    ) | |

## ORDER

Upon consideration of Defendants' Opposition to Plaintiff's Motion To Reconsider Dismissal, it is hereby

**ORDERED** that Plaintiff's Motion To Reconsider Dismissal is **DENIED**.

**SO ORDERED** this _____ day of _____, 2007.

_____
**Richard J. Leon
United States District Judge**

2

**NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY**

Pursuant to LCvR 7(k), listed below are the names and addresses of all individuals entitled to be notified of the proposed order's entry.

Richard J. Oparil roparil@pattonboggs.com
George E. Rickman george.rickman@dc.gov, patricia.jones@dc.gov
Timothy K. Webster twebster@sidley.com
Michelle Nicole Johnson michelle.johnson@usdoj.gov

T. CARLTON RICHARDSON
1505 Pennsylvania Avenue, SE
Washington, DC 20003