IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| T. CARLTON RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-1665 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## THE FEDERAL DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL

Defendant, Court Services and Offender Supervision Agency ("CSOSA" or "Defendant"), hereby files its opposition to Plaintiff's "Motion to Reconsider Dismissal" (Pl.'s Mot."). Because Plaintiff has failed to set forth any justification warranting this Court reconsidering its dismissal of Plaintiff's complaint, his motion should be denied.

**I.   Procedural Background**

On July 11, 2007, this Court issued a Memorandum Opinion and Order dismissing Plaintiff's complaint. [Docket Nos. 31 & 32]. In dismissing Plaintiff's complaint, the Court concluded that Plaintiff failed to assert "extraordinary circumstances" warranting relief from the dismissal of his prior habeas petition. Memorandum Opinion ("Mem. Op.") filed July 11, 2007, at 3. As it concerned his alleged civil rights violations, the Court concluded that, pursuant to the doctrine of collateral estoppel, Plaintiff was precluded from raising arguments that had been previously raised, and rejected, by several other members of this Court as well as the District of Columbia Circuit Court of Appeals. Id. at 5-6.

On July 25, 2007,[1] Plaintiff filed a motion seeking reconsideration of the Court's dismissal of the complaint. While Plaintiff has devoted thirty-one (31) of his thirty-six paged motion in his attempt to have the Court reconsider the dismissal of his complaint, his arguments are all lacking in merit.

## II.    Standard of Review

Although not discussed in his motion, the standard of review applied by the Court in reviewing Plaintiff's motion to reconsider is not one favorable to him. Federal Rule of Civil Procedure 59(e) provides that a motion to reconsider "shall be filed no later than 10 days after entry of the judgment."[2] Motions for reconsideration of a prior judgment are "not lightly granted." Mobley v. Continental Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005). Such motions are successful only where the movant can "demonstrate (1) 'an intervening change in controlling law,' (2) new evidence; or (3) a pressing need to 'correct clear error or prevent manifest injustice.'" Id. (citations omitted). Rule 59 motions are not proper mechanisms for litigants "to re-argue facts and theories upon which the reviewing court has already ruled . . . nor an opportunity for litigants to present theories or arguments that could have been advanced earlier but were not . . . ." Id. at 45-46 (citations omitted). When viewed in this light, it is apparent that Plaintiff's motion for reconsideration should be denied.

---

[1] Although Plaintiff's motion is docketed as being filed on July 25, 2007, it was not actually filed until August 3, 2007, docket entry no. 34, and was not received by the federal defendant until July 31, 2007.

[2] While Plaintiff's motion ostensibly meets this criteria because, as stated above, his motion is dated and docketed as having been received on July 25, 2007, it does not appear that it was actually received by the Court on that date.

### III. Plaintiff has Failed to Assert Any Basis for the Court to Reconsider Its Dismissal of His Action.

In his verbose and often repetitive motion for reconsideration, Plaintiff has not set forth any justification for the Court's reconsideration of its dismissal of this action. Specifically, Plaintiff has not set forth any intervening change in controlling law, new evidence, or any need to correct clear error or manifest injustice that would warrant the relief he seeks. Rann v. Chao, 209 F. Supp. 2d 75, 83 (D.D.C. 2002 (denying plaintiff's Rule 59(e) motion for reconsideration of Court's dismissal motion where plaintiff "failed to set forth adequate grounds for relief under Rule 59(e)."). However, even were the Court to consider the arguments that Plaintiff asserts, it is apparent none warrant the relief Plaintiff seeks.

Plaintiff first contends that pursuant to Fed. R. Evid. 201(e), he was entitled to an "evidentiary hearing" because the Court took judicial notice of prior court decisions involving Plaintiff's claims. Pl.'s Mot. at 3-5. Even assuming that Rule 201(e) would be applicable in this situation, a premise Plaintiff has failed to establish, Plaintiff does not set forth any basis that would support a hearing regarding judicial notice being taken of prior court decisions adjudicating his claims. He does not contend that the facts that were judicially noticed were erroneous or inaccurate. Nor does he explain how these facts allegedly contaminated the Court's rulings of law. In any event, Plaintiff here previously voiced his objection to judicial notice being taken, see Plaintiff's Opposition to the Federal Defendant's Motion to Dismiss, Docket Entry No. 28, at 4 & n.2, and thus his objections were heard by the Court. See In re: Cenco Inc. Securities Litigation, 601 F. Supp. 336, 340 (D. Ill. 1984) (holding that there was no need to hold a separate hearing regarding party's objection to court's taking judicial notice and consideration of party's arguments made in its motion for summary judgment "amount[ed] to a hearing on

3

propriety."). There was simply no requirement that Plaintiff be "heard" to voice his objections in person. Bogart v. Daley, No. Civ.A. 00-101, 2001 WL 34045761, at *3 (D. Or. June 28, 2001) ( holding that Fed. R. Evid. 201(e) did not require that party "be heard in person.") (citations omitted). Nor has Plaintiff presented any basis to justify the need for an "evidentiary hearing" in this matter.[3]

Next Plaintiff contends that the Court "made erroneous factual determinations per se by omission." Id. at 6. While Plaintiff has created a chart comparing the Court's allegedly inaccurate "factual findings" and his own version of the facts, he fails to explain how, even if the facts he recites were not properly recited by the Court, this infected the Court's legal conclusion that Plaintiff failed to show extraordinary circumstances warranting reinstating his prior habeas corpus petition or why collateral estoppel did not bar Plaintiff's civil rights claims. Notably, the facts recited by Plaintiff do not have any bearing on these legal issues.

