# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

---

T. CARLTON RICHARDSON,            )
                    Plaintiff.    )

vs.                               )    No. **06CV01665 [RJL]**

DISTRICT OF COLUMBIA, *et al.* )

                    Defendants.    )

## PLAINTIFF'S RESPONSE TO DEFENDANT DESILVA'S MOTION FOR CONTINUANCE

Defendant DeSilva's counsel (Dr. Oparil) filed a motion with the district court for a continuance[1] because of a previously scheduled court appearance a California bankruptcy court. While the motion does "demonstrate good cause" [*Case Management Order* ¶4 a. (11/15/06)], it does not substantially comply with ¶¶ b and c. However, while the plaintiff consents, there are additional reasons that the court should me made aware of:

1. That because the court is simultaneously considering the merits of the case and a sanctions motion by the defendant DeSilva (the original hearing on the latter was noticed *prior to* the court's entry of its order of dismissal on July 11, 2007), the court runs the risk of denying due process to plaintiff, the person sought to be sanctioned [*Healey v. Chelsea Resources, Ltd.*, F.2d 947:611 (2nd Cir., 1991)]. The Second Circuit explained in *Healey* that a "court that concludes, in deciding the merits, that a particular claim clearly lacked merit, will likely have *formed some view as to whether sanctions may be warranted*," "it is *highly disadvantageous to the plaintiff* for both sets of arguments to be pressed simultaneously with asking the court to believe his testimony," and "it [is] *unduly prejudicial* to require a plaintiff ..." to have to defend both at the same time [Id. 622-623].

---

[1] Plaintiff received a copy via email and not regular mail. In responding, plaintiff does *not waive* his right to service by regular mail as required by Civ. R. 5(b)(2)(D). Moreover, *emphasis* is supplied and citations are to the Federal Rules, unless otherwise stated and citations are to the Federal Rules.

RECEIVED
AUG 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

In these proceedings, the district court has before it plaintiff's motion to reconsider its dismissal. Thus, the court is considering both the defendant DeSilva's sanctions motion and its dismissal of the plaintiff's action simultaneously. Plaintiff, being between 'a rock and a hard place,' has elected not to respond to the sanctions motions until prior to a definitive hearing date in order to focus on the merits of his complaint and not the defendant DeSilva's sanctions motion that the claims in the complaint are not meritorious. Under settled due process principles, the plaintiff is entitled to an unbiased decision-maker.

It therefore seems appropriate that the **district court should stay any further proceedings on the sanctions motion until the court has completed it deliberations on the plaintiff's motion to reconsider** in order to avoid any 'appearance' that the court is prejudging the plaintiff's motion to reconsider in order to justify its consideration of DeSilva's sanctions motion (for in setting a hearing date, the court is clearly signaling the court is considering imposing a severe sanction either monetary in nature or restrictive of the civil rights of the plaintiff).

2. That the plaintiff has scheduled much needed leave from his ministerial duties and responsibilities from August 21 - September 9, 2007 and will be celebrating his 60th birthday with his children, other family members and friends from September 17-23, 2007. Therefore, plaintiff would be available mentally and physically during the following three periods:

    2.1 The second week of September (10-14);
    2.2 The fourth week of September (24-28); or
    2.3 Anytime during the month of October.

In summary, the district court is (1) advised of (a) plaintiff's consent to the continuance by defendant DeSilva, (b) plaintiff's suggestion that a stay would be a more appropriate remedy under the circumstances, and (2) is provided with three periods in which the plaintiff is available for the hearing as required by ¶4c, *Case Management Order, supra*.

Respectfully Submitted:

_____
**T. CARLTON RICHARDSON**, *Pro Se*

## ■ CERTIFICATE OF SERVICE ■

This certifies that a copy of the forgoing document was delivered by first-class U.S. Mail to:

| | |
|---|---|
| **D.C. ATTORNEY GENERAL**<br>**GEORGE E. RICKMAN, ESQ.**<br>441-4TH Street, NW, 6th Flr. So.<br>Washington, DC 20001 | **UNITED STATES ATTORNEY'S OFFICE**<br>**MICHELLE N. JOHNSON, ESQ.**<br>555 - 4th Street, NW, Rm. E-4212<br>Washington, DC 20530 |
| **TIMOTHY K. WEBSTER, ESQ.**<br>Sidley Austin, LLP<br>1501 "K" Street, NW, #800<br>Washington, DC 20005-1401 | **RICHARD J. OPARIL, ESQ.**<br>Patton Boggs LLP<br>2550 "M" Street, NW<br>Washington, DC 20037-1350 |

on this **14th** day of August 2007.

*HCRichardson*
T. CARLTON RICHARDSON
Plaintiff *Pro Se*
1505 Pennsylvania Avenue, SE
Washington, DC 20003-3117
202-546-3505

3