ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

RECEIVED
AUG 27 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

T. CARLTON RICHARDSON, )
      Plaintiff. )
vs. ) No. **06CV01665 [RJL]**
DISTRICT OF COLUMBIA, *et al.* )
      Defendants. )

| **MOTION TO RECONSIDER AND VACATE ORDER (08/13/08) IMPOSING MONETARY SANCTIONS** |
|---|

    Plaintiff moves the district court to reconsider and vacate its order imposing monetary sanctions on grounds that the order was rendered in violation of plaintiff's due process rights under F.R.Civ.P. (Civ. R.) 11 and the 5th Amd. U.S. Constitution [Civ. R. 59 and 60(b)(4)]. Specifically, the district court (1) lacks jurisdiction for the original motion for sanctions was not served upon the plaintiff as required by the 'safe harbor' provision of Rule 11(c)(1)(A), (2) has failed to comply with the due process requirements of the Due Process Clause (5th Amd., U.S.Const.) and Rule 11 itself when the district court imposed monetary sanctions without notice and opportunity to be heard being accorded the plaintiff, and (3) cannot award monetary sanctions to defendant DeSilva for attorney fees since she is appearing constructively *pro se*. Reconsideration and vacation of the monetary sanctions order is therefore compelled.

### 1. Lack of Jurisdiction Due to Nonservice of Sanctions Motion

    In these Rule 11 proceedings, sanctions are unavailable since the movant, defendant DeSilva, has not complied with the 21-day safe harbor provision, which is jurisdictional. There has been no service of the sanctions motion as required by Civ. R. 11(c)(1)(A) or the "safe harbor" requirement of Rule 11 and therefore the defendant DeSilva has failed to comply with the prerequisites for filing such a motion with the district court. Rule 11 provides, *inter alia:* "A motion for sanctions ... *shall be served* as provided by Rule 5, but shall not be filed with or presented to the court unless, within 21 days *after* service of the

1

motion ..., the challenged paper ... is not withdrawn or appropriately corrected." Civ. R. 5 governing service provides, *inter alia:* "Service under Rule 5(a) is made by ... [m]ailing a copy to the last known address of the person served ... [or d]elivering a copy by any other means, including electronic means, *consented to in writing by the person served*" [Civ. R. 5(b)(2)(B) and (D)].

Defendant DeSilva filed her motion [Doc. #26] with the district court on March 6, 2007, therefore service upon the plaintiff should have occurred at least 21 (twenty-one) days prior to that filing by U.S. mail or by "any other means" or on or before *February 13, 2007*. Defendant DeSilva did not serve the plaintiff her motion for sanctions by U.S. mail at all, but *attempted* service by "electronic means" or email on December 29, 2006. The sanctions motion was dated "January ____ 2007." Plaintiff did not and has not consented in writing or verbally to service by such means; therefore, the service of the sanctions motions does not comply with either the notice provisions of Civ. R. 11 or the 21-day 'safe harbor requirement' and is not properly before the district court.

### 2. Imposition of Monetary Sanctions Violated Due Process

Any party facing sanctions under Civ. R. 11 has interests qualifying for protection under the Due Process Clause of the 5th Amendment. Procedural due process requires notice and an opportunity to be heard *before* any governmental deprivation of a property interest [*Boddie v. Connecticut,* U.S. 401:371, *379,* S.Ct. 91:780, *786* (1971); *Mullane v. Central Hanover Trust Co.,* U.S. 339:306, *314,* S.Ct. 70:652, *657* (1950) ["An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."] In other words, "[d]ue process requires that the attorney (or party where applicable) have fair notice of the possible imposition of Rule 11 sanctions and of the reasons for their imposition" [*Donaldson v. Clark,* F.2d 819:1551, *1560* (11th Cir., 1987)]

"Providing due process will ensure that Rule 11 will not be applied arbitrarily, that erroneous application of the [R]ule will be minimized, and that creative legal arguments and vigorous advocacy will

2

not be stifled" [*Donaldson,* F.2d 819:*1558*].  The U.S. Supreme Court has laid down principles to guide courts in determining what process is due:

> [I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and fiscal and administrative burdens that the additional or substitute procedural requirement would entail [*Mathews v. Eldridge,* U.S. 424:319, *355,* S.Ct. 96:893, *903* (1976).

