UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T. CARLTON RICHARDSON,    )
                                       )
       Plaintiff,           )
                                       )
       v.                )  Civil Action No. 06-1665(RJL)
                                       )
DISTRICT OF COLUMBIA, *et al.*,  )
                                       )
       Defendants.      )

**DESILVA'S OPPOSITION TO RICHARDSON'S MOTION TO RECONSIDER
AND VACATE ORDER AWARDING MONETARY SANCTIONS**

In his latest frivolous motion (Dkt. No. 46), plaintiff, T. Carlton Richardson ("Richardson"), seemingly asks this Court to reconsider and vacate not only its August 13, 2008 Order setting forth the amount of monetary sanctions to be paid to the Court Clerk and defendant, Donna M. DeSilva ("DeSilva"), but the original sanctions Order as well.     The motion is based on mistakes, if not outright lies.  There are no grounds to grant reconsideration.

Richardson's motion improperly attempts to reargue the validity of the September 25, 2007 Order granting DeSilva's motion for sanctions against Richardson for violating Fed. R. Civ. P. 11.[1]  (Dkt. Nos. 26, 42).  Richardson appealed not only the Order dismissing this action (Dkt. No. 32), but also the sanctions Order.  *See* Amended Notice of Appeal ¶ 3 (Dkt. No. 43). The U.S. Court of Appeals for the District of Columbia summarily affirmed the dismissal of the case and the portion of the Order awarding monetary sanctions to the Court and DeSilva.[2]

---

[1]     Richardson's motion (p.3) argues that sanctions were imposed by the Court *sua sponte*. He is wrong.  The Court granted the Rule 11 motion filed by DeSilva on March 6, 2006.  (Dkt. No. 42).

[2]     The D.C. Circuit vacated the portion of this Court's September 25, 2007 Order that imposed a filing injunction.

*Richardson v. District of Columbia, et al.*, No. 07-7138 (D.C. Cir. Feb. 13, 2008). The appellate court expressly ruled that:

> [T]he district court's order entered September 25, 2007 is summarily affirmed to the extent it requires appellant to pay $1,500 to the Clerk of the district court and the costs relating to appellee Donna DeSilva's district court sanctions motion. Those portions of the sanctions order do not constitute an abuse of discretion. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990).

The Court of Appeals denied Richardson's petitions for rehearing, for rehearing *en banc* and for a writ of mandamus. (D.C. Circuit Order filed May 20, 2008). Thus, in view of the binding appellate ruling, Richardson cannot attack the validity of the September 25, 2007 sanctions Order. *See, e.g., Zamora-Mallari v. Mukasey*, 514 F.3d 679, 695 (7th Cir. 2008) ("The law of the case doctrine generally provides that 'once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case.'") (quoting *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991)); *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) ("It is axiomatic that in our judicial hierarchy, the decisions of the circuit courts of appeals bind the district courts just as decisions of the Supreme Court bind the circuit courts"); *Petties v. District of Columbia*, 227 F.3d 469, 472 (D.C. Cir. 2000) ("the prior panel's own decision dooms this appeal. Under this court's practice, a decision of the motions panel is the law of the case; a later panel considering the merits is bound by that law."); *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997) ("The government raised the Rule 54(b) issue in a motion for dismissal or summary affirmance before a motions panel of this court. The motion was denied, . . . and that decision is law of the case, preclusive for all matters

---

On August 19, 2008 (one day after the 90 day deadline to file a petition for a writ of certiorari), Richardson submitted to the U.S. Supreme Court a petition for a writ of mandamus challenging the Court of Appeals summary affirmance.

decided expressly or by necessary implication."); *Laffey v. Northwest Airlines, Inc.*, 642 F.2d 578, 585 (D.C. Circuit 1980) ("the District Court was entirely right in denying NWA's motion to modify the injunction since it had no power to reconsider issues laid to rest on an earlier appeal."); *R.G. Johnson Co., Inc. v. Barnhart*, 286 F. Supp. 2d 35, 37 (D.D.C. 2003) ("Under the mandate rule, a federal district court 'has no power or authority to deviate from the mandate issued by an appellate court.' The court is therefore obliged to follow the mandate set by the D.C. Circuit") (quoting *Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596-97 (D.C. Cir. 2001), quoting *Briggs v. Pennsylvania R.R. Co.*, 334 U.S. 304, 306 (1948)). Accordingly, under the mandate rule and law of the case, Richardson's motion for reconsideration should be denied.

