# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

RECEIVED
SEP - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORIGINAL

T. CARLTON RICHARDSON,       )
          Plaintiff.       )
vs.                           )   No. **06CV01665 [RJL]**
DISTRICT OF COLUMBIA, *et al.*)
          Defendants.      )

## REPLY TO OPPOSITION BY DESILVA RE MOTION TO RECONSIDER

Plaintiff Richardson's motion to reconsider posits that

> (1) the district court lacks jurisdiction in failing to accord the plaintiff his due process rights and due to an improper service of the sanctions motion by defendant DeSilva;
> (2) the district court denied due process in entering the supplemental sanctions order for costs since there was no notice as required by Civil R. 11 for entry of monetary sanctions nor a opportunity to be heard; and
> (3) the costs and attorneys fees were not the obligation of defendant DeSilva there being no fee arrangement between she and her able counsel and the amount awarded was excessive under the normal standards for assessing attorney fees.

It is well settled that jurisdiction is always open to challenge until proved valid;[1] and that a district court losses jurisdiction if it denies due process to a litigant.[2]

---

[1] An illegal order is forever void. Under controlling U.S. Supreme Court decisions, orders rendered without jurisdiction, or that violated constitutional due process, are void orders, and remain void, and continue to be void even when affirmed by appellate court decisions [*Jordon v. Gilligan*, F.2d 500:701, *710* (6th Cir. 1974)("a void judgment is no judgment at all and is without legal effect."); *Lubben v. Selective Service System Local Bd. No. 27*, F.2d 453:645 (1st Cir. 1972) ("a court must vacate any judgment entered in *excess of its jurisdiction*."); *U.S. v. Holtzman*, F.2d 762:720 (9th Cir. 1985)]. Moreover, an order that exceeds the jurisdiction of the court, is void, or voidable, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue [cf. *Rose v. Himely*, Cranch 2:441, L.Ed 2:608 (1808); *Pennoyer v. Neff*, U.S.

Defendant DeSilva, through her most able counsel, argues in opposition that plaintiff's jurisdictional challenges are precluded by the D.C. Circuit Court's partial affirmance although rendered *sub silentio* as to any jurisdictional issues because "under the mandate rule and law of the case *** [the district c]ourt may not simply disregard the decision of the Court of Appeals." And once again, defendant DeSilva through her most able counsel seeks a determination of the underlying facts, including by not limited to

- Whether there was proper service of the original sanctions motions under Rule 11?
- Whether plaintiff received the prerequisite notice regarding the district court's intention to impose *monetary* sanctions?
- Whether the declaration regarding costs and attorney fees was delivered and/or received by the plaintiff? [I.e. is the plaintiff or defendant DeSila's able counsel "outright li(ars)", or both 'outright liars', or is neither an 'outright liar'?][3]
- Whether defendant DeSilva is obligated to pay by a fee arrangement or has paid any costs or attorney fees to her able counsel?
- Whether the attorney fees were reasonable under the customary standards for assessing attorney fees, e.g. time involved, customary

---

957:14 L.Ed 24:565 (1877); *Thompson v. Whitman*, Wall 18:457, L.Ed. 21:897(1873); *Windsor v. McVeigh*, U.S. 93:274, L.Ed 23:914 (1876); *McDonald v. Mabee*, U.S. 243:90, S.Ct. 37:343 (1917)].

[2] *Johnson v. Zerbert*, U.S. 304:458, 468, S.Ct. 58:1019, *1024-1025* (1938); See also, *Wong Yan Sung v. McGrath*, U.S. 339:33, 49, S.Ct. 70:445, *454 mod. on other grds*, U.S. 339:908, S.Ct. 70:564 (1950)]

[3] Assuming *arguendo* that defendant DeSilva's able counsel did post the declaration to the plaintiff therefore there is a *presumption* of receipt. If the plaintiff states unequivocally that he did not receive the declaration in the mail, can the district court believing DeSilva's counsel deny Richardson a right to respond being put on notice that no declaration was received. It is contended that the district court cannot without violating Richardson's due process rights {cf. *Mullane v. Central Hanover Bank &Trust Co.*, US 339:306, S.Ct. 70:652 (1950); *Hovey v. Elliott*, U.S. 167:409, S.Ct. 17:841 (1897) ['the *Hovey* doctrine' sets forth the general proposition that *due process is violated where a court punishes a party by denying the party all right to defend* an action and by rendering a decree against such party *without any hearing on the merits.* The doctrine was applied in *Duell v. Duell* F.2d 178:683, App. D.C. 85:78 (1949) and *Deauville Assoc. Inc. v. Eristavi-Tchitcherine*, F.2d 173:745 (5th Cir., 1949) prohibiting a court from striking the responsive pleading of a respondent as punishment for noncompliance with a court's order *without an express finding of 'bad faith' or 'interference with the administration of justice.'*]}

>fees for such services, fee arrangement between the attorney and client, etc.?

by the district court under improper judicial notice procedures [cf. Evid. R. 201(c); *Garner v. Louisiana*, U.S. 368:157, S.Ct. 82:248 (1961)].

Furthermore, defendant DeSilva's able counsel has the audacity to suggest that the declaration "set[s] forth the basis for an award of sanctions...." It is common knowledge that those who tell the truth and those who lie *mouths are cut in the same direction*, although their gender, socio-economic status, or race/ethnicity may be different. And, of course, consideration of the truth or falsity would be discriminatory, a denial of due process, if such factors are considered by the district court, for the court is to be "blind" when searching for the "truth".

Finally, what pomposity in defendant DeSilva through her able counsel to state uncategorically that a "motion for reconsideration does not stay its enforcement ...[t]herefore, Richardson has until September 12, 2008 to comply with the ... Order..." imposing monetary sanctions even though Richardson has appeal rights and there's been no determination that Richardson has an ability to pay. Since the enactment of the 14th Amd., U.S. Const. in the mid-1800s, Richardson (an Africanic person *proudly* descendant of slaves) and his forebears have had rights as citizens of these United States to due process of law. Surely, the district court is committed to enforcing the due process rights under the Constitution that the court is created, obtains its powers of adjudication, and is sworn to uphold.

Therefore, it is respectfully requested that the district court [1] vacate and reconsider its monetary sanctions order of August 13, 2008, or in the alternative, [2] stay these proceedings pending the determination by the U.S. Supreme Court of plaintiff writ of mandamus of which the district court is a respondent; and for such further relief as the district court deems necessary and proper.

## Certificate of Service

This certifies that a copy of the forgoing motion was delivered by U.S. first-class mail to the following persons:

| D.C. ATTORNEY GENERAL<br>GEORGE E. RICKMAN, ESQ.<br>441-4TH Street, NW, 6th Flr. So.<br>Washington, DC 20001 | UNITED STATES ATTORNEY'S OFFICE<br>MICHELLE N. JOHNSON, ESQ.<br>555 - 4th Street, NW, Rm. E-4212<br>Washington, DC 20530 |
|---|---|
| TIMOTHY K. WEBSTER, ESQ.<br>Sidley Austin, LLP<br>1501 "K" Street, NW, #800<br>Washington, DC 20005-1401 | RICHARD J. OPARIL, ESQ.<br>Patton Boggs LLP<br>2550 "M" Street, NW<br>Washington, DC 20037-1350 |

on this 4th day of September, 2008.

*[signature]*
T. CARLTON RICHARDSON
Plaintiff *Pro Se*
1505 Pennsylvania Avenue, SE
Washington, DC 20003-3117
202/546-3505