Plaintiff also contends that the Court "overlooked" his argument in favor of a writ of coram nobis. Id. at 7. According to Plaintiff, a writ of coram nobis is proper because "habeas corpus alone is not an adequate remedy[,]" since Plaintiff is not "in custody" as required by the habeas statute, 28 U.S.C. § 2255. Id. at 8. However, as the federal defendant previously asserted, because Plaintiff was not "sentenced" by this, or any other federal court, the writ of coram nobis is simply unavailable to him. United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir.

---

[3]In addition, Plaintiff's failure to specifically file a motion requesting a hearing regarding the Court's judicial notice of prior court decisions also supports rejection of his arguments. See, e.g., In re NFA, No. Civ.A. 99-0042, 2001 WL 339428, at *13 (Guam Terr. Apr. 10, 2001) ("Because the Appellant merely objected to [the party's request] that the court take judicial notice of the file, and did not request a hearing as required under Rule 201(e), the trial court committed no error in not granting a hearing on the propriety of taking judicial notice.").

1990) ("Through a writ of error *coram nobis* the federal judge who imposed a sentence has the discretionary power to set aside an underlying conviction and sentence which, for a valid reason, should never have been entered." However, "[r]elief must be sought in the court in which the sentence was imposed.") (citing United States v. Morgan, 346 U.S. 502, 507 n.9 (1954)) (emphasis added). Plaintiff's unsupported proposition that a writ of coram nobis may be "heard by the district court in which the denial of habeas corpus was obtained[,]" is simply legally inaccurate. Pl.'s Mot. at 8.

Next, Plaintiff argues that the Court "misapplied or misapprehended" Fed. R. Civ. Pro. 60(b) in failing to "reinstate" his previously dismissed habeas corpus petition. Id. at 11. Plaintiff contends he presented "extraordinary circumstances" warranting relief pursuant to Rule 60(b) in light of his allegation that material was withheld from him in connection with his criminal prosecution in violation of Brady v. Maryland, 373 U.S. 83 (1963). Id. at 11-12. Plaintiff does not explain how his discovery of this alleged information in 2003, some three years prior to his filing of this action, consists of such "extraordinary circumstances." Plaintiff also contends that defendants and the Court are "estopped" from arguing that his Rule 60(b) motion is untimely. Mem. Op. at 4; see also Fed. R. Civ. P. 60(b) (motion seeking relief on the basis of "newly discovered evidence" or "fraud" must be "made . . . not more than one year after the judgment, order, or proceeding was entered or taken.").[4] Yet, equitable estoppel only comes into play "if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." Smith-Haynie v. District of Columbia, 155

---

[4] Plaintiff does not address the federal Defendant's argument that his invocation of Rule 60 was not sufficient for jurisdictional purposes. Federal Defendant's Motion to Dismiss ("Def.'s Mot.") at 12.

5

F.3d 575, 580 (D.C. Cir. 1998) (internal quotation marks and citations omitted).  Plaintiff does not contend that there were any actions by any of the defendants or the Court that prevented him, after learning of the alleged improperly withheld information, from asserting his claims for three additional years.  See id. at 581 (holding that equitable estoppel did not bar defendants' timeliness arguments where plaintiff failed to contend that "anything the defendants did or said misled her as to the effect of the . . . limitation period on her right to seek judicial relief.").

None of Plaintiff's remaining arguments warrants much discussion.  Plaintiff contends that the Court's dismissal of his civil rights claims on collateral estoppel grounds was erroneous.  Pl.'s Mot. at 16-31.  The Court concluded that the issue of whether this Court lacked jurisdiction, pursuant to the Rooker-Feldman[5] doctrine, to review Plaintiff's criminal conviction in the District of Columbia Superior Court had been litigated and decided at least four different times.  Mem. Op. at 5-6.  Plaintiff asserts in response that neither collateral estoppel or the Rooker-Feldman doctrine apply in this case "because the claims were never actually litigated in the prior cases and the prerequisites for instituting Rooker-Feldman proceeding – i.e., the existence of a valid D.C. judgment – was never adjudicated in prior cases, nor in the present case before the court."  Pl.'s Mot. at 31.  Plaintiff's argument is quite simply without merit as evidenced by the prior decisions from this Court addressing this issue.  In any event, this is an argument that was presented to, considered by, and rejected by the Court, and thus it does not provide a sufficient basis to afford Plaintiff relief pursuant to Rule 59(e).  See, e.g., Leadership Conference on Civil Rights v. Gonzales, 421 F. Supp. 2d 104, 109 (D.D.C. 2006) (denying Rule 59(e) motion where

---

[5]See, e.g., Rooker v. Fidelity Trust Co., 263 U.S. 413, 315 (1923) and District of Columbia v. Feldman, 460 U.S. 462, 476 (1983).

movants "simply reassert[ed] their summary judgment arguments.").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration of the Court's July 11, 2007 Memorandum Opinion and Order should be denied.

Respectfully submitted,

　/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

　/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

　/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT COURT
SERVICES AND OFFENDER SUPERVISION
AGENCY

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Federal Defendant's Opposition to Plaintiff's Motion to Reconsider Dismissal was served via U.S. Mail, first class postage prepaid, addressed to:

T. Carlton Richardson
1505 Pennsylvania Avenue, SE
Washington, DC 20003

on this  8th   day of August, 2007.

                                                  /s/
                                     MICHELLE N. JOHNSON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T. CARLTON RICHARDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, et al., )<br>)<br>Defendants. )<br>)<br>) | Civil Action No.: 06-1665 (RJL) |

## [PROPOSED] ORDER

_____This matter having come before this Court on Plaintiff's Motion to Reconsider Dismissal, the federal defendant's opposition, and plaintiff's reply, if any, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider Dismissal is hereby **DENIED.**

**SO ORDERED on this** _____ **day of** _____, **2007.**

_____
UNITED STATES DISTRICT JUDGE