In Rule 11 cases, since there is no set rule governing all cases

> the standard is necessarily flexible to cover varying situations. The specific dictates of due process will be determined by the interaction of several factors. These factors include[,] but are not limited to: [1] the interests of attorneys and parties in having a specific sanction only when justified; the risk of an erroneous imposition of sanctions under the procedures used and the probable value of additional notice and hearing; and the interests of the court in efficiently monitoring the use of the judicial system and the fiscal and administrative burdens that additional procedural requirements would entail [*Donaldson*].

Furthermore, the "more serious the possible sanction both in absolute size and in relation to actual expenditures, the more process that will be due" [Id., 1561]. And, "[i]t may be that the monetary sanctions being considered in a specific case is so server in amount or so arguably unrelated to the misconduct that due process will require extensive due process safeguards as prerequisites to its imposition" [Id., 1559n.10]. Finally, "although Rule 11 does not mandate a separate evidentiary hearing, 'notice and an opportunity to be heard is required'..., there must be some reasonable opportunity to challenge the imposition of Rule 11 sanctions" [Id., 1164 citing *Oliveri v. Thompson,* F.2d 803:1265, *1280* (2nd Cir., 1986)].

In this case, the district court *sua sponte* imposed a monetary sanctions in the gross amount of $4,855 (Forty-Eight Hundred Dollars), consisting of a $1,500 (Fifteen Hundred Dollar) fine and the remainder, $3,355 (Thirty-Three Hundred Fifty-Five Dollars), for costs and attorney fees to "defendant DeSilva." Plaintiff received no notice as to what portion of Civ. R. 11(b) was violated since the district court cannot impose a monetary sanction for violating Civ. R. 11(b)(2), nor of the reasons why such a

hefty fine, attorney fees and costs were imposed and the basis upon which the district court determined the fine, attorney fees and costs.

Furthermore, Defendant DeSila never filed with the district court and served upon the plaintiff an affidavit indicating the fee arrangement DeSilva had with her counsel (a member of the same firm that DeSilva is an attorney in), how much DeSilva has paid (surely the court does not award fees in contingent fee cases where the parties has incurred no out of pocket expenses or is not expressly obligated to do so) and a statement of services with time incurred to perform the service and the costs incurred as allowed under the Federal Rules of Civil Procedure. Thus, plaintiff is at a complete loss as to how the district court obtained such an exact figure as $3,355 for costs and attorney fees, unless, of course, there was an improper *ex parte* communication between defendant DeSilva's counsel and the district court.

Moreover, there must be some rational relationship between the fine imposed and the ability of the plaintiff to pay, a determination that obviously has not been made by the district court. Under these circumstances no opportunity to be heard was given, although with the imposition of such a large fine, an evidentiary hearing is required not merely an opportunity to file legal papers, including an attendant right to discovery as to the basis and verity of the costs and attorney fees sought by defendant DeSilva and awarded by the court.

Finally, the district court has not complied with the notice requirements implicated in Civ. R. 11, [especially, subdivisions (c)(5) and(6)], and generally under the 5th Amendment that notice be "adequate" to inform the subject of the proposed property deprivation by the government acting in its judicial capacity here. Since neither adequate notice nor an opportunity to be heard was provided by the district court, rehearing is therefore compelled less the district court divests' itself of its jurisdiction by violating plaintiff's due process rights.[1]

---

[1] Federal jurisdiction, whether personal or subject matter, is predicated upon the fact that the federal court accord the litigants due process of law. Jurisdiction is automatically revoked were the federal court denies due process of law in its proceedings. In other words, Federal courts have no constitutional authority to adjudicate unless the courts provide due process of law to its litigants *at all stages* of the federal court proceedings [*Johnson v. Zerbst,* 304 U.S. 458, 468, 58 S.Ct. 1019, *1024-1025* (1938); see also,. *Wong Yan Sung v. McGrath* U.S. 339:33, *49*, S.C. 70:445, *454, mod. on other grds.,* U.S. 339:908,