Richardson also has no basis to seek reconsideration of the August 13, 2008 Order quantifying the amount to be awarded as sanctions. First, the $1,500 amount to be paid to the Court was expressly set forth in the September 25, 2007 Order, which was affirmed by the Court of Appeals. As discussed above, this Court may not simply disregard the decision of the Court of Appeals.

Second, that Order required Richardson to pay the costs attendant to DeSilva's motion for sanctions in an amount to be determined by the Court after submission of a declaration by DeSilva or her counsel. Richardson claims that no declaration as to amount of monetary sanctions sought was filed and served and thus there is no factual basis for awarding $3,355. (Motion at 4). Once again, Richardson is wrong. On November 8, 2007, the undersigned, acting as DeSilva's counsel, filed a declaration in support of the amount of attorneys' fees to be awarded to DeSilva against Richardson. (Dkt. No. 44). The declaration set forth the factual

basis for an award of sanctions in the amount of $3,355.[3]  (*Id*.).  Accordingly, the Court's August 13th Order was supported by the facts averred in that declaration.

Richardson further contends that he was not served with the declaration.  (Motion at 4). However, DeSilva filed a certificate of service with the declaration, stating that the declaration was served on Richardson by first class mail and email.  (Dkt. No. 44).  A certificate of service creates a presumption that the notice was actually served and received.  *See, e.g.*, Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing" when a paper is sent to the party's last known address); *Kanyi v. Gonzales*, 406 F.3d 1087, 1088-89 (8th Cir. 2005) (a certificate of service creates a "strong presumption" of actual service); *United States v. Laws*, 352 F. Supp. 2d 707, 714 (E.D. Va. 2004) (citations omitted) ("The validity of service is not affected by whether notice was actually received by the party. . . .  A valid certificate of service creates a presumption that the notice was actually mailed.").  The certificate of service filed with the declaration states that it was, *inter alia*, mailed to Richardson at 1505 Pennsylvania Avenue, SE, Washington, DC 20003, which is the same address used on his motion to reconsider filed with this Court and the August 19 petition for a writ of mandamus filed with the U.S. Supreme Court.  As a matter of law, the declaration is presumed valid and Richardson's motion contains no facts that could rebut the presumption.

Further, Richardson had every opportunity to challenge the $3,355 sought by DeSilva as a monetary sanction, but failed to do so.  The Court awarded that amount approximately nine months after the declaration was filed and served and approximately two months after the Court of Appeals' mandate issued.  (Dkt. No. 45).  Richardson's motion for reconsideration of the fair and reasonable sanctions award should be denied.

---

[3]    Richardson's bald suggestion that there must have been an improper *ex parte* contact (Motion at 4) is an insult to both the Court and counsel.

Richardson also argues that DeSilva cannot be awarded sanctions because she is somehow affiliated with the law firm of the undersigned, Patton Boggs LLP, and is "constructively *pro se*." (Motion at 5). Richardson is mistaken yet again. DeSilva is not – and has never been – a partner, associate, counsel, agent, representative, contractor or employee of Patton Boggs. As such, Richardson's argument is without merit.

For all the foregoing reasons, Richardson's motion to reconsider or vacate the August 13, 2008 Order should be denied. Richardson's motion establishes that he is aware of that Order. A motion for reconsideration does not stay its enforcement. *See, e.g.*, Fed. R. Civ. P. 62(a); *Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 804 F.2d 773, 777 (1st Cir. 1986). Therefore, Richardson has until September 12, 2008 to comply with the clear and unambiguous Order by paying $1,500 to the Court Clerk and $3,355 to DeSilva.

Dated: August 29, 2008                     Respectfully submitted,

                                           /s/ Richard J. Oparil
                                           Richard J. Oparil
                                           District of Columbia Bar No. 409723
                                           2550 M Street, NW
                                           Washington, DC 20037
                                           (202) 457-6000
                                           (202) 457-6315 (fax)

                                           Attorney for Defendant
                                           Donna M. DeSilva

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2008, he caused true and correct copies of the foregoing and accompanying documents to be served by email, first class mail, or by the Court's electronic filing system, at the following addresses:

T. Carlton Richardson
1505 Pennsylvania Avenue, SE
Washington, DC  20003
RichardsonTC47@aol.com

Timothy K. Webster, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC  20005
twebster@sidley.com

George E. Rickman, Esq.
Office of the Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
george.rickman@dc.gov

Michelle Nicole Johnson, Esq.
United States Attorney's Office
for the District of Columbia
555 Fourth Street, NW, Room E-4212
Washington, DC 20530
michelle.johnson@usdoj.gov

/s/ Richard J. Oparil
Richard J. Oparil