4

### 3. Defendant DeSilva Appears Constructively *Pro Se* Barring Attorney Fee Award

Under Civ. R. 11(c)(1) "[a]bsent exceptional circumstances, a law firm must be held *jointly responsible* for a violation committed by its partner, associate, or employee." A clear statement that members of a law firm and a firm are considered one under the Rule for sanctioning purposes. Likewise, where a member of a firm hires her/his own firm to represent her/himself in litigation and seeks attorney fees for that representation, the firm member is barred under the judicial rule prohibiting *pro se* parties from receiving attorney fee reimbursement since no fees are actually incurred by the law firm member [*Committee v. Dennis Reimer Co.*, F.R.D. 150:495, *501* (D.C.Vt., 1993) (No fees actually incurred by *pro se* movant in Rule 11 sanctions proceedings) citing the rationale in *Kay v. Ehrler,* U.S. 499:432, S.Ct. 111:1435, *1426-1438* (1991)]

This is the case with defendant DeSilva, an attorney, who is being represented by a member of her own law firm, the venerable firm of Patton Boggs LLP. Members of law firms are in partnership or a principal-agent relationship, they are one. As such, defendant DeSilva's counsel of record, Dr. Oprail, Esq., is constructively and functionally equivalent to DeSilva herself. Thus, defendant DeSilva is appearing *pro se* and cannot be awarded an attorney's fee. However, expenses can be allowed if defendant DeSilva *actually* paid them out of pocket or is *expressly* obligated to reimburse the Patton Boggs firm for those costs. Rehearing is therefore required to permit proof of the fee arrangement between defendant DeSilva and Patton Boggs as to reimbursement for litigation expenses since an attorney fee award is barred, for DeSilva constructively appears *pro se*.

### 4. Conclusion

From the foregoing it is clear that reconsideration is mandated since the district court lacks jurisdiction to entertain the sanctions motions in the first instance and has not complied with the notice requirements expressed and implied in Civ. R. 11 when sanctions are contemplated, including 'safe

---

S.Ct. 70:564, (1950)]. For a "court's jurisdiction at the beginning of trial may be lost in the course of the proceedings due to failure to complete the court," which occurs if the requirements of due process are "not complied with, [and] the court no longer has jurisdiction to proceed" [*Johnson*]. Moreover, the judgment of "a court without jurisdiction is *void*" [Id.].

harbor' service requirements by the movant and notice requirements by the court. Moreover, failure to accord the plaintiff his due process rights guaranteed under Civ. R. 11 and the 5th Amendment, U.S. Const., voids these sanction proceedings since the district court lost jurisdiction upon denial of due process. Finally, defendant DeSilva, an attorney, is constructively appearing *pro se* via her law firm and cannot be awarded attorney fees, but expresses actually incurred are allowable. It is therefore proper for reconsideration and vacation of the district court's order imposing monetary sanctions.

### 5. Certificate of Service

This certifies that a copy of the forgoing motion was delivered by U.S. first-class mail to the following persons:

| | |
|---|---|
| **D.C. ATTORNEY GENERAL**<br>**GEORGE E. RICKMAN, ESQ.**<br>441-4TH Street, NW, 6th Flr. So.<br>Washington, DC 20001 | **UNITED STATES ATTORNEY'S OFFICE**<br>**MICHELLE N. JOHNSON, ESQ.**<br>555 - 4th Street, NW, Rm. E-4212<br>Washington, DC 20530 |
| **TIMOTHY K. WEBSTER, ESQ.**<br>Sidley Austin, LLP<br>1501 "K" Street, NW, #800<br>Washington, DC 20005-1401 | **RICHARD J. OPARIL, ESQ.**<br>Patton Boggs LLP<br>2550 "M" Street, NW<br>Washington, DC 20037-1350 |

on this 27th day of August, 2008.

*/s/ T. Carlton Richardson*
T. CARLTON RICHARDSON
Plaintiff *Pro Se*
1505 Pennsylvania Avenue, SE
Washington, DC 20003-3117
202/546-3505